UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOHUB, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RECOLOGY INC., et al.,<br><br>    Defendants. | Case No. 22-cv-09181-TSH<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 31, 32 |

## I.   INTRODUCTION

Pending before the Court are Defendant Recology Inc.'s ("Recology") Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF No. 32) and Defendant Nortech Waste LLC's ("Nortech") Motion to Dismiss pursuant to Rule 12(b)(6) (ECF No. 31). EcoHub, LLC ("EcoHub") filed separate Oppositions. ECF Nos. 33, 34. Recology and Nortech filed separate Replies. ECF Nos. 35, 36. For the reasons stated below, the Court **GRANTS** the motions.[1]

## II.   BACKGROUND

**A.   Factual Background**

Plaintiff EcoHub is a limited liability company based in Texas. ECF No. 30 ¶ 10. Recology is a corporation and Nortech is a limited liability company, both based in California. *Id.* ¶¶ 11-12. Recology is a 33% owner of Nortech and held one of three Nortech Board of Directors' ("Board") seats. *Id.* ¶ 22. Recology developed the waste collection and processing system, including 3 bins and 3 routes, which is present in nearly all California counties. *Id.* ¶ 2. EcoHub

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 12, 14, 15.

developed a model for waste collection which includes only 1 bin and 1 route. *Id.* ¶ 3.

Nortech had a contract with Western Placer Waste Management Authority ("WPWMA") to manage and operate WPWMA's facility in Roseville, California. *Id.* ¶ 4. On April 28, 2020, EcoHub sent Nortech a proposal to be jointly presented to WPWMA regarding extension of Nortech's WPWMA contract. *Id.* ¶ 18(a). Nortech and EcoHub made edits to the proposal, and on May 5, 2020 Nortech's Board voted to proceed with EcoHub to jointly pitch the WPWMA to grant Nortech a 20-year contract extension. *Id.*

In the event WPWMA extended Nortech's contract, Nortech would have received $10 per ton of municipal solid waste or recycled paper and cardboard processed at the Roseville facility, plus cost-of-living increases. *Id.* ¶ 19. EcoHub would have received all remaining profits from the operation of the facility. *Id.*

On June 5, 2020, Nortech's Board voted to approve a modified proposal jointly prepared by Nortech and EcoHub, and Nortech provided the proposal to WPWMA. *Id.* ¶ 18(b). Nortech and Recology edited out important portions of the June 5, 2020 submission to WPWMA. *Id.* ¶ 25(c). EcoHub delivered a presentation to WPWMA on August 12, 2020, detailing EcoHub's technology and its proposed inclusion in the plans for Nortech and EcoHub to partner in operating the Roseville facility. *Id.* ¶ 18(c). On August 25, 2020, Nortech sent WPWMA a package of materials drafted and edited by EcoHub and Nortech. *Id.* ¶ 18(d). Nortech's Board approved another modification to the proposal on September 1, 2020, and Nortech sent an updated joint proposal to WPWMA. *Id.* ¶ 18(e).

Throughout the process of working on the contract extension and RFP response, Nortech failed to provide EcoHub with information relevant to joint efforts to contract with WPWMA. *Id.* ¶ 25(a). Nortech and Recology repeatedly refused EcoHub's requests to present EcoHub materials to WPWMA. *See id.* ¶ 25(b), (h), (j), (k). Further, Nortech refused numerous requests to arrange follow-up meetings with WPWMA members. *Id.* ¶ 25(e).

On September 17, 2020, WPWMA's Board of Directors met and Nortech delivered an additional presentation regarding the contract extension, identifying the proposal as including a "partnership with EcoHub." *Id.* ¶ 18(f). WPWMA voted to proceed with a Request for Proposal

1  ("RFP") process, rather than continuing discussions with Nortech about a contract extension. *Id.* ¶
2  18(g).
3        On October 20, 2020, the Nortech Board voted to continue working with EcoHub. *Id.*
4  Nortech and EcoHub continued working together to prepare a response to the RFP, including
5  phone conversations, exchanging written materials, and internal checklists regarding respective
6  responsibilities of the two parties. *Id.*
7        On November 10, 2020, an attorney for Nortech demanded that, within three days, EcoHub
8  produce a financing commitment letter showing it was able to secure at least $350 million to fund
9  the contemplated EcoHub facility in Roseville. *Id.* ¶ 29. This demand ran counter to prior
10  discussions between Nortech and EcoHub, where it was understood that EcoHub would be
11  permitted up to 12 months to secure financing. *Id.* Further, the RFP issued by the WPWMA did
12  not require anything approaching the financing commitment letter Nortech was demanding. *Id.*
13  Nortech's attorney emailed EcoHub on November 17, 2020, purporting to terminate discussions
14  between Nortech and EcoHub concerning efforts to jointly respond to the RFP. *Id.* EcoHub and
15  Nortech continued to have discussions about resuming their joint work into January 2021. *Id.*
16        On January 11, 2021, Nortech submitted its own competing response to WPWMA. *Id.* ¶
17  30. WPWMA eventually awarded the relevant contract to another party, not EcoHub or Nortech.
18  *Id.* ¶ 32.

19  **B.    Procedural Background**

20        On December 30, 2022, Plaintiff filed the instant action against Recology, Nortech, and
21  Does 1-10. ECF No. 1. On February 16, 2023, Plaintiff filed a First Amended Complaint
22  ("FAC"). ECF No. 21. On March 2, 2023, Nortech and Recology separately filed motions to
23  dismiss the FAC. ECF Nos. 24, 27. On March 21, 2023, this Court ordered the motions to
24  dismiss terminated as moot. ECF No. 29. On March 23, 2023, Plaintiff filed a Second Amended
25  Complaint ("SAC") alleging the following causes of action: 1) Breach of Fiduciary Duties (against
26  Nortech and Recology); 2) Aiding and Abetting Breach of Fiduciary Duties (against Recology and
27  Doe Defendants); 3) Intentional Interference with Prospective Economic Advantage (against all
28  Defendants); and 4) Negligent Interference with Prospective Economic Advantage (against all

1    Defendants). ECF No. 30.

2          On April 24, 2023, Nortex filed a Motion to Dismiss the SAC pursuant to Rule 12(b)(6).
3    ECF No. 31. On May 8, 2023, EcoHub filed an Opposition. ECF No. 33. On May 15, 2023,
4    Nortex filed a Reply. ECF No. 35.

5          On April 24, 2023, Recology filed a Motion to Dismiss the SAC pursuant to Rule 12(b)(6).
6    ECF No. 32. On May 8, 2023, EcoHub filed an Opposition. ECF No. 34. On May 15, 2023,
7    Recology filed a Reply. ECF No. 36.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

United States District Court
Northern District of California

banc) (citations and quotations omitted).  However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

**A.   Requests for Judicial Notice or Incorporation by Reference**

**1.   Nortech's Request for Judicial Notice or Incorporation by Reference**

Nortech requests that the Court take judicial notice of or incorporate by reference the following: 1) the fact that Western Placer Waste Management Authority ("WPWMA") is a public entity; 2) WPWMA's February 10, 2021 letter and the undisputed facts contained therein; 3) EcoHub's Confidentiality Agreement; 4) Nortech's Non-Disclosure Agreement; and 5) the Draft Waste Supply and Operating Agreement.  ECF No. 31-2 at 3-6.

Normally, when adjudicating a motion to dismiss brought pursuant to Rule 12(b)(6), the Court's consideration of extra-pleading materials is limited and matters outside of the pleading cannot be considered without converting the motion into a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b)(6); 12(d).  There are two exceptions, however, the incorporation-by-reference doctrine and judicial notice under Federal Rule of Evidence ("Rule of Evidence") 201.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Under Rule of Evidence 201, the Court may take judicial notice of matters that are (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Under the doctrine of incorporation-by-reference, the Court may consider a document not attached to the complaint provided the complaint "necessarily relies" on the document or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be

5

1  incorporated by reference into a complaint if the plaintiff refers extensively to the document or the
2  document forms the basis of the plaintiff's claim."). "The defendant may offer such a document,
3  and the district court may treat such a document as part of the complaint, and thus may assume
4  that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342
5  F.3d at 908.

6        The Court agrees that it may take judicial notice that WPWMA is a public agency under
7  Rule of Evidence 201, as EcoHub does not contest the fact and it is readily determinable.
8  Accordingly, the Court **GRANTS** Nortech's Request for Judicial Notice of the fact that WPWMA
9  is a public agency.

10       The Court also deems it appropriate to take judicial notice of the February 10, 2021
11 WPWMA letter as it was produced by a government agency and Plaintiff does not dispute its
12 authenticity. *See e.g., Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1171 (N.D. Cal. 2021)
13 (taking judicial notice of a letter sent by a California state agency). The Court may not, and does
14 not, take judicial notice of every fact asserted in the letter, but does take judicial notice that
15 EcoHub submitted an RFP response on January 11, 2021, and that WPWMA rejected the response
16 on February 10, 2021. *See* ECF No. 31-2 at 8. EcoHub does not dispute WPWMA's request to
17 take judicial notice of these facts and the Court finds that they "can be accurately and readily
18 determined" from the letter. *See Khoja*, 899 F.3d at 999 (discussing taking judicial notice of facts
19 pertaining to a transcript). The Court otherwise does not take judicial notice of the information
20 contained in the letter. Accordingly, the Court **GRANTS** Nortech's Request for Judicial Notice of
21 the February 10, 2021 WPWMA letter, but only of the specified facts.

22       Nortech also requests that the Court incorporate by reference the confidentiality
23 agreements for EcoHub and Nortech. ECF No. 31-2 at 4-5. EcoHub argues that the documents do
24 not form the basis of its claims nor are they referred to in the SAC. ECF No. 33 at 8-9. The Court
25 agrees with EcoHub that the confidentiality agreements are not properly the subject of the
26 incorporation-by-reference doctrine. For one, they are not referred to extensively in the SAC.
27 While the SAC does state the parties "agreed to" or had "agreements" it is not clear, as discussed
28 below, if those are references to formal writings, conversations, or otherwise, let alone if they are

1   references to these confidentiality agreements.  *See* ECF No. 30 ¶¶ 20, 29.  While the SAC refers

2   to sharing confidential information, it also alleges sharing technical, financial, and business

3   information and it is again unclear that EcoHub is alleging breach of a confidentiality agreement.

4       Nor can it be said that the SAC necessarily relies upon the agreements or that they form the

5   basis of EcoHub's claims.  The SAC's allegations related to partnership or joint venture do not

6   stem from a fiduciary duty arising from the confidentiality agreements.  As such, it cannot be said

7   that the SAC "necessarily relies" upon the agreements to plead the existence of a breach of

8   fiduciary duty.  *See Almaznai v. S-L Distribution Co., LLC*, No. 20-CV-08487-JST, 2021 WL

9   4457025, at *4 (N.D. Cal. June 21, 2021) (declining to take judicial notice of an agreement

10  between the plaintiff and defendant because plaintiff's claims arose out of California statutes,

11  plaintiff would be able to assert them regardless of the existence of the agreement, and the

12  agreement served as a defense to plaintiff's allegations).  *Cf. GENFIT S. A. v. CymaBay*

13  *Therapeutics Inc.*, No. 21-CV-00395-MMC, 2022 WL 195650, at *7 (N.D. Cal. Jan. 21, 2022)

14  (analyzing contents of a confidentiality agreement where the plaintiff argued the agreement itself

15  created the fiduciary duty).

16      Further, the Court does not consider this circumstance to be one of "those rare instances

17  when assessing the sufficiency of a claim requires that the document at issue be reviewed, even at

18  the pleading stage."  *Khoja*, 899 F.3d at 1002 (citing *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir.

19  2005)).  The Court does not find the language in the agreement cited by Nortech to be dispositive

20  of whether the parties had a partnership or joint venture.  *See Apr. Enterprises, Inc. v. KTTV*, 147

21  Cal. App. 3d 805, 820 (Cal. Ct. App. 1983) ("Respondents' next argument, that the contract's

22  labelling of appellant as an independent contractor forecloses a finding of joint venture, fails since

23  the conduct of the parties may create a joint venture despite an express declaration to the

24  contrary.").  The agreements are most certainly relevant to resolution of the claims, and EcoHub

25  will undoubtedly have to address them if it hopes to ultimately succeed.  However, that does not

26  on its own render them appropriate for incorporation by reference.  *See Khoja*, 899 F.3d at 1002.

27  ("[I]f the document [to be incorporated] merely creates a defense to the well-pled allegations in

28  the complaint, then [the court may not incorporate it because] that document did not necessarily

form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims."). Accordingly, the Court **DENIES** Nortech's Request for Judicial Notice of or to Incorporate by Reference EcoHub's Confidentiality Agreement and Nortech's Non-Disclosure Agreement.

Nortech also requests that the Court incorporate by reference a Draft Waste Supply and Operating Agreement allegedly sent by EcoHub to Nortech. *See* ECF No. 31-2 at 5-6; Decl. of Paul Szura Ex. 3. Nortech's Request for Judicial Notice states that EcoHub provided the document on April 28, 2020 (ECF No. 31-2 at 5-6), but EcoHub contests that the proposal EcoHub sent to Nortech on April 28, 2020 included the document. *See* Decl. of George Gitschel ¶ 2. Nortech responds that the document was actually sent on May 1, 2020, as attested to in the declaration of Nortech's Vice President, and is incorporated by reference because it was sent in advance of the May 5, 2020 meeting referred to in the SAC. ECF No. 35 at 8, n.6; Decl. of Paul Szura ¶ 4. The SAC does refer to a proposal sent by EcoHub to Nortech on April 28, 2020, as well as edits and revisions to the proposal prior to presenting it to the Board on May 5, 2020. *See* ECF No. 30 ¶ 18(a). And the document does refer to the $40 per ton offer alleged in the SAC. *See id.* ¶ 25(h). However, on whole, the Court does not find such references "extensive" to incorporate the document as part of the SAC. *See Khoja*, 899 F.3d at 1003 (noting under the doctrine it is not enough to simply "refer" to the document). Notably, it is unclear whether the document was actually part of the proposal to the Board that led them to vote in favor of working with EcoHub, and thus it is unclear what role the document plays in relation to EcoHub's claims. *See* ECF No. 30 ¶ 18(a). Accordingly, the Court **DENIES** Nortech's Request for Judicial Notice of or to Incorporate by Reference the Draft Waste Supply and Operating Agreement.

**2.  EcoHub's Request for Incorporation by Reference**

EcoHub requests the Court incorporate by reference a June 5, 2020 proposal letter from Nortech, on behalf of itself and EcoHub, to the WPWMA, and a September 17, 2020 presentation made by Nortech, on behalf of itself and EcoHub, to the WPWMA. *See* ECF No. 33 at 3, n.2; ECF No. 33-1.

The SAC does refer to the September 17, 2020 presentation, and specifically quotes from

the presentation. ECF No. 30 ¶ 18(f). The SAC also refers to a June 5, 2020 proposal to WPWMA. *Id.* ¶ 18(b). The Court determines that the SAC does appear to rely upon these proposals in pleading that Nortech and EcoHub were in a partnership or joint venture. Further, perhaps contrary to EcoHub's intention, incorporating the June 5, 2020 proposal is supported by the doctrine's rationale, which "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. While EcoHub highlights that the June 5, 2020 proposal states that Nortech is "partnering" with and is a "partner" to EcoHub, the document also states that EcoHub is a distinct and separate company with whom Nortech "is working and contracting independently." *See* Ex. 1 at 3.

Accordingly, the Court **GRANTS** EcoHub's request to incorporate by reference the June 5, 2020 proposal letter and September 17, 2020 presentation.

**B.      Breach of Fiduciary Duty**

    **1.      Claim Against Nortech**

Nortech argues that EcoHub fails to sufficiently allege breach of a fiduciary duty because it fails to allege the elements constituting a partnership or joint venture giving rise to a fiduciary duty. ECF No. 31 at 9-12. Nortech argues that the SAC does not allege the elements of sharing of profits and losses, or joint control, to adequately plead a joint venture or partnership.[2] ECF No. 31 at 9-12. EcoHub argues that it has pled sufficient facts to infer partnership, including joint preparation of presentations and proposals and approval by Nortech's Board. ECF No. 33 at 2-3.

"The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995). EcoHub's breach of fiduciary duty claim hinges on its allegations that it formed a partnership or joint venture with Nortech, and thus the parties owed each other fiduciary duties stemming from that partnership. ECF No. 30 ¶

---

[2] Nortech also argues that EcoHub cannot maintain an action for breach of fiduciary duty because the confidentiality agreements preclude such a claim. ECF No. 31 at 7-9. Because the Court declines to incorporate by reference those agreements, the Court does not further address Nortech's argument.

9

21. *See Cleveland v. Johnson*, 209 Cal. App. 4th 1315, 1339 (2012) ("[E]xamples of relationships that impose a fiduciary obligation to act on behalf of and for the benefit of another are a joint venture, a partnership, or an agency.") (quotation omitted).

Under California law, "the association of two or more persons to carry on as coowners a business for profit forms a partnership, whether or not the persons intend to form a partnership." Cal. Corp. Code § 16202(a). An agreement to form a partnership can be "written, oral, or implied." Cal. Corp. Code § 16101(10). "A joint venture differs little from a partnership." *Interserve, Inc. v. Fusion Garage PTE. LTD*., No. C 09-5812 RS PVT, 2010 WL 3339520, at *4 (N.D. Cal. Aug. 24, 2010). "[T]he courts freely apply partnership law to joint ventures when appropriate." *Weiner v. Fleischman*, 54 Cal. 3d 476, 482 (1991) ("From a legal standpoint, both relationships are virtually the same."). "To establish a joint venture under California law, Plaintiffs must show 'an agreement between the parties under which they have a community of interest, that is, a joint interest, in a common business undertaking, an understanding as to the sharing of profits and losses, and a right of joint control.'" *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1173 (9th Cir. 2022), *cert. denied sub nom. Ratha v. Phatthana Seafood Co.*, 214 L. Ed. 2d 280 (Dec. 5, 2022) (quoting *Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal. 2d 850 (1968)). "The presence or absence of any of the various elements set forth [in the prior statute governing partnerships], . . . is not necessarily dispositive . . . [T]he crucial factor [is] the intent of the parties revealed in the terms of their agreement, *conduct, and the surrounding circumstances* when determining whether a partnership exists." *Interserve, Inc.*, 2010 WL 3339520, at *5, n.3 (quoting *Holmes v. Lerner*, 74 Cal. App. 4th 442, 454 (1999), *as modified* (Sept. 7, 1999)) (emphasis in original).

Nortech argues first that EcoHub's allegations are insufficient because they do not claim that the parties were to share in the profits or losses that the other might realize or suffer. ECF No. 31 at 10. EcoHub argues that Nortech shared profits because it would earn $10 per ton of waste collected and these earnings were tied to the success of the venture. ECF No. 33 at 5-6. "Where one party stands to gain whether or not the venture is profitable, for example through payment of a flat fee, no joint venture is created." *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F.

Supp. 3d 994, 1009 (N.D. Cal. 2018), *aff'd*, 815 F. App'x 117 (9th Cir. 2020) (citations omitted). While EcoHub argues that Nortech's fee of $10 per ton of waste is tied to the success of the enterprise because the more waste collected the higher Nortech's earnings, a flat rate untethered to the profits of the venture does not support a joint venture. *See McKay v. Hageseth*, No. C-06-1377 MMC, 2007 WL 2669934, at *5 (N.D. Cal. Sept. 7, 2007) ("[A]lthough JRB paid the Gruich defendants a fixed amount for each prescription filled, . . . payments of such nature do not constitute the sharing of profits."); *Fuls v. Shastina Properties, Inc.*, 448 F. Supp. 983, 990 (N.D. Cal. 1978) ("The compensation received by DMI was fixed. Although the amount it received in the form of lot release fees did depend upon the number of lots sold in the development, the Court does not find this to be a sharing in the profits of the development."); *Connor*, 69 Cal. 2d at 863 ("Although the profits of each were dependent on the overall success of the development, neither was to share in the profits or the losses that the other might realize or suffer.").

That EcoHub has not pled profit-sharing does not necessarily defeat its claim. *See Holmes*, 74 Cal. App. 4th at 454 (noting that California legislature's removal of profit sharing from the statutory definition of partnership indicates an intention for "profit sharing to be evidence of a partnership, rather than a required element of the definition of a partnership."). However, looking beyond the profit sharing to the surrounding circumstances and conduct alleged, the Court does not find facts sufficient to plausibly infer that the parties intended a joint venture or partnership. EcoHub's allegations that some of Nortech's presentation materials refer to EcoHub as a "partner" do not provide much basis to infer a legal partnership, particularly where elsewhere in the materials Nortech states that the parties are contracting independently. *See Azco Biotech, Inc. v. Qiagen, N.V.*, No. 12-CV-2599-BEN (DHB), 2015 WL 12516024, at *7 (S.D. Cal. July 2, 2015) (finding the fact that defendant referred to relationship with plaintiff as "partnership" did not support such a conclusion where there was "no indication that the term 'partnership' was used in its legal sense."); *GENFIT S. A.*, 2022 WL 195650, at *7 (considering relevant that agreement referred to party as "independent contractor" in finding agreement did not create fiduciary duty).

Most notably, the allegations do not suggest that EcoHub had a right to joint control or management of the venture. "To participate to some extent in the management of a business is a

11

primary element in partnership organization, and it is virtually essential to a determination that such a relationship existed." *Fredianelli v. Jenkins*, 931 F. Supp. 2d 1001, 1020 (N.D. Cal. 2013) (quoting *Dickenson v. Samples,* 104 Cal. App. 2d 311, 315 (1951)). EcoHub alleges that the partnership or joint venture was formed to pursue a long-term contract with WPWMA, first through extension of Nortech's contract and then through a joint response to the RFP. *See* ECF No. 30 ¶ 18. However, most of the factual allegations related to pursuit of the contract indicate that Nortech was the one who exercised control over the management and pursuit of such a venture. *See, e.g.*, *id.* ¶ 25(b) ("Nortech and Recology repeatedly refused EcoHub's requests that they present EcoHub's . . . proposals to the WPWMA"); 25(c) ("Nortech and Recology edited out substantial and important portions of the proposal that EcoHub had drafted,"); 25(e) ("Nortech and Recology also refused numerous requests from EcoHub to arrange follow up meetings . . . with WPWMA Board Members for EcoHub itself"); 25(g) ("Nortech and Recology edited down the final version of the responses [to WPWMA] in a manner that oversimplified the responses and made certain responses inaccurate"); 25(h) ("Nortech and Recology refused, repeatedly . . . , to present [EcoHub's] proposals and the supporting presentation slide created by EcoHub to the WPWMA"). EcoHub alleges that it delivered a presentation on behalf of the enterprise, but it also alleges that it received approval from Nortech to do so. *Id.* ¶ 18(c). While EcoHub pleads these facts as breach of a fiduciary duty, such allegations assume the existence of such a duty. The allegations related to EcoHub's participation in the planning and proposal process indicate input, but not a right to control or manage the process. *See Bank of California v. Connolly*, 36 Cal. App. 3d 350, 365 (Cal. Ct. App. 1973) ("[T]he court could have reasonably inferred that the two were invited to participate in those discussions, not because they had a voice in management decisions concerning the properties, but because they were expected to provide their skills and services in promoting the sale of the properties.").

The SAC does allege that the parties agreed to jointly control the creation, editing and presentation of proposals to the WPWMA, and to jointly control all aspects of the WPWMA facility in Roseville. ECF No. 30 ¶ 20. While such an agreement would be sufficient to plead joint control and thus likely a joint venture or partnership, as pled the allegations are vague and

12

borderline conclusory. It is unclear if the parties had an explicit oral agreement, or if EcoHub is alleging that the agreement was understood based on other conduct or circumstances. *Cf. Second Measure, Inc. v. Kim*, 143 F. Supp. 3d 961, 972 (N.D. Cal. 2015) (finding a joint venture sufficiently pled based on an oral agreement that parties would have equal say in the control of the management of the joint venture as well as the parties' subsequent collaboration). Given the specific factual allegations in the SAC from which it can be inferred that Nortech did not understand the parties to share a right to control pursuit of the WPWMA contract, the Court finds more facts necessary regarding this agreement to render plausible that the parties had a right to joint control. *See Red Bull N. Am., Inc. v. KC Distrib., LLC*, No. 220CV08703ABKSX, 2021 WL 8652238, at *4 (C.D. Cal. July 28, 2021) ("Counterclaimant fails to allege the substantive terms of, dates of, location of, and identities of those who entered into the alleged oral agreements on which the allegation of partnership formation is based.").

Accordingly, the Court **GRANTS** Nortech's Motion to Dismiss EcoHub's breach of fiduciary claim. The Court **GRANTS** EcoHub leave to amend.

### 2. Claim Against Recology

Recology argues that EcoHub has failed to plead a fiduciary relationship between Recology and EcoHub because the allegations are improperly premised on Recology's position as minority owner and director of Nortech. ECF No. 32 at 10-11. EcoHub responds that Recology and EcoHub were partners or joint venturers based on Recology's position as 33% owner of Nortech and its role on Nortech's Board of Directors. ECF No. 34 at 3-4.

The Court agrees that EcoHub has not sufficiently alleged that EcoHub and Recology had a partnership or joint venture such that they plausibly owed each other fiduciary duties. EcoHub's argument appears premised on Recology's position as a minority owner and director of Nortech. However, EcoHub points to no caselaw to support the theory that a minority owner or director of a company can be held separately to have a partnership or other fiduciary duty based on the company's partnership. Without reference to any authority, the Court declines to adopt such an expansive interpretation of partnership. *See People v. Pac. Landmark, LLC*, 129 Cal. App. 4th 1203, 1212 (2005) ("[G]enerally members of a limited liability company are not personally liable

13

for judgments, debts, obligations, or liabilities of the company solely by reason of being a member.") (quotation omitted). Beyond the fact of Recology's position within Nortech, EcoHub does not otherwise plead facts supporting that Recology was in a partnership or joint venture with EcoHub. *See Ratha*, 35 F.4th at 1173 (finding a joint venture requires "joint interest, in a common business undertaking, an understanding as to the sharing of profits and losses, and a right of joint control.") (quotation omitted). Further, other than alleging a joint venture or partnership, EcoHub does not suggest another basis upon which Recology owes it a fiduciary duty. *Worldvision Enterprises, Inc. v. Am. Broad. Companies, Inc.*, 142 Cal. App. 3d 589, 595 (Cal. Ct. App. 1983) ("The mere fact that in the course of their business relationships the parties reposed trust and confidence in each other does not impose any corresponding fiduciary duty in the absence of an act creating or establishing a fiduciary relationship known to law.").

Accordingly, the Court **GRANTS** Recology's Motion to Dismiss as to the breach of fiduciary claim. The Court **GRANTS** EcoHub leave to amend.

## C. Aiding and Abetting Breach of Fiduciary Duty Claim Against Recology

Recology argues that EcoHub has failed to plead aiding and abetting related to Nortech's breach of fiduciary duty because EcoHub's underlying breach of fiduciary claim against Nortech fails, and the aiding and abetting claim does not adequately allege Recology's knowledge as well as substantial assistance. ECF No. 32 at 16-17. EcoHub argues that it has sufficiently pled the elements. ECF No. 34 at 9.

"Under California law, '[t]he elements of a claim for aiding and abetting a breach of fiduciary duty are: (1) a third party's breach of fiduciary duties owed to plaintiff; (2) defendant's actual knowledge of that breach of fiduciary duties; (3) substantial assistance or encouragement by defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff.'" *Chang v. Wells Fargo Bank, N.A.*, No. 19-CV-01973-HSG, 2020 WL 1694360, at *7 (N.D. Cal. Apr. 7, 2020) (quoting *Nasrawi v. Buck Consultants LLC*, 231 Cal.App.4th 328, 343 (Cal. Ct. App. 2014)).

The Court agrees with Recology that EcoHub's failure to adequately plead a breach of fiduciary duty against Nortech is fatal to the aiding and abetting claim. *See Acres Bonusing, Inc.*

*v. Ramsey*, No. 19-CV-05418-WHO, 2022 WL 17170856, at *9 (N.D. Cal. Nov. 22, 2022) (finding no underlying fiduciary duty was owed and thus plaintiff's aiding and abetting claim premised on breach of fiduciary duty also failed). Further, the Court finds that EcoHub's aiding and abetting claim fails because, as pled, the allegations are impermissibly conclusory. EcoHub simply incorporates the allegations underlying its breach of fiduciary duty claim and states this conduct also constitutes aiding and abetting. *See* ECF No. 30 ¶¶ 34-40. By simply incorporating all prior allegations, the Court finds EcoHub fails to "'identify precisely the breach of fiduciary duty for which [the plaintiff] seeks to hold [the defendants] liable.'" *Lucero v. IRA Servs., Inc.*, No. 18-CV-05395-LB, 2019 WL 5812175, at *5 (N.D. Cal. Nov. 7, 2019) (quoting *Casey v. U.S. Bank Nat. Assn..*, 127 Cal. App. 4th 1138, 1144 (2005)). Additionally, the allegations do not make clear what Recology conduct allegedly constitutes substantial assistance or encouragement.

Accordingly, the Court **GRANTS** Recology's Motion to Dismiss EcoHub's claim based on aiding and abetting breach of fiduciary duty. The Court **GRANTS** EcoHub leave to amend.

**D.    Interference with Prospective Economic Relations Claims**

Nortech and Recology both argue that EcoHub's intentional and negligent interference with prospective economic relations claims fail because EcoHub fails to allege an independently wrongful act other than breach of fiduciary duty and aiding and abetting. ECF No. 31 at 17; ECF No. 32 at 23. EcoHub does not contest that it must plead a wrongful act, but argues that it has sufficiently pled breach of fiduciary duty and aiding and abetting. ECF No. 33 at 20; 34 at 12-13.

"The tort of negligent interference with prospective economic advantage is established where a plaintiff demonstrates that (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship. *Venhaus v.*

*Shultz*, 155 Cal. App. 4th 1072, 1078 (2007). Intentional interference requires the following elements: "(1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action." *Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal. 5th 505, 512 (2017).

Under both intentional and negligent interference, a plaintiff must allege an act independently wrongful from the interference itself, although for negligence the act does not need to be intentional or willful. *See Venhaus*, 155 Cal. App. 4th at 1079 (a defendant incurs liability under negligent interference "only if the defendant's conduct was independently wrongful, [but] we have been directed to no California authority, and have found none, for the trial court's conclusion that the wrongful conduct must be intentional or willful."). "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003) (finding independent wrongfulness where defendant allegedly engaged in bribery and offered sexual favors). *Cf. Eco Elec. Sys., LLC v. Reliaguard, Inc.*, No. C 20-00444 WHA, 2022 WL 1157481, at *9 (N.D. Cal. Apr. 19, 2022) ("wining and dining" of third party was improper, but not unlawful as required for intentional interference). As EcoHub does not allege any wrongful interference separate from breach of fiduciary duty and aiding and abetting, and as the Court has determined such claims insufficiently pled, the Court finds EcoHub's tortious interference claims against Recology and Nortech fail as well.

Accordingly, the Court **GRANTS** Nortech and Recology's Motions to Dismiss EcoHub's negligent interference with prospective economic advantage and intentional interference with prospective economic advantage claims. The Court **GRANTS** EcoHub leave to amend.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Recology's and Nortech's Motions to Dismiss. The Court **GRANTS** EcoHub leave to amend. If EcoHub choose to amend, its Third

16

Amended Complaint shall be filed within 30 days of this order.

**IT IS SO ORDERED.**

Dated: June 6, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge

17