John Jeffrey Eichmann (Bar No. 227472)
**EICHMANN, a professional corporation**
662 N. Sepulveda Blvd., Suite 300
Los Angeles, CA 90049
310-237-9190 (tel.)
310-237-9199 (fax)
jeichmann@eichmann.com

Kevin C. Mayer (Bar No. 118177)
William A. Logan (Bar No. 115042)
**LOGAN MAYER LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
415-738-0764 (tel.)
415-376-0956 (fax)
kmayer@loganmayerllp.com
wlogan@loganmayerllp.com

*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Division

| | |
|---|---|
| EcoHub, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Recology Inc., Nortech Waste LLC, and Does 1 through 10,<br><br>    Defendants. | **Case No. 3:22-cv-09181-TSH**<br><br>**Plaintiff EcoHub's Opposition to Defendant Recology's Motion to Dismiss the Third Amended Complaint**<br><br>Judge: Hon. Thomas S. Hixson<br>Date: August 31, 2023<br>Time: 10:00 a.m.<br>Crtrm.: G – 15th Floor |

1

**Table of Contents**

I.  Introduction ...................................................................................................... 1

II.  Recology aided and abetted Nortech's breaches of fiduciary duty. ...................... 1

    A.  EcoHub has adequately pleaded all elements of Recology's
        aiding and abetting. .................................................................................. 1

    B.  Recology's arguments are without merit. ................................................ 2

        1.  Recology's continued complaints about "group pleading"
            should be rejected. ....................................................................... 2

        2.  EcoHub's allegations of an underlying breach of fiduciary
            duty by Nortech are more than adequate. ..................................... 4

        3.  The complaint adequately identifies the breaches
            that Recology induced. ................................................................. 4

        4.  The complaint adequately alleges Recology's knowledge
            and encouragement of Nortech's breaches. .................................. 5

        5.  Recology's attacks on plausibility fail. ........................................ 7

III.  Recology intentionally and negligently interfered with EcoHub's relationships. .................... 8

    A.  EcoHub has adequately pleaded all elements of Recology's interference. .................... 8

    B.  Recology's arguments are without merit. ................................................ 9

        1.  Recology's denial of an economic relationship fails. ................... 9

        2.  Recology wrongly denies having committed wrongful acts. .......... 10

        3.  Recology's statute of limitations arguments also fail. ................... 10

            a.  EcoHub's claims for Recology's interference with the Nortech
                relationship are not time barred. ...................................... 10

            b.  EcoHub's claims for Recology's interference with the
                WPWMA relationship are not time barred. ........................ 11

IV.  Conclusion. ................................................................................................... 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Table of Authorities**

**Cases**

*Aryeh v. Canon Bus. Sols., Inc.*,
    55 Cal. 4th 1185, 151 Cal. Rptr. 3d 827, 292 P.3d 871 (2013) ...................................... 12

*Chang v. Wells Fargo Bank, N.A.*,
    No. 19-cv-01973-HSG, 2020 U.S. Dist. LEXIS 61168 (N.D. Cal. Apr. 7, 2020)............................ 1

*City of Vista v. Robert Thomas Sec., Inc.*,
    84 Cal. App. 4th 882, 101 Cal. Rptr. 2d 237 (2000)........................................................ 11

*Corazon v. Aurora Loan Servs., Ltd. Liab. Co.*,
    No. 11-00542 SC, 2011 U.S. Dist. LEXIS 52712 (N.D. Cal. May 5, 2011 ...................................... 2

*Cover v. Windsor Surry Co.*,
    No. 14-cv-05262-WHO, 2015 U.S. Dist. LEXIS 94173 (N.D. Cal. July 17, 2015)................. 11, 12

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797, 27 Cal. Rptr. 3d 661, 110 P.3d 914 (2005) .......................................... 10

*In re Sagent Tech., Derivative Litig.*,
    278 F. Supp. 2d 1079 (N.D. Cal. 2003) ........................................................................ 2

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (2003) ...................................... 8, 11

*Nasrawi v. Buck Consultants LLC*,
    231 Cal.App.4th 328, 179 Cal. Rptr. 3d 813 (Cal. Ct. App. 2014)........................................ 1

*Roy Allan Slurry Seal, Inc. v. Am. Asphalt South, Inc.*,
    2 Cal.5th 505 (2017) .................................................................................................. 9

*Venhaus v. Shultz*,
    155 Cal. App. 4th 1072, 66 Cal. Rptr. 3d 432 (2007).................................................. 8, 11

### Statement of the Issues

1.  Whether Recology can escape liability for aiding and abetting its affiliate Nortech's breach of fiduciary duties by feigning ignorance of the wrongdoing it is accused of and demanding far more detail than Rule 8 requires.

2.  Whether Recology can escape liability for interfering with EcoHub's relationships with Nortech and the WPWMA based on statute of limitations arguments that are wrong and cannot be resolved on the pleadings.

**I.      Introduction.**

Recology escaped the prior complaint because the Court found the complaint lacked sufficient detail to support the existence of a fiduciary relationship between Nortech and EcoHub under the "joint control" element.  ECF No. 40 (Order entered 6/6/2023).  As a result, the interference claims could also not be sustained.  *Id.*  The Court also criticized EcoHub's incorporation by reference of prior allegations in its claim against Recology for aiding and abetting Nortech's breaches.  *Id.*

EcoHub respectfully disagrees with the Court's conclusions but has nonetheless amended the complaint to (1) add further details concerning Nortech's agreement to partner with EcoHub and to jointly control the proposal process and, ultimately, the operation of the WPWMA facility at Roseville (ECF No. 41-8 (redline) at ¶ 18, ¶¶18(a),(c),(d),(h),(i), ¶ 20(a)-(d), ¶21) and (2) more explicitly identify and enumerate, in the body of Count 2, the breaches that Recology induced and how it did so (*Id.* at ¶¶ 40-42).  These additional allegations further confirm that EcoHub and Nortech did in fact partner with each other and that Recology induced Nortech to breach its fiduciary duties to EcoHub and interfered with EcoHub's relationships with Nortech and the WPWMA.

**II.     Recology aided and abetted Nortech's breaches of fiduciary duty.**

**A.      EcoHub has adequately pleaded all elements of Recology's aiding and abetting.**

"Under California law, '[t]he elements of a claim for aiding and abetting a breach of fiduciary duty are: (1) a third party's breach of fiduciary duties owed to plaintiff; (2) defendant's actual knowledge of that breach of fiduciary duties; (3) substantial assistance or encouragement by defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff.'"  *Chang v. Wells Fargo Bank, N.A.*, No. 19-cv-01973-HSG, 2020 U.S. Dist. LEXIS 61168, at *18 (N.D. Cal. Apr. 7, 2020), quoting *Nasrawi v. Buck Consultants LLC*, 231 Cal.App.4th 328, 343, 179 Cal. Rptr. 3d 813 (Cal. Ct. App. 2014).

EcoHub's complaint adequately pleads that Recology aided and abetted Nortech's breaches of its fiduciary duties to EcoHub.  (1) Nortech owed EcoHub fiduciary duties (TAC ¶¶ 18-23, ¶ 39) and breached those duties (TAC ¶¶ 25-26, ¶¶ 28-34, ¶ 39).  See ECF No. 44 (EcoHub's Opp. to Nortech Mot. to Dismiss) § II(A)(2).  (2) Recology had actual knowledge of Nortech's breaches.  Recology knew of Nortech's breaches.  TAC ¶ 40-41.  (3) Recology "provided substantial assistance to, and

encouragement of, Nortech's breaches of its fiduciary duties to EcoHub." *Id.*  ¶¶ 41-42.  (4) Recology's conduct was a substantial factor in causing harm to EcoHub.  TAC ¶ 43.

### B.    Recology's arguments are without merit.

#### 1.    Recology's continued complaints about "group pleading" should be rejected.

Recology's lead argument is that certain allegations are directed at both "Nortech and Recology" and therefore the complaint provides insufficient notice.  Recology Mot. at 8-9.  This argument should be rejected.  To start, notice under Rule 8 does not preclude allegations about two companies (Recology and Nortech) working together to commit violations of law.  Recology's cited cases do not hold or suggest otherwise.

*In re Sagent* involved allegations that "Individual Defendants" committed certain acts, without explaining which of the 13 defendants that fell under that term were accused (and did so in a setting where the allegations were plausible against some of the 13 defendants and not against others).  *In re Sagent Tech., Derivative Litig.*, 278 F. Supp. 2d 1079, 1094 -95 (N.D. Cal. 2003).  In contrast, EcoHub's complaint does not merely accuse a broad group of "Defendants," it specifically accuses both "Nortech and Recology" and even clarifies that:  "In each instance in which this complaint alleges actions or omissions committed by 'Nortech and Recology,' those actions or omissions are alleged to have been committed by officers, directors, or employees of both Nortech and Recology (both as a co-owner of Nortech and as its own independent company)."  TAC ¶ 25.[1]

Recology then proceeds to identify various supposed inconsistencies that purportedly deprive Recology of notice.  Recology asserts:  "In the ***same sentence*** in which TAC alleges that 'all actions or omissions by Nortech alleged in this complaint occurred with the knowledge and participation of Recology personnel,' Plaintiff admits that '[s]ome of EcoHub's interactions with Nortech . . . did not directly include individuals from Recology.'"  ECF No. 43 ("Recology Mot.") at 9, lines 4-8 (emphasis in original, citing TAC ¶ 25).  There is nothing inconsistent about this allegation.  The

---

[1] Recology's other cited case, *Corazon*, is even farther afield.  There the complaint was filed against one defendant identified by name and 50 Does, and the allegations did not mention the sole defendant that was identified by name even once.  *Corazon v. Aurora Loan Servs., Ltd. Liab. Co.*, No. 11-00542 SC, 2011 U.S. Dist. LEXIS 52712, at *8 (N.D. Cal. May 5, 2011).

allegation explains that Recology was aware of and participated in the conduct it is accused of committing, notwithstanding the fact that Recology did not always engage in that conduct in plain sight of EcoHub (for example, by making statements on emails that were directly shared with EcoHub), as the Court can see from the complete sentence that Recology truncates.  TAC ¶ 25 (emphasis added):

> Some of EcoHub's interactions with Nortech (e.g., telephone calls or emails) did not directly include individuals from Recology <u>(i.e., as direct participants in the calls or direct senders or recipients of the emails)</u>, but all actions or omissions by Nortech alleged in this complaint occurred with the knowledge and participation of Recology personnel, including then-CEO Mike Sangiacomo and Salvatore Coniglio (then an Executive Vice President and Chief Operating Officer and currently the CEO).

Recology provides "another notable example" of insufficient notice, asserting that in some instances the complaint attributes conduct to both Nortech and Recology and in other instances that same conduct is attributed to just Nortech.  Recology Mot. at 9, lines 8-12.  Recology is attempting to manufacture confusion.  The allegations in paragraphs 33 and 41(r) are directed at Nortech because Nortech was the one that submitted the competing RFP response, which is the focus of those paragraphs.  TAC ¶¶ 33, 41(r).  In contrast, the allegations in paragraphs 58 and 73 are directed to a broader range of wrongful conduct committed by both Nortech and Recology and thus accurately accuse both Defendants of, among other things, disparaging EcoHub.  TAC ¶¶ 58, 73.

Finally, Recology provides "yet another example" of its supposed confusion:  "the TAC asserts that 'Nortech (with the participation of Recology) edited out substantial and important portions of the [June 5th] proposal that EcoHub had drafted,' (¶ 41(c)), but previously describes the same 679-page joint proposal as 'prepared by' Gitschel, Szura, and Trewitt—i.e., without the involvement of Recology personnel (¶ 18(c))."  Recology Mot. at 9, lines 12-16.  This is not just needless nitpicking by Recology; this argument borders on frivolous.  In paragraph 18(c), EcoHub alleges that the Nortech Board approved a proposal "that had been jointly <u>prepared</u> by Gitschel, Szura, and Trewhitt."  TAC ¶ 18(c) (emphasis added).  In paragraph 41(c), EcoHub asserts that that same proposal was then improperly edited down by Nortech and Recology prior to its submission to the WPWMA.  TAC 41(c) ("<u>In finalizing what became the June 5, 2020 submission **to the WPWMA**</u>, <u>Nortech (with the participation of Recology) **edited out substantial and important portions** of the</u>

1    proposal that EcoHub had drafted, without EcoHub's knowledge or approval and to the detriment of

2    the submission's quality and persuasiveness." (emphasis added)).

3    * * *

4    Recology chose what it considered to be the best examples of allegations that supposedly

5    provide insufficient notice.  And in each instance, Recology's examples demonstrate a Defendant that

6    is not seeking greater clarity about what it is accused of—but is instead attempting to escape a lawsuit

7    with questionable complaints of confusion that come nowhere near warranting dismissal.

8    **2.      EcoHub's allegations of an underlying breach of fiduciary duty by
            Nortech are more than adequate.**

9

10   Recology argues that EcoHub has failed to adequately plead an underlying breach of fiduciary

11   duty by Nortech.  Recology Mot. at 10-11.  Recology refers to Nortech's briefing and does not

12   identify any additional grounds for this argument.  *Id.*  Accordingly, EcoHub relies on its opposition

13   to Nortech's motion, which demonstrates that the allegation of an underlying breach of fiduciary duty

14   by Nortech are more than adequate.   See ECF No. 44 (EcoHub's Opp. to Nortech Mot. to Dismiss) §

15   II(A)-(C).[2]

16   **3.      The complaint adequately identifies the breaches that Recology induced.**

17   The Court's Order stated that the Second Amended Complaint did not sufficiently identify the

18   Nortech breaches that Recology is alleged to have aided and abetted.  ECF No. 40 at 15.  EcoHub

19   respectfully disagrees with that assessment but has nonetheless amended the complaint to identify

20   each of the specific breaches that Recology aided and abetted.  TAC ¶ 41(a)-(l) (identifying a dozen

21   instances in which Recology induced Nortech to breach its fiduciary duties during the period when

22   Nortech and EcoHub were jointly seeking to obtain an amended and extended contract with the

23

24           [2] In a different section of its brief, Recology claims that certain of the identified breaches—
25   those concerning Nortech's wrongful attempt to terminate the partnership on false pretexts and
     subsequent submission of a competing RFP response—cannot constitute breaches because the
26   partnership was terminable at will and there was no winding up that would preclude competition.
     Recology Mot. at 11-12.  As explained in EcoHub's opposition to Nortech's motion, these arguments
27   fail.  Nortech's attempt to terminate the partnership prior to the submission of the RFP response was
     invalid and itself constituted a breach of fiduciary duty.  And had the partnership actually been
28   terminated, Nortech was precluded from directly competing with and disparaging EcoHub in the
     immediate aftermath.  ECF No. 43 (Opp. to Nortech Mot.) at Section II(C)(3)-(4).

WPMA), *id.* ¶ 41(m)-(o) (identifying an additional half dozen breaches that Recology induced during the period when Nortech and EcoHub were jointly attempting to win the RFP process).

Recology complains that the Third Amended Complaint "repeats nearly word-for-word, in full, all allegations against Nortech." Recology Mot. at 11. This criticism makes no sense. Nortech is alleged to have breached its fiduciary duties in the complaint's first count. Recology is alleged to have aided and abetted those breaches in the second count. Accordingly, the second count must identify the underlying breaches by either incorporating by reference the breaches alleged in the first count (which the Court criticized EcoHub for doing) or by restating the content of those breaches within the four corners of the second count (as the Third Amended Complaint has done). Indeed, it is unclear how EcoHub could more clearly identify the alleged breaches that Recology aided and abetted than by specifically describing and enumerating them in a count asserted against Recology. Recology offers no authority, or even logic, to the contrary.

### 4. The complaint adequately alleges Recology's knowledge and encouragement of Nortech's breaches.

Recology alleges "the TAC still fails to sufficiently allege that Recology had knowledge of and provided substantial assistance in any specific underlying breach by Nortech." Recology Mot. at 12. Recology's arguments must be rejected.

As to knowledge, Recology does not explain what more a plaintiff could plead than to assert that Recology knew that the affiliate it co-owns and largely controls was in a partnership with EcoHub and repeatedly breached its fiduciary duties to EcoHub. TAC ¶¶ 40-41. Nor does Recology even assert that the allegations of knowledge are implausible, as such an assertion would fail, given the relationship between Recology and Nortech and the well-pleaded allegations of Recology's close and pervasive involvement in the affairs of Nortech's partnership with EcoHub.

As to substantial assistance, Recology makes a series of complaints and criticisms that fail.

Recology attacks the use of the words "encouraged," "desired," "orchestrated," "decision-maker," and "driving force behind." Recology Mot. at 13. But those words, when read in the context of the allegations that contain them, accurately describe what Recology did to substantially assist in Nortech's breaches. And simply pulling those words out of the allegations and putting them in

1    quotation marks does not render the complete allegations conclusory or in any other way deficient.

2           Recology attacks the pleaded basis for EcoHub's allegations—conversations in January 2021

3    in which Nortech Vice President and General Manager Paul Szura told EcoHub President George

4    Gitschel, in detail, of Recology's efforts to obstruct and interfere with the Nortech-EcoHub

5    partnership and EcoHub's efforts to submit a winning response to the WPWMA's RFP.  Recology

6    Mot. at 13.  According to Recology, the allegations are deficient because they don't explain "how

7    Recology exerted pressure on Nortech, what Recology personnel allegedly said to Mr. Szura or other

8    Nortech personnel, or what actions Recology is alleged to have taken towards Nortech."  Recology

9    Mot. at 13.  These arguments fail for two reasons.  <u>First</u>, the level of detail Recology appears to seek

10   is not required to satisfy the liberal notice pleading standard of Rule 8, as most clearly demonstrated

11   by Recology's lack of any supporting authority.  Contrary to Recology's suggestion, a party is not

12   required to provide a verbatim transcript or blow-by-blow of every single discussion or occurrence

13   that is identified in support of its allegations.  <u>Second</u>, the details Recology supposedly seeks are

14   apparent from any reasonable reading of the complaint.  Recology is the dominant player in the

15   industry, wields much greater power and influence than its two smaller, weaker co-owners in

16   Nortech, and has independent interests that are adverse to those of Nortech.  TAC ¶¶ 2, 4, 7.

17   Recology exerted its influence and pressure over Nortech in directing and encouraging the edits and

18   omissions that were made to the Nortech-EcoHub proposals during the attempt to obtain an amended

19   and extended contract (TAC ¶ 41(a)-(l)) and then in pressuring the other co-owners of Nortech to

20   terminate the partnership with EcoHub so that Recology itself could submit a competing bid, an

21   effort that ultimately succeeded in Nortech's pretextual and ineffective withdrawal from the

22   partnership (TAC ¶¶ 41(m)-(r), 42).  This is "how Recology exerted pressure on Nortech" and "what

23   actions Recology is alleged to have taken towards Nortech."  Recology Mot. at 13.  As for "what

24   Recology personnel allegedly said to Mr. Szura or other Nortech personnel" (*id.*), they said that

25   Recology wanted Nortech to get out of the partnership with EcoHub so that Recology itself could

26   submit a competing bid for the RFP without being in violation of the Nortech operating agreement,

27   which would preclude Recology from competing with its affiliate, Nortech.  TAC ¶ 28.

28

Finally, Recology takes aim at the allegations regarding R3 Consulting, complaining that the complaint does not "allege what role R3 Consulting played in the RFP process." Recology Mot. at 14. The complaint expressly alleges that R3 was "the ostensible drafter of the RFP that was ultimately issued by the WPWMA." TAC ¶ 26(f). Recology also complains that the complaint does not state "how the WPWMA's questions or the RFP were drafted to 'deliberately disadvantage' EcoHub, or how R3 Consulting's recommendations or work product prevented Nortech and EcoHub from obtaining the contract extension." Recology Mot. at 14. The R3 recommendations and work product prevented Nortech and EcoHub's efforts to obtain the contract because they were drafted in a manner, at Recology's behest, that improperly disadvantaged the Nortech-EcoHub partnership. TAC ¶ TAC ¶ 26(f). And while the pleading standard does not require EcoHub to dive deeper into the details of this one (of many) allegations of breach and inducement, EcoHub can plead additional facts about the Recology-directed actions of R3 to subvert EcoHub and its partnership with Nortech.

### 5. Recology's attacks on plausibility fail.

Recology also argues that the allegations concerning R3 Consulting are implausible because they would require the Court to believe that both Recology *and* Nortech improperly shared confidential information with R3 Consulting, which would have clearly been against the self-interest of Nortech. Recology Mot. at 14, lines 14-23. Recology ignores the obvious answer to this supposed paradox: Recology was intentionally undermining the Nortech-EcoHub partnership through its interactions with R3 Consulting whereas Nortech, at this point in the process, was grossly negligent and reckless in sharing confidential information with R3 Consulting.

Recology responds to the allegation that its actions were driven in part by its own desire to submit a competing bid for the WPWMA contract as follows:

> "The TAC now alleges that Recology's vote against this joint submission was motivated by its desire 'to make its own bid in response to the proposal,' but was vetoed by Nortech's two other members as this would be a 'violation of the Nortech operating agreement.' (¶ 41(m).) To the extent Recology is alleged to have voted at the October Board meeting in furtherance of its own self-interest, rather than Nortech's, this is a claim for *Nortech* to raise, not EcoHub."

Nortech Mot. at 14, n.4. A defendants' implied admission that it may have *additional* liability to its co-defendant, is not a defense to the allegations made by the plaintiff. Moreover, Recology

1    has not and cannot demonstrate that it is implausible that Recology would hedge its bets by

2    halfheartedly approving a partnership between its affiliate and a major disrupter and competitor

3    while also taking actions to preserve the status quo and its own adverse interests.

4    **III.   Recology intentionally and negligently interfered with EcoHub's relationships.**

5         **A.   EcoHub has adequately pleaded all elements of Recology's interference.**

6              A claim for <u>intentional</u> interference with prospective economic advantage requires:

7    "(1) an economic relationship between the plaintiff and some third party, with the probability of

8    future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3)

9    intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption

10   of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the

11   defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153, 131 Cal. Rptr. 2d

12   29, 45, 63 P.3d 937, 950 (2003) (internal citation omitted).  A claim for <u>negligent</u> interference with

13   prospective economic advantage requires the same elements, except knowledge is not required under

14   element 2 and negligence will suffice under element 3.  *Venhaus v. Shultz*, 155 Cal. App. 4th 1072,

15   1078, 66 Cal. Rptr. 3d 432, 435-36 (2007).

16             EcoHub has adequately pleaded both causes of action.  (1) EcoHub had an economic

17   relationship with Nortech "to jointly pursue and secure, as partners or joint venturers, the WPWMA

18   contract."  SAC ¶¶ 46, 61.  That relationship "would have most certainly resulted in an economic

19   benefit to EcoHub, but for the wrongful actions and interference of Recology."  *Id.*  EcoHub also had

20   an economic relationship with the WPWMA concerning the Roseville contract, which "would have

21   most certainly resulted in an economic benefit to EcoHub."  SAC ¶¶ 53, 68.  (2) Recology knew of

22   these relationships.  *Id.* ¶¶ 47, 54, 62.  (3) Recology intentionally or negligently engaged in actions

23   that disrupted EcoHub's relationship with Nortech (*id.* ¶¶ 48, 50, 64-66) and its relationship with the

24   WPWMA (*id.* ¶¶ 53, 66-70).  (4) Recology disrupted EcoHub's relationship with Nortech (*id.* ¶¶ 44,

25   46, 47, 59, 61-63) and EcoHub's relationship with the WPWMA (*id.* ¶¶ 55, 57, 71-73). (5) EcoHub

26   was harmed by Recology's interference.  *Id.* ¶¶ 51, 58, 66, 73.

27

28

**B.     Recology's arguments are without merit.**

**1.     Recology's denial of an economic relationship fails.**

Recology asserts:  "The TAC still fails to plead any economic relationship between EcoHub and either the WPWMA or Nortech that provided a reasonably probable future economic benefit." Recology Mot. at 15.  As to the relationship with the WPWMA, Recology continues to rely on *Roy Allan* for the proposition that an interference claim is too speculative to be sustained if the alleged misconduct concerns the award of a government contract.  *Id.* at 16, citing *Roy Allan Slurry Seal, Inc. v. Am. Asphalt South, Inc.*, 2 Cal.5th 505, 509-511 (2017).  This argument fails for two reasons.

<u>First</u>, *Roy Allan* addressed a circumstance in which the plaintiff was one of several bidders in response to an RFP; it did not address a circumstance (as here) in which the plaintiff was in a months-long negotiation to secure a contract *extension* separate and apart from any RFP process.

<u>Second</u>, *Roy Allan* addressed an RFP process in which "the public entities retained broad discretion to reject all bids. The bids were sealed, and there were no postsubmission negotiations.  In awarding the contracts, the public entities could give no preference to any bidder based on past dealings, and were required to accept the lowest responsible bid."  *Roy Allan*, 2 Cal. 5th at 510. These were neither the circumstances of the contract extension negotiations for the Roseville facility, nor the atypical RFP process that followed, as EcoHub has accurately pleaded.  TAC ¶ 35.

Recology then attempts to bootstrap its argument about government contracts to deny there was an economic relationship between EcoHub and Nortech.  Recology Mot. at 17.  As in Recology's prior motion, Recology supplies no authority for the proposition that two private companies that agree to partner with each other to obtain a government contract cannot be deemed to be in an economic relationship that can be interfered with.  *Id.*

* * *

"Crucially," Recology says, "Plaintiff has been aware of these grounds for Defendants' motions to dismiss the interference claims for more than five months, and Plaintiff has made no changes or supplements to the TAC to address this fatal shortcoming."  Recology Mot. at 17.  This argument also fails.  In the Second Amended Complaint, EcoHub did add allegations to address Recology's arguments that its claims were too speculative since a government contract was involved.

ECF No. 30-1 (Redline of SAC over FAC) at 16, lines 18-20.  And the reason the Third Amended Complaint does not add further details on this specific point is because EcoHub believes the existing allegations are sufficient, and the Court's Order stated nothing to the contrary.

### 2.     Recology wrongly denies having committed wrongful acts.

Recology asserts:  "EcoHub still has not alleged any wrongful interference by Recology separate from its aiding and abetting claim.  As this claim fails for the reasons described in Section IV.B above, so too do Plaintiff's interference claims."  Recology Mot. at 17 (internal citations to TAC omitted).  This argument fails because EcoHub has in fact adequately pleaded that Recology aided and abetted Nortech's breaches of fiduciary duty, as explained above.

Recology then attempts a new argument, claiming that if one were to isolate the individual acts that are alleged to constitute aiding and abetting by Recology and look at them in the abstract, then they are not "wrongful" acts.  Recology Mot. at 16-17.  This is a novel theory that finds no support in authority.  *Id.*  If a defendant commits various acts that either individually or collectively amount to inducing another party's breach of its fiduciary duties, that defendant has engaged in wrongful conduct.  It does not matter whether any one of those individual acts, isolated and stripped from all context and circumstance, could be independently actionable.

### 3.     Recology's statute of limitations arguments also fail.

Recology asserts that "Plaintiff Does Not Allege Any New Facts to Avoid the Two-Year Statute of Limitations Applicable to Its Claims."  Recology Mot. at 19 (section heading).  The Third Amended Complaint does not allege new facts on this issue because the prior complaint's allegations do not in any way warrant dismissal based on Recology's defense, and the Court's Order made no indication to the contrary.  Moreover, "[r]esolution of the statute of limitations issue is normally a question of fact," *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 810, 27 Cal. Rptr. 3d 661, 670, 110 P.3d 914, 922 (2005), and the well-pleaded facts of the Third Amended Complaint preclude any attempt at early dismissal.

#### a.     EcoHub's claims for Recology's interference with the Nortech relationship are not time barred.

Recology contends that it could not possibly have interfered with EcoHub's relationship with

Nortech after November 17, 2020, because that was when Nortech terminated the partnership. Recology Mot. at 21. But the "economic relationship" that must exist for an interference claim to be viable need not be a partnership, as Recology suggests (again without any authority). Moreover, whether the partnership was terminated by the November 17 letter, and whether the partnership was thereafter in the process of winding down, are disputed by the parties and are questions of fact that cannot be resolved on the pleadings.

In addition, the harm from Recology's interference did not materialize until January 11, 2021 at the earliest (the date when EcoHub was forced to go it alone in its submission to the WPWMA, with Nortech making its own competing submission) or later, when the WPWMA rejected EcoHub's bid. Accordingly, the cause of action against Recology for its interference with the EcoHub-Nortech relationship did not accrue until January 2021, within the two-year period preceding the filing of this case. *Cover v. Windsor Surry Co*., No. 14-cv-05262-WHO, 2015 U.S. Dist. LEXIS 94173, at *9 n.4 (N.D. Cal. July 17, 2015) ("When damages are an element of a cause of action, the cause of action does not accrue until the damages have been sustained." (quoting *City of Vista v. Robert Thomas Sec., Inc*., 84 Cal. App. 4th 882, 886-87, 101 Cal. Rptr. 2d 237 (2000)); *Korea Supply*, 29 Cal. 4th at 1153 (2003); *Venhaus*, 155 Cal. App. 4th at 1078 (2007) (claims for interference require "economic harm" (i.e., damages) resulting from the interference).[3]

### b. EcoHub's claims for Recology's interference with the WPWMA relationship are not time barred.

Recology argues that any claimed interference with EcoHub's relationship with the WPWMA could not have occurred after October 20, 2020, when Recology—as a member of Nortech's Board of Directors— voted against Nortech pursuing a joint RFP with EcoHub. Recology Mot. at 20. This argument fails. At the October 2020 Board meeting, Recology voted against Nortech continuing to partner with EcoHub because Recology wanted to submit its own competing bid for the WPWMA RFP. TAC ¶ 28. This act does not preclude, logically or legally, Recology from taking subsequent acts to attempt to torpedo the still-existing Nortech-EcoHub partnership or EcoHub's efforts to win the WPWMA contract. To the contrary, those subsequent acts were needed for Recology to achieve

---

[3] In addition, Recology's interference was not and could not reasonably have been discovered until January 2021. TAC ¶¶ 51, 58.

its objectives since it did not persuade the other Board members at that time to terminate the partnership with EcoHub.  Moreover, as the complaint alleges, Recology did in fact take subsequent steps to interfere with EcoHub's relationship with the WPWMA, including (1) causing Nortech to send a demand for a $350 million financing commitment letter within three days, (2) causing Nortech to purportedly terminate its partnership with EcoHub on false pretexts, (3) orchestrating Nortech's submission of its own competing bid in response to the WPWMA RFP, and (4) disparaging EcoHub to the WPWMA authority in the process.  TAC ¶¶ 58, 66.

In addition, as explained above, the interference claims against Recology did not accrue until harm was incurred by EcoHub in January 2021, *Cover*, 2015 U.S. Dist. LEXIS 94173, at *9 n.4, and the underlying interfering conduct by Recology was not discovered by EcoHub until that same month, within the two years preceding the filing of this lawsuit.  TAC ¶¶ 58, 66.  Accordingly, the discovery rule applies and has been adequately pleaded.  *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192, 151 Cal. Rptr. 3d 827, 832, 292 P.3d 871, 875 (2013).

**IV.    Conclusion.**

For the reasons set forth above, and in EcoHub's opposition to Nortech's motion, the Court should deny Recology's motion to dismiss in full.  EcoHub's allegations are well pleaded, more than adequate under Rule 8, and will be further confirmed by discovery of Defendants' internal communications and documents, including records of their Board meetings.  In the alternative, EcoHub should be granted leave to amend, particularly as to allegations that the Court's Order did not address or express concern with.

Date:  August 3, 2023                                    Respectfully submitted,

By: */s/ Jeff Eichmann*
John Jeffrey Eichmann (CA 227472)
(admitted in N.D. Cal.)
**EICHMANN, a professional corporation**
662 N. Sepulveda Blvd., Suite 300
Los Angeles, California 90049
310-237-9190 (tel.)
jeichmann@eichmann.com

Kevin C. Mayer (Bar No. 118177)
William A. Logan (Bar No. 115042)
**LOGAN MAYER LLP**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

100 Pine St., Suite 1250
San Francisco, CA 94111
415-738-0764 (tel.)
kmayer@loganmayerllp.com
wlogan@loganmayerllp.com

***Attorneys for Plaintiff EcoHub, LLC***