ROBERT W. MAY (CA SBN 295566)
RMay@mofo.com
ALEXANDRA BEAUDOIN PLUTSHACK (CA SBN 313690)
APlutshack@mofo.com
ANNEL BECERRA RODRIGUEZ (CA SBN 346096)
ABecerraRodriguez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
RECOLOGY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ECOHUB, LLC,

Plaintiff,

v.

RECOLOGY INC., NORTECH WASTE LLC, AND DOES 1 THROUGH 10,

Defendants.

Case No. 3:22-cv-09181-TSH

**DEFENDANT RECOLOGY INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Date: August 31, 2023
Time: 10:00 a.m.
Courtroom: G – 15th Floor
Judge: Hon. Thomas S. Hixson

Action Filed: December 20, 2022
Trial Date: Not Yet Set

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ECOHUB DOES NOT DISPUTE THAT THE TAC RELIES ON IMPROPERLY PLED GROUP ACTIONS BY "NORTECH AND RECOLOGY" ..... 2

III. THE TAC CANNOT PLEAD A CLAIM AGAINST RECOLOGY FOR AIDING AND ABETTING NORTECH'S ALLEGED BREACH OF FIDUCIARY DUTY ..... 4

- A. The TAC Still Fails to Plead or Identify a Specific Underlying Breach of Fiduciary Duty by Nortech ..... 4
- B. The TAC Still Fails to Allege Actual Knowledge or Substantial Assistance by Recology in a Specific Breach by Nortech ..... 5

IV. PLAINTIFF CANNOT STATE A CLAIM FOR INTENTIONAL OR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE ..... 8

- A. Plaintiff Still Fails to Plead an Economic Relationship with Either the WPWMA or Nortech that Provided the Likelihood of Future Benefit ..... 9
- B. Plaintiff Still Fails to Allege Any Act by Recology to Plead Wrongful Interference ..... 10
- C. Plaintiff Does Not Allege Any New Facts to Avoid the Two-Year Statute of Limitations Applicable to Its Claims ..... 10
  - 1. Claims that Recology Interfered with EcoHub's Relationship with Nortech Are Time-Barred as the Relationship Was Terminated on November 17, 2020 ..... 11
  - 2. Claims that Recology Interfered with EcoHub's Relationship with WPWMA Are Time-Barred as the TAC Alleges No Action by Recology later than October 20, 2020 ..... 12
  - 3. The Discovery Rule is Not Applicable Here ..... 13

V. THE TAC SHOULD BE DISMISSED WITH PREJUDICE AS ECOHUB HAS ALREADY HAD THREE OPPORTUNITIES TO AMEND ..... 14

VI. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................ 6, 7, 13

*Assoc. Indus. Ins. Co., Inc. v. Geragos and Geragos, APC*,
No. CV 21-1963-DMG (KSX), 2022 WL 601046 (C.D. Cal. Feb. 15, 2022).......................... 7

*Bd. of Trustees of the Bay Area Roofers Health & Welfare Tr. Fund v. Gudgel Yancey Roofing Inc.*,
225 F. Supp. 3d 1106 (N.D. Cal. 2016) ............................................................................ 3

*Beasley v. Conagra Brands, Inc.*,
374 F. Supp. 3d 869 (N.D. Cal. 2019) ............................................................................ 13

*Casey v. U.S. Bank Nat'l Ass'n*,
127 Cal. App. 4th 1138 (2005) ........................................................................................ 8

*Curley v. Wells Fargo & Co.*,
No. 13-CV-03805 NC, 2014 WL 2187037 (N.D. Cal. May 23, 2014)................................. 12

*Curry v. Yelp Inc.*,
875 F.3d 1219 (9th Cir. 2017)........................................................................................... 4

*E-Fab, Inc. v. Accountants, Inc. Servs.*,
153 Cal. App. 4th 1308 (2007) ........................................................................................ 11

*Gerard v. Ross*,
204 Cal. App. 3d 968 (1988)............................................................................................. 8

*Jones v. Mutual*,
No. 2:19-cv-02049-MCE-KJN, 2020 WL 1702225 (E.D. Cal. Apr. 8, 2020)........................ 12

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal.4th 1134 (2003) ................................................................................................... 10

*Lucero v. IRA Servs. Inc.*,
No. 18-cv-05395-LB, 2019 WL 5812175 (N.D. Cal. Nov. 7, 2019)....................................... 5

*Lund v. Cowan*,
5 F.4th 964 (9th Cir. 2021) ............................................................................................. 14

*McFall v. Stacey and Witbeck, Inc.*,
No. 14-cv-04150-JSC, 2016 WL 6248882 (N.D. Cal. Oct. 26, 2016)................................. 5, 6

*In re Mortg. Fund '08 LLC*,
527 B.R. 351 (N.D. Cal. 2015) ..... 6

*Ouillette v. Lee*,
No. 3:12-cv-00587-RCJ-VPC, 2013 WL 3729162 (D. Nev. July 9, 2013) ..... 13

*Roy Allan Slurry Seal, Inc. v. Am. Asphalt South, Inc.*,
2 Cal.5th 505 (2017) ..... 9

*In re Sagent Tech., Inc. Derivative Litig.*,
278 F. Supp. 2d 1079 (N.D. Cal. 2003) ..... 2

*Simi Mgmt. Corp. v. Bank of Am. Corp.*,
No. C-11-05573-DMR, 2012 WL 259865 (N.D. Cal. Jan. 27, 2012) ..... 5

*Steinley v. Health Net, Inc.*,
No. CV 18-5458 PSG (SKX), 2019 WL 3059383 (C.D. Cal. Mar. 28, 2019) ..... 2

*Venhaus v. Shultz*,
155 Cal. App. 4th 1072 (2007) ..... 10

*Yu v. Design Learned, Inc.*,
No. 15-cv-05345-LB, 2016 WL 1621704 (N.D. Cal. Apr. 22, 2016) ..... 2

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009) ..... 8, 14

**Statutes**

Cal. Corp. Code § 16802 ..... 12

**Other Authorities**

Fed. R. Civ. P. 8 ..... 2, 3, 7

## I.  INTRODUCTION

EcoHub's current claims fail for largely the same reasons as its prior claims. Rather than address any of the short-comings described in Recology's Motion to Dismiss (the "Motion" or "Mot.")—or by the Court in its prior Order (*See* Order re Mot. to Dismiss SAC, ECF No. 40 ("MTD Order"))—EcoHub's Opposition (the "Opposition" or "Opp.") merely doubles-down on its conclusory allegations that fail to plead any ***facts*** about what Recology or any of its personnel are alleged to have ***done***. Instead, EcoHub's claims continue to rely solely on characterizations, naked recitations of the elements of a claim, and other conclusory assertions.

As to the aiding and abetting claim, Plaintiff's Opposition does not identify allegations in the Third Amended Complaint (the "TAC") sufficient to either plead or identify an underlying breach of fiduciary duty by Nortech for which Recology could be held liable. Nor has Plaintiff pled a single ***factual*** allegation (as opposed to a mere recitation of elements) to plead knowledge by Recology of any specific breach, let alone substantial assistance to any breach. Plaintiff's Opposition string-cites the same insufficient TAC paragraphs without addressing most arguments raised in Recology's Motion. In short, the Opposition does nothing to address Plaintiff's fatal pleading deficiencies.

As to the intentional and negligent interference in prospective economic advantage claims, Plaintiff now confirms in its Opposition that it relies entirely on its aiding and abetting claim to establish the "wrongful act" necessary to plead its interference claims. As this claim fails for the reasons described above, Plaintiff's interference claims must also fail. The Court need look no further on the interference claims. However, there are additional, independent reasons to dismiss the interference claims, as described in the Motion, namely (i) the future economic benefit Plaintiff alleges—the possibility of winning a public contract—is too speculative to form the basis for its claim under California law; and (ii) these claims are time-barred by the two-year statute of limitations. The Opposition's arguments in response to each are misplaced.

Even after four opportunities to state a claim and clear guidance from this Court, Plaintiff has not addressed the fatal defects in its pleading. For the reasons provided, Plaintiff's Third Amended Complaint ("TAC") (ECF No. 41) should be dismissed with prejudice as to Recology.

## II. ECOHUB DOES NOT DISPUTE THAT THE TAC RELIES ON IMPROPERLY PLED GROUP ACTIONS BY "NORTECH AND RECOLOGY"

As explained in Recology's Motion, EcoHub's allegations that rely on group pleading are not well-pled and cannot satisfy Plaintiff's burden. (*See* Mot. at 8-9.) The Opposition does not dispute that the TAC continues to ascribe allegations of wrongdoing to "Nortech and Recology" collectively, without any explanation as to what Recology, specifically, is alleged to have done. (Opp. at 2-3.) Instead, Plaintiff avers that "notice under Rule 8 does not preclude allegations of two companies . . . working together." (Opp. at 2.)

But courts in this district have routinely found collective pleading of this type—lacking any allegations of what each individual defendant did or what role each defendant played—to be insufficient to satisfy a plaintiff's pleading burden. (*See* Mot. at 8-9 (collecting cases)); *Yu v. Design Learned, Inc.*, No. 15-cv-05345-LB, 2016 WL 1621704, at *4 (N.D. Cal. Apr. 22, 2016) ("Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief."); *c.f. Steinley v. Health Net, Inc.*, No. CV 18-5458 PSG (SKX), 2019 WL 3059383, at *4 (C.D. Cal. Mar. 28, 2019) (finding plaintiff could satisfy its pleading burden where it "attribute[d] most of the alleged wrongful acts . . . collectively to all [d]efendants" where defendants were all part of the same corporate entity and the complaint "alleg[ed] facts that explain[ed] their individual roles or why they should be jointly liable."). The Opposition attempts to distinguish *In re Sagent* and *Corazon* (cited in Recology's Motion) on the individual facts of each case, but it provides no case law of its own to challenge the principle these cases represent: that a complaint must fail where it does not "indicate which individual defendant or defendants were responsible for which alleged wrongful act." *In re Sagent Tech., Inc. Derivative Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003). Crucially, this pleading deficiency is particularly acute here because the specific actions and conduct repeatedly attributed to "Nortech and Recology" are actions and conduct that—on their face—were undertaken by Nortech and its management. (*See, e.g.*, ¶¶ 26(e, g, h, j, k), 41(e, g, h, j, k).) There is absolutely no plausible or legitimate reason to assume—as EcoHub does—that such actions were also necessarily taken directly by any representative of Recology, a

minority owner of Nortech.[1]

To be clear, Recology does not ask the Court to dismiss the TAC because it is "confus[ing]," as Plaintiff has incorrectly framed Recology's argument. (Opp. at 3-4.) Recology asks the Court to dismiss the TAC because it does not plead any action ***by Recology*** to support Plaintiff's claims. (Mot. at 5-6.) For example, are Nortech and Recology alleged to have made the exact same disparaging statements? (*See* ¶¶ 58, 73.) Are Nortech and Recology alleged to have edited out the exact same information from the June 5th proposal? (*See* ¶ 41(c).) While the Opposition includes additional argument for why EcoHub believes its group pleading is appropriate (*see* Opp. at 2-4), such explanation does not—and cannot—cure the TAC's pleading deficiencies. These explanations do not form part of the TAC, and thus are not to be considered. *See, e.g.*, *Bd. of Trustees of the Bay Area Roofers Health & Welfare Tr. Fund v. Gudgel Yancey Roofing Inc.*, 225 F. Supp. 3d 1106, 1114 (N.D. Cal. 2016) ("Accordingly, in ruling on Defendant's motion to dismiss, the Court may not . . . consider the facts that Plaintiff asserts only in its opposition."). More importantly, these explanations still do not provide any factual allegations regarding Recology's—or any individual acting on behalf of Recology's—involvement in any specific conduct or event alleged.

Instead, the Opposition continues Plaintiff's reliance on a single paragraph in the TAC, ¶ 25, to attempt to address this pleading deficiency. But as Recology explained in its Motion, this paragraph provides no more than the conclusory assertion that "all actions or omissions by Nortech alleged in the complaint occurred with the knowledge and participation" of Recology and merely lists names of Recology executives, untethered to any factual allegations in the TAC. (*See* Mot. at 8 (quoting TAC ¶ 25).) This paragraph (along with the rest of the TAC) alleges no ***facts*** to demonstrate Recology's role in any of the collectively pled allegations.

After four attempts to plead, Plaintiff still fails to plead factual allegations against

[1] Nor does EcoHub adequately respond to parallel arguments by Nortech that ascribing allegations to a collective "Nortech and Recology" fails to satisfy Rule 8. (Nortech Mot. at 15.) Indeed, in response, EcoHub argues that "if it helps, Nortech can simply ignore the word 'Recology' in the allegations made against 'Nortech and Recology.'" (Opp. to Nortech Mot. at 16, ECF No. 44.) EcoHub's response underscores the fact that the TAC alleges no meaningful involvement by Recology in its improperly group-pled allegations.

Recology specifically to support its claims. This is an independent, sufficient basis to dismiss the TAC in full as to Recology, with prejudice. *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).

## III. THE TAC CANNOT PLEAD A CLAIM AGAINST RECOLOGY FOR AIDING AND ABETTING NORTECH'S ALLEGED BREACH OF FIDUCIARY DUTY

As explained in the Motion, the TAC cannot state a claim for aiding and abetting a breach of fiduciary duty by Nortech because it fails to plead or identify a specific predicate breach and fails to allege any substantial assistance by Recology in that breach. (Mot. at 9-15.)

This Court previously dismissed EcoHub's Second Amended Complaint for similar reasons: (1) because EcoHub failed to plead its claim for breach of fiduciary duty against Nortech, (2) because EcoHub failed to "identify precisely" the predicate breach of fiduciary duty for which EcoHub seeks to hold Recology liable, and (3) because EcoHub's claim was "impermissibly conclusory" where it failed to plead "what Recology conduct allegedly constituted substantial assistance or encouragement." (MTD Order at 15.) EcoHub represents that it has addressed these shortcomings by "more explicitly identify[ing] and enumerat[ing] . . . the breaches that Recology induced and how it did so." (Opp. at 1.) Notably the Opposition does not contend that the TAC has added any new factual allegations—because it has not—to support its claims. As the TAC still fails to plead or precisely identify a predicate breach and pleads no factual allegations that Recology knew of or substantially assisted in any specific predicate breach, EcoHub's aiding and abetting claim against Recology should be dismissed.

### A. The TAC Still Fails to Plead or Identify a Specific Underlying Breach of Fiduciary Duty by Nortech

To state a claim for aiding and abetting, EcoHub was required to precisely identify the specific breach for which Recology is alleged to have provided substantial assistance. (Mot. at 9-12.) As an initial matter, this requires pleading a predicate breach, which EcoHub has failed to do. (*See* Mot. at 10-11; Nortech Mot. at 9-18; Nortech Reply at 2-13, ECF No. 46.) But even if the TAC could state a claim against Nortech—which it does not—the failure to identify the specific breach or breaches by Nortech for which it seeks to hold Recology liable is fatal. (Mot.

at 11-12 (citing *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1147 (2005)).)

As the Court previously stated, a plaintiff cannot satisfy this prong by "simply incorporating all prior allegations." (MTD Order at 15 (emphasis added).) Yet, the TAC does exactly that, and in its Opposition, Plaintiff does not seem to dispute this point. (Opp. at 4-5.) There is no substantive difference between the Second Amended Complaint's incorporation by reference and the TAC's approach of copying and pasting ***all*** Count I allegations against Nortech ***verbatim*** in Count II. (Mot. at 11.) Indeed, in its Opposition, EcoHub acknowledges that this is, in essence, a formatting change to "restate" the exact same set of allegations levied against Nortech "within the four corners of the second count," and not a substantive change. (*See* Opp. at 5.)

As with EcoHub's prior complaint, the TAC still fails to identify what alleged breach by Nortech, among the more than a dozen alleged "examples" in the TAC, Recology is alleged to have aided and abetted. Accordingly, EcoHub's aiding and abetting claim against Recology must fail. *See, e.g.*, *Lucero v. IRA Servs. Inc.*, No. 18-cv-05395-LB, 2019 WL 5812175, at *5 (N.D. Cal. Nov. 7, 2019).

### B. The TAC Still Fails to Allege Actual Knowledge or Substantial Assistance by Recology in a Specific Breach by Nortech

As Recology's Motion explained, the TAC additionally fails to allege that Recology had knowledge of and provided substantial assistance in any specific underlying breach by Nortech. (Mot. at 12-15.)

For knowledge, the Opposition relies exclusively on Recology's role as a part-owner of Nortech and argues that it is plausible that Recology knew of each and every one of Nortech's alleged breaches "given the relationship between Recology and Nortech." (Opp. at 5.) But it is not enough to allege that a defendant "should have known" of the alleged breach under the circumstances. *See McFall v. Stacey and Witbeck, Inc.*, No. 14-cv-04150-JSC, 2016 WL 6248882, at *6 (N.D. Cal. Oct. 26, 2016). Instead, California law requires that defendant "have ***actual knowledge*** of the ***specific primary wrong*** the defendant substantially assisted." *See Simi Mgmt. Corp. v. Bank of Am. Corp.*, No. C-11-05573-DMR, 2012 WL 259865, at *4 (N.D. Cal.

Jan. 27, 2012) (emphasis in original); *see also In re Mortg. Fund '08 LLC*, 527 B.R. 351, 364 (N.D. Cal. 2015) (finding that defendant's knowledge that tortfeasor had breached its contract to plaintiff could not "provide[] a basis for inferring knowledge of a breach of fiduciary duty").

EcoHub must plead ***factual*** allegations to "support a plausible inference that [Recology] had actual knowledge" of a specific alleged breach by Nortech. *See McFall*, 2016 WL 6248882, at *6. As the TAC fails to do so, and instead (as the Opposition concedes) relies solely on speculation and supposition based on Recology's status as a part-owner of the alleged fiduciary, EcoHub's aiding and abetting claim should be dismissed.

For substantial assistance, the TAC relies on conclusory statements and fails to allege what Recology actually ***did*** to provide substantial assistance to an alleged breach by Nortech. (Mot. at 13-15.) As the Court previously recognized, this is fatal to EcoHub's claims. (*See* MTD Order at 15 (finding that EcoHub's aiding and abetting allegations were "impermissibly conclusory" and "d[id] not make clear what Recology conduct allegedly constitutes substantial assistance or encouragement").) The TAC suffers from the exact same problem.

In its Opposition, EcoHub does not deny that the TAC rests on a litany of characterizations that Recology, *inter alia*, "encouraged," "desired," "orchestrated," was the decision-maker for, or was the driving force behind Nortech's alleged behavior. (*See* Mot. at 13.) But in the Opposition, Plaintiff insists that when "read in the context" of the TAC, these allegations satisfy its pleading obligations. (Opp. at 5-6.) They do not. Although brimming with synonyms for "substantial assistance," the TAC fails to allege any actual ***action*** taken by Recology to aid and abet an alleged breach by Nortech (and the Opposition cites no such allegation in the TAC). Who from Recology did what, and when? Extensive use of a thesaurus cannot take the place of a plaintiff's obligation to plead facts. For these reasons, the TAC's allegations are no less "impermissibly conclusory" than those previously dismissed by the Court. (*See* MTD Order at 15.); *see, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 680-681 (2009) (finding allegations that defendant "knew of," "condoned," was the "principal architect" for, or was "instrumental" in the adoption and execution of the challenged policy were "bare assertions" that were "not entitled to the presumption of truth.").

The TAC's allegations that Recology "dominated Nortech . . . by virtue of its position of immense power" (¶ 41(a)) and placed "immense pressure" on Nortech (¶ 42) likewise do not come close to meeting Plaintiff's burden. (Mot. at 13.) The Opposition argues that these allegations satisfy Rule 8 because "a party is not required to provide a verbatim transcript or blow-by-blow of every single discussion or occurrence that is identified in support of its allegations." (Opp. at 6.) To be clear, Recology has not suggested that the law requires any such detail. But a party ***is*** required to plead "sufficient factual matter" to state its claim, and a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal* at 678. As the TAC has failed to plead any factual allegations, beyond Recology's minority ownership of Nortech and Recology's general position in the waste management industry, that could give rise to any inference of "immense pressure," these allegations are entirely conclusory. *See, e.g.*, *Assoc. Indus. Ins. Co., Inc. v. Geragos and Geragos, APC*, No. CV 21-1963-DMG (KSX), 2022 WL 601046, at *4 (C.D. Cal. Feb. 15, 2022) (disregarding allegation that defendants had "used the threat of rescission to 'pressure'" plaintiffs as "conclusory" where plaintiffs "allege[d] no facts, such as what [defendant] may have said that amounted to pressure and in what context.").

There is an even greater need for factual allegations regarding this alleged "pressure" where allegations in the complaint contradict such an inference. It was clear, as of the October 20, 2020, board meeting, that Recology—through its "no" vote—did not support Nortech preparing a joint response to the RFP with EcoHub. (¶ 41(m).) And yet Nortech continued forward, with the endorsement of Nortech's other two members, in doing exactly this for nearly a month following this vote. (*Id.*) In fact, according to the TAC, Nortech and EcoHub "continued to have discussions into January 2021 about resuming their joint work." (¶ 31.) As Recology's Motion explained, this is not the behavior of a company or board that is "dominated" by Recology. (Mot. at 13.) The Opposition provides no response to these points.

Moreover, the TAC does not tie any of the limited factual allegations against Recology (as described in Section II.B. of Recology's Motion) to any specific alleged breach by Nortech. (Mot. at 13-15.) In other words, the TAC fails to "make clear what Recology conduct allegedly

constitute[d] substantial assistance or encouragement" to any specific alleged breach by Nortech. (MTD Order at 15.) This short-coming alone is fatal to Plaintiff's claim. *See Casey*, 127 Cal. App. 4th at 1145 (finding defendant liable where it "knew [its actions] were assisting the [tortfeasor] ***in committing a specific tort***") (emphasis added); *Gerard v. Ross*, 204 Cal. App. 3d 968 (1988) ("A defendant can be held liable as a [aider and abettor] . . . only if he or she knew that a tort had been, or was to be, committed, and acted with ***the intent of facilitating the commission of that tort***.") (emphasis added).

The Opposition provides no response to this lack of connection between allegations against Recology and an alleged breach by Nortech. Rather, the Opposition focusses on only one example of this disconnect: the R3 Consulting allegations. (¶ 41(f); Opp. at 7-8.) As an initial matter, these allegations are not well-pled for the reasons described in its Motion (Mot. at 14, 18) and do not raise a plausible inference because they require assuming Recology would, in Plaintiff's words, "hedge its bets" (Opp. at 8) by actively working at cross-purposes to its own economic interests. (Mot. at 14.) Regardless, the Opposition misses Recology's larger point, which is that the TAC fails—as to both the R3 Consulting allegations and all other allegations—to tie these allegations to any alleged breach ***by Nortech*** or substantial assistance thereto. (Mot. at 14; Opp. at 7-8.) Even if these allegations were well-pled—which they are not—they describe ***at most*** an independent course of action by Recology or parallel action by Recology and Nortech. (¶ 41(f).)

EcoHub, yet again, has failed to allege any action by Recology sufficient to state a claim for aiding and abetting. As EcoHub has had ample opportunity to state a claim, but has repeatedly failed to do so, EcoHub's aiding and abetting claim should be dismissed with prejudice. *See Zucco Partners*, *LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted).

## IV. PLAINTIFF CANNOT STATE A CLAIM FOR INTENTIONAL OR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

As explained in Recology's Motion, the TAC fails to allege either an economic relationship with WPWMA or Nortech with the likelihood of future benefit, or any independently

wrongful interference.  Further, the interference claims are time-barred.  (Mot. at 15-22.)

### A. Plaintiff Still Fails to Plead an Economic Relationship with Either the WPWMA or Nortech that Provided the Likelihood of Future Benefit

As explained in Recology's Motion, the TAC still fails to plead any economic relationship between EcoHub and either the WPWMA or Nortech that provided a "reasonably probable" future economic benefit.  (Mot. at 15-17 (quoting *Venhaus v. Shultz*, 155 Cal. App. 4th 1072, 1078 (2007)).)  The Opposition provides no response as to how the mere opportunity to win a contract or RFP can be "reasonably probable."  Nor does the Opposition respond to case law cited by Recology that a claim cannot proceed where the alleged benefit is "wholly speculative" or its loss "part of the plaintiff's ordinary business risk."  (Mot. at 16 (quoting *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 808 (1979)).)

Instead, the Opposition attempts to distinguish the facts of a single case cited by Recology, *Roy Allan Slurry Seal, Inc. v. Am. Asphalt South, Inc.*, 2 Cal.5th 505, 509-511 (2017), from the facts here.  The Opposition makes two distinctions:  (1) that unlike the multi-bidder RFP process in *Roy Allen*, the initial contract extension Plaintiff and Nortech sought was part of "a months-long negotiation . . . separate and apart from any RFP process," and (2) that the RFP process in *Roy Allen* was different than the "atypical RFP" process used here.  (Opp. at 9.)  These factual distinctions do not undermine the key holding of *Roy Allen* or any of its related cases: Interference claims cannot survive where a "plaintiff[] had 'at most a hope for an economic relationship and a desire for future benefit.'"  *Roy Allen* at 510 (quoting *Blank v. Kirwan*, 39 Cal.3d 311, 331 (1985)).  EcoHub's optimism that it would have "most certainly" won this contract (*see* ¶¶ 35, 68) is not enough to move this economic benefit beyond a mere hope and desire.

Finally, the Opposition accuses Recology of "bootstrapping" its arguments regarding EcoHub's relationship with the WPWMA to its arguments regarding EcoHub's relationship with Nortech.  (Opp. at 9.)  But Recology's conclusion follows directly from the elements of the claim.  A plaintiff bringing an interference claim must plead more than just an economic relationship; a plaintiff must plead an economic relationship "***with the probability of future economic benefit***"

to the plaintiff. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003) (emphasis added); *see also Venhaus v. Shultz*, 155 Cal. App. 4th 1072, 1078 (2007). The future economic benefit EcoHub hoped to gain from its relationship with Nortech was the ability to "secure, as partners or joint venturers, the WPWMA contract." (¶ 46.) As this benefit is too speculative to form the basis for EcoHub's relationship with the WPWMA, it is likewise too speculative to form the basis of EcoHub's relationship with Nortech. As a result, all of EcoHub's interference claims fail.

### B. Plaintiff Still Fails to Allege Any Act by Recology to Plead Wrongful Interference

To state an interference claim, EcoHub must allege an act independently wrongful from the interference itself. (Mot. at 17.) The Opposition makes clear that the only independently wrongful act EcoHub alleges against Recology is its aiding and abetting claim. (Opp. at 10.) As these claims fail for the reasons provided in Section III, above, so too do EcoHub's interference claims. (*See* MTD Order at 16 (dismissing interference claims against Recology in the SAC).)

The Opposition accuses Recology of "attempt[ing] a new argument" that requires one to "isolate the individual acts….and look at them in the abstract." (Opp. at 10.) Plaintiff misconstrues Recology's Motion. Recology's argument is that when taken ***apart from*** its aiding and abetting claim, EcoHub alleges no action by Recology that could independently plead wrongful interference. (Mot. at 17-18.) In other words, should EcoHub's aiding and abetting claim be dismissed, none of the sparsely pled acts by Recology in the TAC ***could otherwise*** plead an independently wrongful act.

### C. Plaintiff Does Not Allege Any New Facts to Avoid the Two-Year Statute of Limitations Applicable to Its Claims

Claims in the TAC that Recology intentionally and negligently interfered with EcoHub are time-barred because the TAC (1) does not plead any action taken by Recology after October 20, 2020, that could have interfered with EcoHub's relationship with WPWMA and (2) does not plead any action taken by Recology after Nortech terminated its relationship with EcoHub on November 17, 2020. (Mot. at 19-22.) The Opposition suggests that resolving statute

of limitations questions is a question of fact. (Opp. at 10 (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 810 (2005)).) "However, whenever reasonable minds can draw only one conclusion from the evidence, the question becomes one of law." *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1320 (2007) (citing *Snow v. A. H. Robins Co., Inc.*, 165 Cal. App. 3d 120, 128 (1985)). As the TAC fails to provide any well-pled allegation within the limitations period, Plaintiff's claim fails as a matter of law.

#### 1. Claims that Recology Interfered with EcoHub's Relationship with Nortech Are Time-Barred as the Relationship Was Terminated on November 17, 2020

As detailed in Recology's Motion, Plaintiff's claims that Recology intentionally and negligently interfered in its relationship with Nortech are time-barred because Nortech expressly "terminat[ed] all discussions" with EcoHub "regarding the parties' efforts to jointly respond to the WPWMA RFP" on November 17, 2020. (¶ 31; Mot. at 21-22.) Plaintiff does not dispute that a two-year statute of limitations applies to its tortious interference claims. Instead, Plaintiff advances three arguments as to evade the limitations period. None are convincing.

First, the Opposition argues that even if this communication were to have terminated the ***partnership*** between EcoHub and Nortech, it had not terminated the ***economic relationship***. (Opp. at 10-11.) This distinction has no support from—and is directly contradicted by—the TAC. For one, the TAC states that Nortech purportedly "terminate[d] [its] relationship" with EcoHub on November 17, 2020. (¶ 7.) Furthermore, the TAC alleges that the basis for its alleged economic relationship was "to jointly pursue and secure, as partners or joint venturers, the Roseville facility contract and to thereafter jointly operate that facility" (¶ 61), but also alleges that Nortech purported to "terminate the parties' joint efforts to prepare a response to the RFP" on November 17, 2020. (¶ 18(i).) Based on a plain reading of the TAC, even if an "economic relationship" did exist it was terminated as of November 17, 2020.

Second, the Opposition argues that "whether the partnership was terminated" and "whether the partnership was thereafter in the process of winding down" is a question of fact that cannot be determined from the pleadings. (Opp. at 11.) But the TAC does not allege any facts sufficient to plead a partnership between Nortech and EcoHub and, even if it did, it does not plead

anything to suggest it was anything other than at-will. (*See* Mot. at 11-12.) Nor does the TAC allege any facts—such as shared assets or liabilities—to suggest there was anything to wind up. *See* Cal. Corp. Code § 16802 (after dissolution, a partnership continues "only for the purpose of winding up its business").[2]

Regardless, the TAC does not include any allegation that Recology interfered in the alleged post-November 17 discussions. These contusions are therefore irrelevant to when the statute of limitations began to run as to Recology's interference in the EcoHub-Nortech relationship.

Finally, the Opposition asserts that the harm from Recology's interference did not materialize until January 11, 2021 (when EcoHub and Nortech made their own competing submissions to the WPWMA), or later when the WPWMA rejected both bids. (Opp. at 11.) But interference claims accrue from the date of the wrongful act. *Curley v. Wells Fargo & Co.*, No. 13-CV-03805 NC, 2014 WL 2187037, at *5 (N.D. Cal. May 23, 2014). And for the reasons described below, Plaintiff cannot rely on the discovery rule to extend this date. As such, EcoHub's interference claims based on its relationship with Nortech are time-barred.[3]

**2. Claims that Recology Interfered with EcoHub's Relationship with WPWMA Are Time-Barred as the TAC Alleges No Action by Recology later than October 20, 2020**

As to EcoHub's alleged relationship with the WPWMA, the TAC fails to allege any action by Recology later than October 20, 2020, and so these claims are likewise time-barred. (Mot. at 20-21.) In response, the Opposition points to four "subsequent steps" by Recology to interfere with EcoHub's relationship with the WPWMA it alleges occurred after this date: (1) "causing

[2] To the extent Plaintiff attempts to plead one theory for its substantive claim and another for statute of limitations purposes, the Court should not consider it. *See Jones v. Mutual*, No. 2:19-cv-02049-MCE-KJN, 2020 WL 1702225, at *1 (E.D. Cal. Apr. 8, 2020) ("Plaintiff may not amend his complaint to directly contradict his prior allegations in order to survive a statute of limitations bar."). To the extent Plaintiff's claim rests on the allegation that Recology provided substantial assistance to Nortech in wrongfully terminating its relationship with EcoHub, EcoHub may not rely on the continuation of that relationship to survive the statute of limitations. Plaintiff may not have it both ways.

[3] To the extent any interference claims are based upon the failure to secure a contract extension, this harm accrued as of the date the WPWMA decided to proceed with an RFP, September 17, 2020 (*see* Mot. at 20), which falls outside the limitations period.

Nortech to send a demand for" a financing commitment letter, (2) "causing Nortech to purportedly terminate its partnership with EcoHub," (3) "orchestrating Nortech's submission of its own competing bid" in response to the RFP, and (4) "disparaging EcoHub to the WPWMA authority." (Opp. at 12 (citing TAC ¶¶ 58, 66).)

As Recology's Motion detailed, none of these allegations allege wrongful interference, and therefore none of these allegations are capable of expanding the statute of limitations window. *See, e.g.*, *Ouillette v. Lee*, No. 3:12-cv-00587-RCJ-VPC, 2013 WL 3729162, at *3 (D. Nev. July 9, 2013) ("Plaintiff has failed to state a claim . . . because she has not plausibly alleged under [*Iqbal*] that any [alleged act] occurred within the statute of limitations."). Regardless, items (1) and (2) occurred outside the two-year window and so provide EcoHub no cover.

Regarding (3), the TAC provides no allegations, even conclusory ones, that Recology "orchestrated Nortech's submission of its own competing bid." (*See* ¶ 42 (providing at most that Recology had "placed" "immense pressure" on Nortech to submit its own bid); *but see* ¶ 41(m) (alleging that Recology "wanted to make its own bid" but was unable so long as Nortech itself was submitting a bid).) Regardless, EcoHub still fails to explain how supporting Nortech's submission of its own response to the RFP could constitute wrongful interference when EcoHub *itself* submitted its own response. (¶ 34.)

Regarding (4), the Opposition provides no response to the case law provided by Recology that allegations of "disparaging remarks" without even alleging ***what was said*** are not well-pled. (Mot. at 18-19.) These allegations therefore should not be considered for statute of limitations purposes.

### 3. The Discovery Rule Is Not Applicable Here

Finally, the Opposition argues that the discovery rule postpones the start of the limitations period for its claims because Recology's acts could not have been discovered by EcoHub until January 2021. (Opp. at 11 n. 3, 12 (citing ¶¶ 51, 58, 66).) In order to rely on the discovery rule to bring claims outside the statute of limitations, a plaintiff must plead sufficient facts to support its application. *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 883 (N.D. Cal. 2019).

Plaintiff does not point to any well-pled conduct by Recology occurring prior to the

two-year limitations period that could not have been discovered by EcoHub before January 2021. Furthermore, EcoHub would have been aware of the core allegations in its claims no later than November 17, 2020. EcoHub would have known, for example, as of September 17, 2020, that, along with Nortech, it had not secured a contract extension with the WPWMA. (¶ 18(h).) And EcoHub would have known, as of November 17, 2020, that Nortech was terminating the relationship and, as a result, EcoHub would need to submit its own response to the WPWMA. (¶ 31.) As Plaintiff does not allege any act by Recology prior to November 17, 2020, that could not have been discovered until January 2021, Plaintiff cannot rely on the discovery rule to avoid the two-year statute of limitations.

## V. THE TAC SHOULD BE DISMISSED WITH PREJUDICE AS ECOHUB HAS ALREADY HAD THREE OPPORTUNITIES TO AMEND

After four attempts, EcoHub remains unable to allege facts sufficient to state a claim against Recology; the TAC should therefore be dismissed with prejudice. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021) (quoting *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008)). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco Partners*, 552 F.3d at 1007 (internal quotations and citations omitted).

EcoHub has had three opportunities to amend its complaint: The first after the Defendants had already outlined all bases for their motions to dismiss (*see* Joint Stip. Regarding Filing of SAC at ¶ 4, ECF No. 28), the second after Defendants had each already filed their motions to dismiss (*id.*), and the third after this Court had provided guidance in its order granting Nortech and Recology's motions to dismiss (ECF No. 40). After three amendments, two prior motion to dismiss briefs filed by each Defendant, and an order from this Court, EcoHub still cannot state a claim. EcoHub has been given ample opportunity to allege facts regarding Recology's involvement in this matter and yet its allegations still amount to no more than conclusory statements, speculation about Recology's intentions or state of mind, improper group pleading,

and unsupported recitations of the legal elements of a claim. As the allegations against Recology in the TAC differ little from those in the prior three complaints, granting EcoHub further leave to amend would be futile. The TAC should be dismissed with prejudice.

## VI.     CONCLUSION

For the reasons set forth above and discussed in Recology's opening Motion, the TAC should be dismissed with prejudice as to Recology.

Dated: August 10, 2023                                              MORRISON & FOERSTER LLP

By: */s/ Robert W. May*
    Robert W. May

*Attorney for Defendant*
RECOLOGY INC.