John Jeffrey Eichmann (Bar No. 227472)
**EICHMANN, a professional corporation**
662 N. Sepulveda Blvd., Suite 300
Los Angeles, CA 90049
310-237-9190 (tel.)
310-237-9199 (fax)
jeichmann@eichmann.com

Kevin C. Mayer (Bar No. 118177)
William A. Logan (Bar No. 115042)
**LOGAN MAYER LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
415-738-0764 (tel.)
415-376-0956 (fax)
kmayer@loganmayerllp.com
wlogan@loganmayerllp.com

*Attorneys for Plaintiff EcoHub, LLC*

ROBERT W. MAY (CA SBN 295566)
RMay@mofo.com
ALEXANDRA BEAUDOIN PLUTSHACK
(CA SBN 313690)
APlutshack@mofo.com
ANNEL BECERRA RODRIGUEZ
(CA SBN 346096)
ABecerraRodriguez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Attorneys for Defendant
RECOLOGY INC.

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
lcirelli@hansonbridgett.com
MATTHEW J. PECK, SBN 287934
mpeck@hansonbridgett.com
G. THOMAS RIVERA III, SBN 333556
trivera@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
Attorneys for Defendant
NORTECH WASTE LLC

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
#### San Francisco Division

| | |
|---|---|
| EcoHub, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Recology Inc., Nortech Waste LLC, and Does 1 through 10,<br><br>        Defendants. | **Case No. 3:22-cv-09181-TSH**<br><br>**JOINT RULE 26(f) REPORT AND INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:  November 9, 2023<br>Time:  10:00 a.m.<br>Location: Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102<br>Judge:  Honorable Thomas S. Hixson |

Plaintiff EcoHub, LLC ("Plaintiff" or "EcoHub"), Defendant Recology Inc. ("Recology"), and Defendant Nortech Waste LLC ("Nortech"), by and through their respective counsel of record, hereby submit the following Joint Rule 26(f) Report and Initial Case Management Statement pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, in advance of the Case Management Conference scheduled in the above-captioned case for November 9, 2023, at 10:00 a.m., before the Honorable Thomas S. Hixson.

**1.       JURISDICTION AND SERVICE.**

The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy is alleged to be in excess of $75,000.  Defendants Recology and Nortech have been served.  The operative Third Amended Complaint names Doe Defendants with respect to the Third and Fourth Causes of Action (Intentional and Negligent Interference with Prospective Economic Advantage).  The Doe Defendants have not yet been identified or served.

There are no issues concerning personal jurisdiction or venue.

**2.       FACTS.**

**<u>Plaintiff's statement:</u>**  This case concerns EcoHub's joint efforts with Nortech to pursue an amended and extended contract with the Western Placer Waste Management Authority ("WPWMA") concerning the WPWMA's facility in Roseville, California.  Nortech had a long-standing contract with the WPWMA to manage that facility, but the contract was set to expire in 2022.  Nortech needed EcoHub's expertise and technology to ensure that the Roseville facility could be brought into compliance with California's Short-Lived Climate Pollutant Reduction law (Senate Bill 1383) and its impending deadlines.  In 2020, Nortech partnered with EcoHub to jointly seek an amended and extended contract.  That effort was not successful, with the WPWMA eventually deciding to proceed with a Request for Proposal ("RFP") process for the Roseville contract.  Nortech renewed its partnership with EcoHub to jointly prepare a response to the RFP and win the contract through the RFP process.  But Nortech abruptly purported to terminate the partnership in November 2020 and

1    then went on to submit its own competing response to the RFP, leading the WPWMA to award the

2    contract to neither Nortech nor EcoHub.

3          Nortech breached its fiduciary duties to EcoHub during both stages of the partnership, first

4    when seeking to obtain an amended and extended contract and then during the RFP process.  ECF

5    No. 41 (Third Amended Complaint) at ¶¶ 17-36.  These breaches were aided and abetted by

6    Nortech's co-owner, Recology.  *Id.* at ¶¶ 37- 44.  The Court has denied Nortech and Recology's

7    motions to dismiss these causes of action.  ECF No. 49 (10/11/23 Order) at 8-22.

8          EcoHub also asserted claims for intentional and negligent interference with prospective

9    advantage against Nortech and Recology.  ECF No. 41 at ¶¶ 45-74.  The Court has dismissed the

10   interference claims against Nortech.  ECF No. 49 at 22-25.  The Court denied Recology's motion to

11   dismiss the interference claims against Recology, which allege that Recology interfered with

12   EcoHub's relationship with Nortech and the WPWMA.  ECF No. 49 at 26-28.

13         **Nortech's statement:** On March 27, 2020, Nortech and EcoHub signed two separate written

14   Non-Disclosure and Confidentiality Agreements which confirmed that: (1) their relationship was that

15   of "independent contractors" with no legal obligations, much less fiduciary obligations, to each other;

16   (2) any change to that relationship status could only arise through a later written agreement signed by

17   the parties; and (3) either party could unilaterally terminate that independent contractor relationship at

18   any time and for any reason. Thereafter, and in accordance with the terms and understandings set

19   forth in those written agreements, EcoHub sought to be included as a service-provider or sub-

20   contractor in connection with Nortech's preexisting and ultimately unsuccessful efforts to secure an

21   extension of *Nortech's existing contract* with WPWMA—a public agency—to manage and operate

22   its public waste facility in Placer County. WPWMA then issued an RFP on September 17, 2020.

23   While EcoHub then sought to be part of *Nortech's response* to that RFP, Nortech advised EcoHub on

24   November 17, 2020 that it did not desire to work with EcoHub on a potential future Nortech RFP

25   response. Nortech and EcoHub then—separately—submitted RFP responses by the January 2021

26   deadline. Both of their RFP responses failed.

27         More than two years later, EcoHub brought this lawsuit asserting a breach of fiduciary duty

28   claim and (now dismissed) intentional and negligent interference claims against Nortech. Following

the Court's motion to dismiss ruling, the principal factual issues now in dispute include whether Nortech and EcoHub formed a fiduciary relationship and, if they did, whether Nortech breached its fiduciary obligations or damaged EcoHub.

**Recology's statement:**  In this action, Plaintiff EcoHub seeks to hold Recology liable for actions and events that took place solely between EcoHub and Nortech.  Recology is a 1/3 owner of Nortech and did not control, or make operational decisions for, Nortech.  In order to prove that Recology aided and abetted a breach of fiduciary duty by Nortech, EcoHub must first prove a specific breach of Nortech's fiduciary duties to EcoHub, and then prove that Recology had knowledge of and provided substantial assistance in that specific breach.  As the facts to be developed in discovery will show, EcoHub cannot do so.

EcoHub also asserts claims for intentional and negligent interference with prospective economic advantage as a result of Recology's alleged interference with the EcoHub-Nortech relationship and (through Nortech) the prospective EcoHub-WPWMA relationship, based on Nortech's decision to end its collaboration with EcoHub in November 2020.  Discovery will show that Recology acted properly at all times and took actions in the best interest of Nortech.  EcoHub will be unable to prove an independently wrongful action, which is necessary to prove its tortious interference claims.

3.      **LEGAL ISSUES.**

**Plaintiff's statement:**  Plaintiff is not currently aware of any disputed issues of law and does not believe Defendants have identified any such disputed issues.

**Nortech's statement:**  The primary disputed points of law include whether Nortech and EcoHub formed a fiduciary relationship and, if they did, whether Nortech breached its fiduciary obligations or damaged EcoHub.

**Recology's statement:**  Disputed points of law include whether actions taken by Recology without knowledge of any underlying alleged breach can constitute "substantial assistance" for an aiding and abetting claim and whether appropriate actions taken by Recology in the best interests of Nortech can constitute "independently wrongful" actions for purposes of a tortious interference claim.

**4.     MOTIONS.**

Defendants moved to dismiss Plaintiff's First Amended Complaint.  The parties then stipulated that EcoHub would have leave to file a Second Amended Complaint.  Defendants moved to dismiss the Second Amended Complaint and the Court granted their motions, allowing EcoHub leave to amend.  ECF No. 40 (6/6/2023 Order).  EcoHub then filed a Third Amended Complaint.  Defendants moved to dismiss that Complaint.  The Court narrowed the theories of liability pled as to Recology, without leave to amend, but otherwise denied Recology's motion, denied Nortech's motion as to the breach of fiduciary duty claim, and granted Nortech's motion as to the intentional and negligent interference with prospective economic advantage claims, without leave to amend.  ECF No. 49 (10/11/23 Order).

Defendants currently anticipate filing motions for summary judgment following discovery.

**5.     AMENDMENT OF PLEADINGS.**

**Plaintiff's statement:**  EcoHub anticipates that discovery may reveal grounds for adding additional parties or asserting additional causes of action against the current Defendants.  EcoHub proposes a deadline for amending the pleadings of April 30, 2024.

**Nortech's statement:** Nortech anticipates that discovery may reveal grounds for asserting additional defenses and, possibly, causes of action against EcoHub. Nortech, however, concurs with Recology that EcoHub has had more than ample time to finalize its pleadings and agrees that leave of Court should be sought by any party who seeks further amendment.

**Recology's statement:**  Recology believes that EcoHub has had more than ample time to finalize its pleadings.  To the extent a party seeks to amend its pleadings in the future, it should seek leave of the Court to do so.

**6.     EVIDENCE PRESERVATION.**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and each party, on behalf itself only, represents that it has taken reasonable and proportionate steps to preserve electronic evidence relevant to the issues reasonably evident in this action. The parties met and conferred regarding these matters pursuant to Rule 26(f).

1    **7.    DISCLOSURES.**

2         The parties have agreed to exchange initial disclosures under Rule 26(a) on November 30,

3    2023.

4    **8.    DISCOVERY.**

5         **Plaintiff's statement:** To date, Plaintiff has served an initial set of document requests to each

6    Defendant.  Plaintiff intends to serve additional written discovery to Defendants and to third parties

7    (including R3 Consulting Group, Inc., the Western Placer Waste Management Authority, and others),

8    to request physical onsite inspections at the Roseville facility, and to take depositions of party and

9    third party witnesses (the number of which will likely exceed the 10 deposition default under the

10   Federal Rules).

11        **Nortech's statement:** Nortech intends to serve document requests on EcoHub within the next

12   month. Thereafter, Nortech intends to serve additional written discovery on EcoHub and its key

13   personnel and to take depositions of party and several third party witnesses. To the extent there is

14   overlap between EcoHub and Nortech's proposed deponents (which is likely), Nortech will work

15   with EcoHub to assess whether the parties can agree to an appropriate allocation of time for such

16   depositions in order to avoid unnecessarily burdening the third-party deponents. Nortech is also

17   considering subpoenaing the records of and deposing certain third parties, including EcoHub's

18   members. Nortech does not presently anticipate that the number of depositions it will take will

19   exceed the 10 deposition default under the Federal Rules.

20        **Recology's statement:** Recology intends to serve discovery requests on EcoHub within the

21   next month.  Recology also intends to take document and deposition discovery from various third

22   parties.  Recology does not anticipate that any party will have a basis to exceed the 10-deposition

23   default limit under the Federal Rules.  Recology will work cooperatively with other parties to

24   coordinate deposition scheduling in order to reduce the burden on all deposition witnesses,

25   particularly third-party deponents.

26   **9.    CLASS ACTIONS.**

27        This is not a class action.

28

10.    **RELATED CASES.**

There are no related cases.

11.    **RELIEF.**

**Plaintiff's statement:**  Plaintiff requires discovery and additional expert analysis to prepare a damages analysis, but preliminarily asserts that the principle measure of damages will be determined by a lost profits methodology.  Additionally, EcoHub has pleaded entitlement to nominal damages, punitive damages, pre- and post-judgment damages, attorneys' fees, and costs of suit.

**Nortech's statement:**  Nortech does not presently seek any monetary damages against any other party. Nortech reserves its rights to seek a fee shifting award under agreements governing the parties' relationships including, for example, the Non-Disclosure and Confidentiality Agreements signed by the parties on March 27, 2020.

**Recology's statement:**  Recology does not presently seek any monetary damages against any other party.  Recology reserves its rights to seek a fee shifting award under agreements governing the parties' relationships.

12.    **SETTLEMENT AND ADR.**

The parties have complied with ADR Local Rule 3-5 and have filed the required ADR certification documents.  The parties believe that private mediation is most fitting for this case, once sufficient discovery has been conducted, although Nortech is also amenable to a judicial settlement conference.

13.    **OTHER REFERENCES.**

Not applicable.

14.    **NARROWING OF ISSUES.**

The parties are not aware of any such issues or potential agreements at this time.

15.    **EXPEDITED TRIAL PROCEDURE.**

The Parties do not currently believe this case is suitable to be handled under the Expedited Trial Procedures of General Order No. 64 Attachment A.

16.    **SCHEDULING.**

The parties' respective proposals for the schedule are as follows:

| Plaintiff's Proposed Date | Defendants' Proposed Date | Event |
|---|---|---|
| April 30, 2024 | March 29, 2024 | Deadline for any Party to Seek Leave to Amend its Pleadings |
| n/a | June 2, 2024 | Substantial Completion of Document Production[1] |
| September 6, 2024 | July 31, 2024 | Close of Fact Discovery |
| September 13, 2024 | August 30, 2024 | Opening Expert Reports |
| October 11, 2024 | September 30, 2024 | Rebuttal Expert Reports |
| October 30, 2024 | October 14, 2024 | Close of Expert Discovery |
| November 1, 2024 | November 4, 2024 | Deadline to File Dispositive and Daubert Motions |
| November 22, 2024 | November 25, 2024 | Deadline to Oppose Dispositive and Daubert Motions |
| December 2, 2024 | December 9, 2024 | Deadline for Replies to Dispositive and Daubert Motions |
| December 19, 2024 | December 19, 2024 | Hearing on Dispositive and Daubert Motions |
| January 7, 2025 | January 7, 2025 | Deadline to File Pretrial Statement, Motions in Limine and Related Documents |
| January 14, 2025 | January 14, 2025 | Deadline to File Oppositions to Motions in Limine |
| January 28, 2025 | January 28, 2025 | Final Pretrial Conference |
| February 10, 2025 | February 10, 2025 | Jury Trial |

**17.    TRIAL.**

The trial will be to a jury.  EcoHub expects trial will require 7-10 court days.  Defendants believe trial can be completed in 5-7 court days.

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

The parties have respectively filed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  EcoHub's Certification states:

Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff EcoHub, LLC states that it has no parent corporation and no publicly held corporation owns 10% or more of its stock. EcoHub further states that it is a Texas limited liability company with three members: George K. Gitschel (a citizen of Texas), Michael Moore (a citizen of Louisiana), and Azmi Abdulhadi & Abdulia Almoalbed (both foreign citizens).   Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the

---

[1] Plaintiff opposes the inclusion of this event because it can often lead parties to delay their document productions and make large productions on the eve of this deadline rather than produce them when earlier requested.

proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:  members George K. Gitschel, Michael Moore, and Azmi Abdulhadi & Abdulia Almoalbed.  Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict of interest (other than the named parties) to report.

ECF No.23.

Nortech's "Certification of Interested Entities or Persons" (ECF No. 18) states:

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict to report.

Pursuant to Civil L.R. 3-15, the undersigned certifies on behalf of Nortech, that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Recology Inc.

2. Sexton Resources Management LLC

3. Wastech Inc.

The three listed entities are members of Nortech. Recology Inc. is also a Defendant in this action.

Recology's Certification of Interested Entities or Persons (ECF No. 22) states:

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict to report.

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Wastech Incorporated (a corporation organized under the laws of California with its principal place of business in California); and

- Sexton Resources Management LLC (a limited liability company organized under the laws of Illinois with its principal place of business in Illinois).

Both entities are members of Defendant Nortech Waste LLC, along with Defendant Recology.

**19.    PROFESSIONAL CONDUCT:**

All counsel of record, on behalf of themselves, state that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

N/A.


Date:  November 2, 2023                    Respectfully submitted,

By:  */s/ Jeff Eichmann*
John Jeffrey Eichmann (CA 227472)
(admitted in N.D. Cal.)
**EICHMANN, a professional corporation**
662 N. Sepulveda Blvd., Suite 300
Los Angeles, California 90049
310-237-9190 (tel.)
jeichmann@eichmann.com

Kevin C. Mayer (Bar No. 118177)
William A. Logan (Bar No. 115042)
**LOGAN MAYER LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
415-738-0764 (tel.)
kmayer@loganmayerllp.com
wlogan@loganmayerllp.com

***Attorneys for Plaintiff EcoHub, LLC***


By:  */s/ Robert May*
ROBERT W. MAY (CA SBN 295566)
RMay@mofo.com
ALEXANDRA BEAUDOIN PLUTSHACK
(CA SBN 313690)
APlutshack@mofo.com

ANNEL BECERRA RODRIGUEZ
(CA SBN 346096)
ABecerraRodriguez@mofo.com
**MORRISON & FOERSTER** LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Attorneys for Defendant
RECOLOGY INC.

By: /s/ Lawrence Cirelli

**HANSON BRIDGETT LLP**
LAWRENCE M. CIRELLI, SBN 114710
lcirelli@hansonbridgett.com
MATTHEW J. PECK, SBN 287934
mpeck@hansonbridgett.com
G. THOMAS RIVERA III, SBN 333556
trivera@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
Attorneys for Defendant
NORTECH WASTE LLC

## SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Date:  November 2, 2023                    Respectfully submitted,

By: /s/ Jeff Eichmann

John Jeffrey Eichmann (CA 227472)
(admitted in N.D. Cal.)
**EICHMANN, a professional corporation**
662 N. Sepulveda Blvd., Suite 300
Los Angeles, California 90049
310-237-9190 (tel.)
jeichmann@eichmann.com

*Attorneys for Plaintiff EcoHub, LLC*