HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
lcirelli@hansonbridgett.com
MATTHEW J. PECK, SBN 287934
mpeck@hansonbridgett.com
G. THOMAS RIVERA III SBN 333556
trivera@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for Defendant
NORTECH WASTE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ECOHUB, LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>RECOLOGY INC., NORTECH WASTE LLC, and DOES 1 through 10,<br><br>       Defendants. | Case No. 3:22-cv-9181-TSH<br><br>**DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD AMENDED COMPLAINT**<br><br>Judge: Hon. Thomas S. Hixson<br><br>Action Filed: December 30, 2022 |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Nortech Waste, LLC ("Nortech") answers the Third Amended Complaint ("3AC") of plaintiff EcoHub, LLC ("Plaintiff") as set forth below. If an averment is not specifically admitted, it is hereby denied.[1]

## **Introduction**

1.      Paragraph 1 consists of Plaintiff's characterization of its claims and arguments to which no response is required. To the extent a response is required, Nortech denies all allegations in Paragraph 1.

2.      Answering the first sentence of Paragraph 2, Nortech admits only that defendant

---

[1] Nortech's Answer omits the subheadings on pages 6, 12, 16, 19, 28, 29, and 32, of the 3AC which constitute legal conclusions and arguments to which no response is required. To the extent a response to those subheadings is required, Nortech denies them.

Recology, Inc. ("Recology") is a one-third member-owner of Nortech, whose other one-third members-owners are Wastech Incorporated ("Wastech") and Sexton Resources Management LLC ("Sexton"), and denies the remainder of that sentence. Nortech lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2 and, on that basis, denies them.

3.     Answering Paragraph 3, Nortech admits that it is informed and believes that Plaintiff is the holder of some patents. Nortech is further informed and believes that California's Short-Lived Climate Pollutant Reduction law ("SB 1383") is intended to reduce the emissions of short-lived climate pollutants, but responds that SB 1383 speaks for itself and, therefore, no response to Plaintiff's allegations characterizing its requirements is required; but, to the extent a response to those allegations is required, Nortech denies them to the extent they are inconsistent with the SB 1383 statute and the regulations promulgated therefrom. The remaining allegations of Paragraph 3 constitute legal conclusions and arguments, to which no response is required. To the extent a response is required, Nortech denies those remaining allegations.

4.     Answering Paragraph 4, Nortech admits that in and around April 2020, Plaintiff contacted Nortech with a proposal to be included as a subcontractor in connection with Nortech's preexisting efforts to secure an extension of its then-existing waste management contract with the Western Placer Waste Management Authority ("the WPWMA") to manage and operate the WPWMA's waste facility in Roseville, California, which effort the Nortech Board approved. The remaining allegations of Paragraph 4 consist of legal conclusions and arguments to which no response is required. To the extent a response is required, Nortech denies those remaining allegations.

5.     Answering Paragraph 5, Nortech admits that neither it nor Plaintiff were collectively or individually awarded a waste-management contract by the WPWMA. The remaining allegations of Paragraph 5 consist of legal conclusions and arguments to which no response is required. To the extent a response is required, Nortech denies those remaining allegations.

6.     Answering Paragraph 6, Nortech admits that the WPWMA did not extend Nortech's then-existing waste management contract and instead proceeded to issue a public Request For

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

Proposals ("RFP") for operation of its Roseville facility. Nortech lacks sufficient information to admit or deny that "nearly all other waste management companies (including Recology) and government agencies in California" took an "amend and extend approach" in their "efforts to ensure future compliance with SB 1383" and, on that basis, denies this allegation. The remaining allegations of Paragraph 6 consist of legal conclusions and arguments to which no response is required. To the extent a response is required, Nortech denies those remaining allegations.

7.      Answering Paragraph 7, Nortech admits that its personnel corresponded with Plaintiff regarding its inclusion in a potential Nortech response to the WPWMA RFP in which Plaintiff was, again, proposing to be a potential subcontractor similar to the contract extension efforts, but Nortech denies that the Nortech Board ever voted to establish a partnership or joint venture with Plaintiff for that purpose. Nortech further admits that it asked Plaintiff to provide written assurances from qualified lenders showing it was capable of financing its proposed "EcoHub facility" as set forth in the November 10, 2020 email from Eric S. Clarke to George Gitschel, which email speaks for itself. Nortech denies that this request for written assurances was contrary to all prior understandings of the parties or was made in bad faith. Nortech admits that it ended the collaboration with Plaintiff on Nortech's RFP response as it was entitled to do and further admits that both it and Plaintiff went on to submit their own separate responses to the WPWMA RFP, both of which were unsuccessful. Nortech further denies that it made "inaccurate and disparaging statements" about Plaintiff to the WPWMA. The remaining allegations of Paragraph 7 constitute legal arguments and conclusions to which no response is required. To the extent a response is required, Nortech denies those remaining allegations.

8.      Answering Paragraph 8, Nortech admits that Plaintiff did not secure any waste management contract with the WPWMA. The remaining allegations of Paragraph 8 constitute legal arguments and conclusions to which no response is required. To the extent a response is required, Nortech denies those remaining allegations.

9.      Paragraph 9 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Nortech denies these allegations.

///

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

**The Parties**

10.     Answering Paragraph 10, Nortech is informed and believes that Plaintiff is a Texas limited liability company owned and controlled by Mr. George Gitschel with its principal place of business in Houston, Texas. Nortech is further informed and believes that Plaintiff's members are residents of Texas, Louisiana, and Saudi Arabia. Nortech responds to the additional allegations in the bullet points of Paragraph 10 as follows:

- Nortech admits that George Gitschel was involved in some unknown capacity in the sales/distribution of products and equipment of Machinex Industries, Inc., a non-party that had worked with Nortech at the WPWMA's facility since, at least, 1995. Nortech denies all remaining allegations in the first bullet-point of Paragraph 10.

- Nortech admits that what Plaintiff refers to as "the MaxDiverter" is really a Finishing Screen. Nortech admits that the Finishing Screen was a part of Nortech's Materials Recovery Facility ("MRF") that was designed and developed in the mid-2000s by Machinex Industries, Inc. Nortech denies all remaining allegations in the second bullet-point of Paragraph 10.

- Nortech admits that the Finishing Screen was still operational at the MRF facility at the time this lawsuit was filed. Nortech further admits that George Gitschel occasionally visited the MRF facility and, on some of those occasions, visited with Paul Szura and others from Nortech. Nortech denies that George Gitschel visited the facility "no less than 50 times" and denies any remaining allegations in the third bullet-point of Paragraph 10.

11.     Nortech admits the allegations in Paragraph 11.

12.     Nortech admits the allegations in Paragraph 12.

13.     Paragraph 13 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Nortech denies these allegations.

**Jurisdiction and Venue**

14.     Paragraph 14 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Nortech is informed and believes that the parties are

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

citizens of different states, but lacks sufficient information to form a belief as to the truth of the allegation that the amount-in-controversy exceeds $75,000 and, on that basis, denies this allegation.

15.     Paragraph 15 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Nortech admits the Court has personal jurisdiction over Nortech and Recology but lacks sufficient information to form a belief as to the truth of whether the Court has personal jurisdiction over any of the purported Doe Defendants and, on that basis, denies that allegation.

16.     Paragraph 16 contains legal conclusions and arguments to which no response is required. Nortech admits that Recology and Nortech reside in this District for purposes of venue, but lacks sufficient information to form a belief as to the truth of the remaining allegations and, on that basis, denies such remaining allegations.

### First Cause of Action: Breach of Fiduciary Duties

#### (*Against Nortech*)

17.     Answering Paragraph 17, Nortech incorporates by reference its responses to Paragraphs 1 through 16 as if fully set forth herein.

18.     Answering the first sentence of Paragraph 18, the allegation that Nortech and Plaintiff's relationship between April 2019 and January 2021 constituted a "partnership (or, alternatively, a joint venture)" constitutes a legal conclusion or argument to which no response is required. To the extent a response is required, Nortech denies that it formed or intended to form a "partnership" or "joint venture" relationship with Plaintiff starting in April 2019 or at any other time. As to the remaining allegations in the first sentence of Paragraph 18, Nortech admits only that Plaintiff contacted Nortech with a proposal to be included as a subcontractor in connection with Nortech's preexisting efforts to secure an extension of Nortech's then-existing waste management contract with the WPWMA to manage and operate the WPWMA's waste facility in Roseville, California. Nortech further admits that its Board approved those contract-extension efforts and that Nortech personnel also briefly discussed a potential collaboration with Plaintiff on Nortech's response to the subsequent RFP issued by the WPWMA in which Plaintiff was, again, proposing to be a potential subcontractor. The second sentence of Paragraph 18 constitutes legal conclusions or

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

arguments to which no response is required. To the extent a response is required, Nortech denies these allegations. Answering the third, fourth, and fifth sentences of Paragraph 18, Nortech admits that an entity other than Nortech would be unable to obtain an extension of Nortech's then-existing contract with the WPWMA, as it was Nortech's contract to be extended. Nortech further admits that it declined to create a "separate legal entity" with Plaintiff that would be "co-owned and jointly controlled" by Plaintiff and Nortech and also admits that Paul Szura stated this to George Gitschel in a telephone discussion on or around February 7, 2020. The sixth sentence of Paragraph 18 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Nortech denies these allegations. Nortech responds to the additional allegations contained in the sub-paragraphs of Paragraph 18 as set forth below and specifically denies that any of them demonstrate "the existence of a fiduciary relationship":

    a) Answering Paragraph 18(a), Nortech admits that it provided Plaintiff with a waste characterization study that Nortech commissioned in 2018. Nortech denies that the 2018 waste characterization study "would not have been shared by Nortech with a mere vendor or subcontractor." The remaining allegations in Paragraph 18(a) constitute legal conclusions or arguments to which no response is required. To the extent a response is required, Nortech denies these remaining allegations.

    b) Answering Paragraph 18(b), Nortech admits that on April 29, 2020 (not April 28, 2020, as Plaintiff alleges), Plaintiff emailed a written proposal to Nortech that Plaintiff proposed to be "jointly presented" to the WPWMA regarding Nortech's then-ongoing efforts to extend its then existing contract with the WPWMA, which written proposal confirmed that Plaintiff was proposing to be a sub-contractor under Nortech. Nortech admits that proposal was further edited by Nortech, and that on May 4, 2020 (not May 5, 2020, as Plaintiff alleges) the Nortech Board directed Nortech staff to ask WPWMA staff to present to the WPWMA Board said proposal by Nortech, under which Plaintiff was proposing to be an independently-contracting sub-contractor/service-provider. The remaining allegations in Paragraph 18(b) constitute legal conclusions and arguments, to which no response is required. To the

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

1    extent a response is required, Nortech denies these remaining allegations.

2    c)   Answering the first sentence of Paragraph 18(c), Nortech denies that its Board "voted

3         unanimously to proceed with EcoHub as a partner" on June 5, 2020 and admits only

4         that on or about that date, the Nortech Board unanimously approved submission of a

5         modified Nortech contract extension proposal, in which Plaintiff was proposing to

6         be an independently-contracting sub-contractor/service-provider under Nortech (and

7         not a partner or joint-venturer). Nortech admits that 3AC Exhibit 1 appears to be a

8         true and correct copy of a 679-page contract extension proposal that Nortech

9         submitted to the WPWMA on June 5, 2020, which proposed to include Plaintiff as a

10        subcontractor, and which included content prepared by both Plaintiff and Nortech,

11        but over which Nortech had final approval. Nortech further responds that 3AC

12        Exhibit 1 speaks for itself and denies Plaintiff's characterizations of, and arguments

13        about, its content and legal effect and further denies that Nortech ever formed or

14        intended to form a partnership or joint venture with Plaintiff or that it owed Plaintiff

15        any fiduciary obligations.

16    d)   Answering the first two sentences of Paragraph 18(d), Nortech admits that both it

17        and Plaintiff attended an August 12, 2020 presentation to the WPWMA Technical

18        Advisory Committee ("TAC") that lasted several hours during which Plaintiff's

19        technology and its alleged capabilities were discussed. Nortech further admits that it

20        edited and approved the presentation to the TAC, but Nortech otherwise denies all

21        other allegations in the first two sentences of Paragraph 18(d). Answering the third

22        sentence of Paragraph 18(d), Nortech lacks sufficient information or knowledge to

23        form a belief as to whether Paul Szura referred to Plaintiff as a "partner" or "touted

24        EcoHub's technology" and, on that basis, denies these allegations. The allegations in

25        the last sentence of Paragraph 18(d) are so vague and overbroad that it is impossible

26        for Nortech to admit or deny them and, on that basis, it denies them. Nortech denies

27        any remaining allegations in Paragraph 18(d).

28    e)   Answering Paragraph 18(e), Nortech admits that it submitted materials to the TAC

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

1   that included responses to questions that the TAC posed to Nortech, several of which

2   questions related to Plaintiff's technology and its alleged capabilities and prior

3   representations about the same. Nortech admits that it assigned questions that were

4   related to Plaintiff's representations about its own technology and capabilities to

5   Plaintiff to prepare answers for its review and that Nortech retained ultimate

6   authority and discretion regarding the materials that would ultimately be submitted

7   to the WPWMA.

8   f)   Answering Paragraph 18(f), Nortech denies "that the Nortech Board of Directors

9   voted unanimously to proceed with EcoHub as a partner" on September 1, 2020.

10   Answering the remaining allegations of Paragraph 18(f), Nortech admits only that

11   on or around September 1, 2020, its Board unanimously approved the submission of

12   a modified contract extension proposal, which was sent to the WPWMA on

13   September 4, 2020, that proposed to include Plaintiff as an independently-contracting

14   service-provider and which specifically disclaimed any partnership or joint venture

15   relationship.

16   g)   Answering Paragraph 18(g), Nortech admits that the WPWMA Board of Directors

17   met on September 17, 2020, and that Nortech delivered a presentation regarding its

18   proposed contract extension. Nortech is informed and believes that 3AC Exhibit 2

19   constitutes a true and correct copy of the original. Nortech further responds that 3AC

20   Exhibit 2 and the September 17, 2020 WPWMA Agenda speak for themselves and

21   denies Plaintiff's characterizations of and arguments about their content and legal

22   effect and further denies that Nortech ever formed or intended to form a partnership

23   or joint venture with Plaintiff or that it owed Plaintiff any fiduciary obligations.

24   h)   Answering Paragraph 18(h), Nortech admits that the WPWMA chose to issue an RFP

25   in lieu of amending-and-extending Nortech's then-existing contract. Nortech denies

26   that it approached Plaintiff about collaborating on a response to the WPWMA RFP.

27   Nortech is informed and believes that 3AC Exhibit 3 is a true and correct copy of the

28   original. Nortech further responds that 3AC Exhibit 3 speaks for itself and denies

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

Plaintiff's characterizations of and arguments about its content and legal effect and further denies that Nortech had ever formed or intended to form a partnership or joint venture with Plaintiff or that it owed Plaintiff any fiduciary obligations. Answering the last sentence of Paragraph 18(h), Nortech admits that George Gitschel presented to the Nortech Board on October 13, 2020, and proposed that Plaintiff be included as a potential subcontractor in connection with a potential future Nortech response to the WPWMA RFP.

i) Answering Paragraph 18(i), Nortech admits only that Nortech personnel corresponded with Plaintiff regarding a potential response to the WPWMA RFP in which Plaintiff was proposing to be a subcontractor, but Nortech denies that the Nortech Board "in favor of [creating or] continuing" a partnership for this purpose on October 20, 2020 or at any time thereafter. Nortech further admits that correspondence continued for approximately 2 to 3 weeks thereafter and ceased following Plaintiff's receipt of the November 17, 2020 email from Nortech's attorney. Nortech denies all other allegations in Paragraph 18(i).

19.    The first sentence of Paragraph 19 constitutes a legal conclusion or argument to which no response is required. To the extent a response is required, Nortech denies these allegations. As to the remaining allegations of Paragraph 19, Nortech admits that Plaintiff proposed processing fees in the amounts alleged therein that may have yielded profits for Plaintiff, but Nortech denies that those fees were financially feasible, much less profitable, for Nortech. Nortech further denies that the parties agreed to share in the risk of "potential economic losses," as Plaintiff represented on numerous occasions that it would be financially independent of Nortech, and that Plaintiff's proposal would be "risk free" to Nortech. The remaining allegations in Paragraph 19 constitute legal conclusions and arguments, to which no response is required. To the extent a response is required, Nortech denies those remaining allegations.

20.    The first sentence of Paragraph 20 constitutes a legal conclusion or argument to which no response is required. To the extent a response is required, Nortech denies these allegations. Answering the second sentence of Paragraph 20, Nortech admits that it exercised ultimate control

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD AMENDED COMPLAINT

over the materials submitted and presentations made to the WPWMA in connection with Nortech's efforts to contract with the WPWMA, which materials and presentations uniformly contemplated that Plaintiff would serve as a subcontractor or service provider, not a partner or joint venturer. Answering the third sentence of Paragraph 20, Nortech responds to the additional allegations contained in the sub-paragraphs of Paragraph 20 as set forth below and specifically denies that any of those allegations demonstrate "joint control":

a) Answering Paragraph 20(a), Nortech admits only that it directed Plaintiff to respond to questions from the TAC that were related to Plaintiff's prior representations to the WPWMA about its technology and capabilities. Nortech is further informed and believes that 3AC Exhibit 4 is a true and correct copy of the referenced August 8, 2020 email and attachment. 3AC Exhibit 4 speaks for itself and denies Plaintiff's characterizations of, and arguments about, its content and legal effect and further denies that Nortech ever formed or intended to form a partnership or joint venture with Plaintiff or that it owed Plaintiff any fiduciary obligations.

b) Answering Paragraph 20(b), Nortech admits that Nortech's only waste management contract was with the WPWMA and that George Gitschel presented information about Plaintiff's technology and its alleged capabilities to the TAC on August 12, 2020, under Nortech's supervision. The remaining allegations in Paragraph 20(b) constitute legal arguments and conclusions, to which no response is required. To the extent a response is required, Nortech denies those remaining allegations.

c) Answering the first sentence of Paragraph 20(c), Nortech admits that, on September 10, 2020, it directed Plaintiff to respond to a new set of 20 questions from the WPWMA, which questions related to Plaintiff's representations about its technology and capabilities and Nortech further admits that Paul Szura and George Gitschel had a telephonic discussion later that day in which Mr. Szura reiterated this direction. Answering the second sentence of Paragraph 20, Nortech denies that Mr. Szura made the alleged statements during that call that are attributed to him in this sentence. Answering the third sentence of Paragraph 20, Nortech admits that George Gitschel

sent proposed responses to these questions to Paul Szura later that evening, but lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this sentence and, on that basis, denies such remaining allegations.

d) Answering the first sentence of Paragraph 20(d), Nortech admits only that, on November 6, 2020, Mr. Szura emailed Mr. Gitschel an excel file that identified parts of an RFP bid checklist that would need to be addressed by Plaintiff since they related to Plaintiff's technology and processes. Nortech is further informed and believes that 3AC Exhibit 5 is a true and correct copy of the referenced November 6, 2020 email and attachment. The remaining allegations in Paragraph 20(d) constitute legal arguments and conclusions, to which no response is required. To the extent a response is required, Nortech denies these remaining allegations.

21.     The first sentence of Paragraph 21 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Nortech denies these allegations. Answering the second sentence of Paragraph 21, Nortech is informed and believes that 3AC Exhibit 5 is a true and correct copy of the referenced November 6, 2020 email and attachment, which Nortech alleges speaks for itself. Nortech denies that 3AC Exhibit 5 demonstrates that the parties ever agreed that "Nortech and EcoHub would be jointly responsible for key operations of the facility."

22.     Answering Paragraph 22, Nortech denies that any legal partnership or joint venture with Plaintiff existed. Nortech further denies that Plaintiff had any "right of joint control" over the operation or management of any proposed Nortech facility and further alleges that Plaintiff was proposing to act as a subcontractor and to operate its proposed facility independent from Nortech in that connection. Nortech further denies Plaintiff's arguments and characterizations regarding 3AC Exhibit 5 and further responds that the document speaks for itself.

23.     Paragraph 23 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Nortech denies these allegations.

24.     Answering Paragraph 24, Nortech admits only that the parties had confidentiality and non-disclosure obligations to one another by virtue of their written Non-Disclosure and

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

Confidentiality Agreements executed on March 27, 2020. Nortech further admits that the parties unsuccessfully sought to obtain an extension of Nortech's then-existing contract with the WPWMA in which Plaintiff was proposing to be a subcontractor under Nortech's existing contract and that the parties briefly corresponded regarded the inclusion of EcoHub as a subcontractor in connection with Nortech's subsequent response to the WPWMA RFP. The remaining allegations in Paragraph 24 constitute Plaintiff's characterization of its claims and argument to which no response is required. To the extent a response is required, Nortech denies these remaining allegations.

25.    Paragraph 25 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Nortech denies these allegations.

26.    Paragraph 26 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Nortech denies the allegations therein. Nortech responds to the additional allegations contained in the sub-paragraphs of Paragraph 26 as set forth below and specifically denies any of them demonstrate that Nortech breached any fiduciary or other legal obligations it allegedly owed to Plaintiff:

a) Answering the first sentence of Paragraph 26(a), Nortech denies the allegations contained therein. Nortech lacks sufficient information or belief regarding the allegations in the second sentence of Paragraph 26(a) and, on that basis, denies them.

b) Answering Paragraph 26(b), Nortech admits only that it exercised control over the creation and content of materials submitted, and presentations made, to the WPWMA in connection with Nortech's efforts to obtain a contract extension with the WPWMA during the time it was considering or proposing to include Plaintiff as a subcontractor. Nortech otherwise denies all remaining allegations of Paragraph 26(b).

c) Answering Paragraph 26(c), Nortech admits that it exercised control over the creation and content of materials submitted, and presentations made, to the WPWMA in connection with Nortech's efforts to obtain a contract extension with the WPWMA, including with respect to the June 5, 2020 proposal which

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

1   proposed to use Plaintiff as a subcontractor. Nortech otherwise denies all

2   remaining allegations of Paragraph 26(c).

3      d)   Answering Paragraph 26(d), Nortech denies the allegations contained therein.

4      e)   Answering Paragraph 26(e), Nortech admits that it exercised control over the

5   creation and content of materials submitted, and presentations made, to the

6   WPWMA in connection with Nortech's efforts to obtain a contract extension

7   with the WPWMA, including when it was proposing to include Plaintiff as a

8   subcontractor. Nortech further admits that it declined several requests by Plaintiff

9   for Nortech to arrange follow-up meetings for Plaintiff with the WPWMA or its

10   member agencies given Plaintiff's role was that of a proposed subcontractor and

11   also because Plaintiff had already had the opportunity to present information

12   "about its technology" to the WPWMA and its staff on prior occasions. Nortech

13   otherwise denies all remaining allegations of Paragraph 26(e).

14      f)   Answering the first and second sentences of Paragraph 26(f), Nortech admits that

15   Recology did not attend the August 12, 2020 presentation to the WPWMA, but

16   otherwise denies the allegations therein. Answering the third and fourth

17   sentences of Paragraph 26(f), Nortech is informed and believes that the WPWMA

18   was working with R3 Consulting to develop the RFP and Nortech further admits

19   that it submitted documents directly to the TAC (not R3 Consulting) and further

20   responds that it only did so with Plaintiff's knowledge and written approval and

21   otherwise in accordance with the parties' Non-Disclosure and Confidentiality

22   Agreements, executed on March 27, 2020. Nortech, however, lacks sufficient

23   information or belief to admit or deny the remaining allegations in the fourth

24   sentence of Paragraph 26(f), and on that basis denies them. Nortech otherwise

25   denies all remaining allegations of Paragraph 26(f).

26      g)   Answering Paragraph 26(g), Nortech admits that it exercised control over the

27   creation and content of materials submitted, and presentations made, to the

28   WPWMA in connection with Nortech's efforts to contract with the WPWMA,

including with respect to Plaintiff's answers to some of the 47 written questions posed by the TAC, which questions were addressed to Nortech. Nortech lacks sufficient information or belief to admit or deny whether the questions posed by the TAC were prepared by R3 Consulting and, on that basis, denies such allegations. Nortech otherwise denies all remaining allegations of Paragraph 26(g).

h) Answering the first sentence of Paragraph 26(h), Nortech admits that Plaintiff proposed to Nortech several different fee structures wherein Plaintiff was to be a subcontractor to Nortech, but Nortech lacks sufficient information or belief to admit or deny the remaining allegations therein, and on that basis denies them. Nortech denies the allegations in the second sentence of Paragraph 26(h). Answering the last sentence of Paragraph 26(h), Nortech admits that it exercised control over the creation and content of any proposals made to the WPWMA, including several proposals made by Plaintiff, but otherwise denies the allegations therein.

i) Answering Paragraph 26(i), Nortech admits only that it sent a final offer letter to the WPWMA on September 4, 2020, regarding a proposed amendment and extension of Nortech's then-existing contract. Nortech further responds that the referenced "final offer letter" speaks for itself and denies Plaintiff's characterizations of or arguments about it. Nortech otherwise denies all remaining allegations of Paragraph 26(i).

j) Answering Paragraph 26(j), Nortech admits that Plaintiff sent Nortech materials on September 9, 16, and 20, 2020, regarding Plaintiff's alleged technology and its alleged capabilities that Plaintiff wanted Nortech to present at the September 17, 2020 meeting of the WPWMA Board of Directors' meeting at which the WPWMA would consider Nortech's proposal to extend its then-existing contract with the WPWMA, in which Plaintiff was being proposed as a subcontractor. Nortech admits that it declined to include much of what Plaintiff sent, but

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

otherwise denies all remaining allegations of Paragraph 26(j).

k)  Answering Paragraph 26(k), Nortech admits that it took the lead in preparing the presentation and materials that would be presented at the September 17, 2020 meeting of the WPWMA Board of Directors at which the WPWMA would consider Nortech's proposal to extend its then-existing contract with the WPWMA. As to the content of the PowerPoint presentation, Nortech alleges that the presentation speaks for itself and denies Plaintiff's arguments and characterizations regarding its content and legal effect. Nortech further admits that it exercised control over the creation and content of any proposals or presentations made to the WPWMA and admits that it declined to include several slides in the presentation that Plaintiff had proposed be included at the eleventh hour. Nortech otherwise denies all remaining allegations of Paragraph 26(k).

l)  Answering Paragraph 26(l), Nortech admits that Stephanie Trewhitt and Paul Szura attended the September 17, 2020 meeting of the WPWMA Board of Directors at which Nortech presented its proposal to extend its then-existing contract with the WPWMA (which proposed to utilize Plaintiff as a subcontractor). Nortech further responds that in-person attendance was limited due to restrictions put in place as a result of the global COVID-19 pandemic. Nortech denies that it "excluded" Plaintiff from attending the meeting and specifically alleges that Plaintiff's CEO, George Gitschel, attended via Zoom. Nortech admits that Recology did not attend this meeting, but otherwise denies all remaining allegations of Paragraph 26(l).

27.   Paragraph 27 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Nortech denies the allegations therein.

28.   Answering Paragraph 28, Nortech admits that Nortech personnel corresponded with Plaintiff regarding a future Nortech response to the WPWMA RFP in which Plaintiff was proposing to be a subcontractor, but Nortech denies that the Nortech Board voted "to continue [or create] their [alleged] partnership" for this purpose on October 20, 2020 or at any other time thereafter. Nortech

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

1  otherwise denies all remaining allegations in Paragraph 28.

2       29.    Answering Paragraph 29, Nortech admits that Nortech personnel corresponded with

3  Plaintiff after October 20, 2020 regarding a future Nortech response to the WPWMA RFP in which

4  Plaintiff was proposing to be a subcontractor. Nortech further admits that Nortech personnel ceased

5  corresponding with Plaintiff regarding Plaintiff's inclusion as a subcontractor in a potential future

6  Nortech RFP response on or about November 17, 2020 and further admits that the parties thereafter

7  went their separate ways and prepared and submitted their own separate bids in response to the

8  WPWMA RFP by the January 11, 2021 deadline.

9       30.    Answering Paragraph 30, Nortech admits that it asked Plaintiff to provide written

10  assurances from qualified lenders showing it was capable of financing the facility as set forth in the

11  November 10, 2020 email from Eric S. Clarke to George Gitschel, a true and correct copy of which

12  Nortech is informed and believes is attached as 3AC Exhibit 6. Nortech admits that 3AC Exhibit 6

13  speaks for itself and denies Plaintiff's characterization of its contents and arguments. Nortech

14  otherwise denies all remaining allegations of Paragraph 30.

15       31.    Answering the first sentence of Paragraph 31, Nortech denies that the November 10,

16  2020 email from Eric S. Clarke "came out of the blue," as Nortech and Plaintiff discussed financing

17  for Plaintiff's proposals on numerous occasions, but lacks sufficient information to admit or deny

18  the remaining allegations concerning Plaintiff's apparent beliefs and, on that basis, denies such

19  allegations. Answering the second sentence of Paragraph 31, Nortech admits that it asked Plaintiff

20  to provide written assurances from qualified lenders showing it was capable of financing its

21  proposed facility as set forth in the November 10, 2020 email from Eric S. Clarke to George

22  Gitschel, which writing speaks for itself. Nortech denies that this request was contrary to all prior

23  understandings of the parties or was made in bad faith or done at the insistence of Recology.

24  Answering the third sentence of Paragraph 31, Nortech responds that the WPWMA RFP speaks for

25  itself and denies Plaintiff's allegations to the extent they mischaracterize its content or requirements.

26  Answering the fourth sentence of Paragraph 31, Nortech admits that Plaintiff responded to the

27  November 10, 2020 email and Nortech admits only that Plaintiff's response to that email speaks for

28  itself. Answering the fifth sentence of Paragraph 31, Nortech is informed and believes that 3AC

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

Exhibit 7 is a true and accurate copy of the November 17, 2020 email from Eric S. Clarke to George Gitschel and further admits that the document speaks for itself. Answering the sixth sentence of Paragraph 31, Nortech admits only that Paul Szura had discussions with George Gitschel after November 17, 2020, but denies Plaintiff's allegations regarding the contents of those discussions. The remaining allegations in Paragraph 31 consist of legal conclusions and arguments to which no response is required. To the extent a response is required, Nortech denies all such allegations.

32.     Paragraph 32 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Nortech denies the allegations therein.

33.     Answering the last sentence of Paragraph 33, Nortech admits both it and Plaintiff submitted separate RFP responses to the WPWMA on or around January 11, 2021, but Nortech denies that it made "disparaging and incorrect statements and comments" about Plaintiff to the WPWMA. The remaining allegations in Paragraph 33 constitute legal conclusions or arguments to which no response is required. To the extent a response is required, Nortech denies the allegations therein.

34.     Answering Paragraph 34, Nortech admits that both it and Plaintiff submitted their own separate bids in response to the WPWMA RFP and that neither of those bids was successful. Nortech denies that it made "inaccurate and disparaging comments to the WPWMA" about Plaintiff. The remaining allegations of Paragraph 34 constitute legal conclusions or arguments to which no response is required. To the extent a response is required, Nortech denies those remaining allegations.

35.     Answering Paragraph 35, Nortech admits only that non-party FCC Environmental ("FCC") submitted an RFP bid response and was ultimately awarded the WPWMA contract. Nortech further responds that FCC's RFP response and the WPWMA RFP are documents that speak for themselves and denies Plaintiff's characterizations and arguments regarding the contents of those documents to the extent they are inconsistent with the actual documents. The remaining allegations in Paragraph 35 consist of legal conclusions and arguments to which no response is required. To the extent a response is required, Nortech denies all such remaining allegations.

36.     Paragraph 36 contains legal conclusions or arguments, to which no response is

required. To the extent a response is required, Nortech denies the allegations therein.

**Second Cause of Action: Aiding and Abetting a Breach of Fiduciary Duties**

*(Against Recology and the Doe Defendants)*

37.     Answering Paragraph 37, Nortech responds that Paragraph 37 makes allegations in support of a cause of action asserted by Plaintiff against Recology only, and thus no response is required to those allegations from Nortech, which allegations Nortech therefore denies on that ground.

38.     Answering Paragraph 38, Nortech responds that Paragraph 38 makes allegations in support of a cause of action asserted by Plaintiff against Recology only, and thus no response is required to those allegations from Nortech, which allegations Nortech therefore denies on that ground.

39.     Answering Paragraph 39, Nortech responds that Paragraph 39 makes allegations in support of a cause of action asserted by Plaintiff against Recology only, and thus no response is required to those allegations from Nortech, which allegations Nortech therefore denies on that ground.

40.     Answering Paragraph 40, Nortech responds that Paragraph 40 makes allegations in support of a cause of action asserted by Plaintiff against Recology only, and thus no response is required to those allegations from Nortech, which allegations Nortech therefore denies on that ground.

41.     Answering Paragraph 41, and each subparagraph therein, Nortech responds that they make allegations in support of a cause of action asserted by Plaintiff against Recology only, and thus no response is required to those allegations from Nortech, which allegations Nortech therefore denies on that ground.

42.     Answering Paragraph 42, Nortech responds that Paragraph 42 makes allegations in support of a cause of action asserted by Plaintiff against Recology only, and thus no response is required to those allegations from Nortech, which allegations Nortech therefore denies on that ground.

43.     Answering Paragraph 43, Nortech responds that Paragraph 43 makes allegations in

support of a cause of action asserted by Plaintiff against Recology only, and thus no response is required to those allegations from Nortech, which allegations Nortech therefore denies on that ground.

44.     Answering Paragraph 44, Nortech responds that Paragraph 44 makes allegations in support of a cause of action asserted by Plaintiff against Recology only, and thus no response is required to those allegations from Nortech, which allegations Nortech therefore denies on that ground.

### Third Cause of Action: Intentional Interference with Prospective Economic Advantage

### (*Against Recology, Nortech, and the Doe Defendants*)

45.     Answering Paragraph 45, Nortech responds that Paragraph 45 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

46.     Answering Paragraph 46, Nortech responds that Paragraph 46 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

47.     Answering Paragraph 47, Nortech responds that Paragraph 47 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

48.     Answering Paragraph 48, Nortech responds that Paragraph 48 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

49.     Answering Paragraph 49, Nortech responds that Paragraph 49 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and

1   Nortech denies the allegations therein on that ground.

2       50.     Answering Paragraph 50, Nortech responds that Paragraph 50 makes allegations in

3   support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the

4   Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and

5   Nortech denies the allegations therein on that ground.

6       51.     Answering Paragraph 51, Nortech responds that Paragraph 51 makes allegations in

7   support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the

8   Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and

9   Nortech denies the allegations therein on that ground.

10      52.     Answering Paragraph 52, Nortech responds that Paragraph 52 makes allegations in

11  support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the

12  Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and

13  Nortech denies the allegations therein on that ground.

14      53.     Answering Paragraph 53, Nortech responds that Paragraph 53 makes allegations in

15  support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the

16  Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and

17  Nortech denies the allegations therein on that ground.

18      54.     Answering Paragraph 54, Nortech responds that Paragraph 54 makes allegations in

19  support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the

20  Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and

21  Nortech denies the allegations therein on that ground.

22      55.     Answering Paragraph 55, Nortech responds that Paragraph 55 makes allegations in

23  support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the

24  Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and

25  Nortech denies the allegations therein on that ground.

26      56.     Answering Paragraph 56, Nortech responds that Paragraph 56 makes allegations in

27  support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the

28  Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

1    Nortech denies the allegations therein on that ground.

2        57.    Answering Paragraph 57, Nortech responds that Paragraph 57 makes allegations in
3    support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the
4    Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and
5    Nortech denies the allegations therein on that ground.

6        58.    Answering Paragraph 58, Nortech responds that Paragraph 58 makes allegations in
7    support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the
8    Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and
9    Nortech denies the allegations therein on that ground.

10        59.    Answering Paragraph 59, Nortech responds that Paragraph 59 makes allegations in
11    support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the
12    Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and
13    Nortech denies the allegations therein on that ground.

14    **Fourth Cause of Action: Negligent Interference with Prospective Economic Advantage**

15    (*Against Recology, Nortech, and the Doe Defendants*)

16        60.    Answering Paragraph 60, Nortech responds that Paragraph 60 makes allegations in
17    support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the
18    Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and
19    Nortech denies the allegations therein on that ground.

20        61.    Answering Paragraph 61, Nortech responds that Paragraph 61 makes allegations in
21    support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the
22    Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and
23    Nortech denies the allegations therein on that ground.

24        62.    Answering Paragraph 62, Nortech responds that Paragraph 62 makes allegations in
25    support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the
26    Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and
27    Nortech denies the allegations therein on that ground.

28        63.    Answering Paragraph 63, Nortech responds that Paragraph 63 makes allegations in

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

64.     Answering Paragraph 64, Nortech responds that Paragraph 64 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

65.     Answering Paragraph 65, Nortech responds that Paragraph 65 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

66.     Answering Paragraph 66, Nortech responds that Paragraph 66 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

67.     Answering Paragraph 67, Nortech responds that Paragraph 67 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

68.     Answering Paragraph 68, Nortech responds that Paragraph 68 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

69.     Answering Paragraph 69, Nortech responds that Paragraph 69 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

70.     Answering Paragraph 70, Nortech responds that Paragraph 70 makes allegations in

support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

71.     Answering Paragraph 71, Nortech responds that Paragraph 71 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

72.     Answering Paragraph 72, Nortech responds that Paragraph 72 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

73.     Answering Paragraph 73, Nortech responds that Paragraph 73 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

74.     Answering Paragraph 74, Nortech responds that Paragraph 74 makes allegations in support of a cause of action asserted by Plaintiff against Nortech that was dismissed pursuant to the Court's October 11, 2023 "Order re Motion to Dismiss," and thus no response is required, and Nortech denies the allegations therein on that ground.

## ANSWER TO PRAYER FOR RELIEF

Nortech denies that Plaintiff is entitled to any relief claimed in its Prayer for Relief, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, Nortech pleads the following separate defenses. Nortech does not yet have full knowledge of all facts and evidence surrounding this matter and, as a result, Nortech reserves its right to amend its Answer to assert additional affirmative defenses as they are discovered.

///

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      Nortech alleges that Plaintiff's remaining cause of action in the 3AC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Abandonment and/or Repudiation)

2.      Nortech alleges, without admitting that any fiduciary relationship with Plaintiff existed, that Plaintiff's remaining cause of action is barred, in whole or in part, because Plaintiff breached, abandoned and/or repudiated any alleged partnership or joint venture and therefore released Nortech from all related duties.

## THIRD AFFIRMATIVE DEFENSE

### (Set-off)

3.      Nortech alleges that, should Plaintiff recover from Nortech, then Nortech is entitled to a set-off of any amounts found owing against the sum owed by Plaintiff to Nortech due to Plaintiff's own acts, omissions, and/or representations that caused Nortech to expend significant time and resources to its effort to extend its existing contract or obtain a new contract with the WPWMA, which was ultimately unsuccessful.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

4.      Nortech alleges that Plaintiff's injuries and damages were proximately caused by and/or were contributed to by the Plaintiff, and/or Plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiff's behalf. By reason thereof, Plaintiff's damages, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk & Consent)

5.      Nortech alleges that Plaintiff and/or the persons acting on Plaintiff's behalf, assumed the risk of all conduct of the Plaintiff or its agents including, but not limited to, pursuing a contract

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

with a public agency that the agency had the discretion to award to a third party, and not to Plaintiff or Nortech. Plaintiff also consented or acquiesced, expressly or implicitly, to all of the subject conduct and, therefore, Plaintiff's remaining cause of action in the 3AC is barred.

## SIXTH AFFIRMATIVE DEFENSE

### (Proximate Cause – Other Persons)

6.      Nortech alleges that the damages alleged to have been suffered by Plaintiff were proximately caused or contributed to by acts or failures to act of persons other than Nortech, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the 3AC. By reason thereof, Plaintiff's damages, if any, as against Nortech must be reduced by the proportion of fault attributable to such other parties, and to the extent that this is necessary, Nortech may be entitled to partial indemnity from others on a comparative fault basis.

## SEVENTH AFFIRMATIVE DEFENSE

### (Substantial Factor)

7.      Nortech alleges that Plaintiff's remaining cause of action is barred because no act or omission that Plaintiff alleges is attributable to Nortech was a substantial factor in the damages, if any, Plaintiff claims to have suffered. Nortech performed all legal obligations it owed to Plaintiff, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

8.      Nortech alleges, without admitting that it ever formed or intended to form a fiduciary relationship with Plaintiff, that Plaintiff's remaining cause of action is barred because the conditions required to be met for recovery by Plaintiff, if any, have not been met. Such conditions include, but are not limited to, Nortech and Plaintiff executing a written modification to prior agreements wherein they disclaimed any legal obligation to each other, and Nortech and Plaintiff executing any agreement related to Nortech's extension of its existing contract or award of a new contract with the WPWMA to operate the waste management facility in Roseville, California. Such events were conditions precedent to any legal relationship to form or exist between Nortech and Plaintiff, which relationship was to be that of Nortech as the primary contractor and Plaintiff as a subcontractor.

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT

1                                          **NINTH AFFIRMATIVE DEFENSE**

2                                         **(Privilege – Cal. Civ. Code § 47)**

3       9.       Nortech alleges that Plaintiff's remaining claims, to the extent they are based on any

4 communicative conduct, are barred because such communicative conduct was made without malice

5 and is therefore absolutely privileged.

6                                       **TENTH AFFIRMATIVE DEFENSE**

7                                   **(No Injury or Damage)**

8       10.      Nortech alleges that Plaintiff has not been injured or damaged as a proximate result

9 of any act or omission for which Nortech is responsible.

10                               **ELEVENTH AFFIRMATIVE DEFENSE**

11                             **(Speculative Damages)**

12       11.      Nortech alleges, without admitting that any damages were suffered by Plaintiff, that

13 Plaintiff's claimed damages are speculative and improper.

14                             **TWELFTH AFFIRMATIVE DEFENSE**

15                             **(Failure to Mitigate)**

16       12.      Nortech alleges that Plaintiff's remaining cause of action is barred due to Plaintiff's

17 failure to mitigate any purported damages, including, but not limited to, Plaintiff's failure to submit

18 a compliant response to the WPWMA RFP.

19                           **THIRTEENTH AFFIRMATIVE DEFENSE**

20                                 **(No Malice)**

21       13.      Nortech alleges that Plaintiff's alleged requests for punitive, exemplary, or other

22 enhanced damages are barred because Nortech did not at any time act with oppression, fraud or

23 malice towards Plaintiff and, moreover, the request for punitive damages is barred by the provisions

24 of California Civil Code Section 3294.

25 ///

26 ///

27 ///

28 ///

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Justification)**

14.     Nortech alleges that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on his behalf, Plaintiff is barred from prosecuting the remaining cause of action set forth in the 3AC because Nortech was justified in the acts and/or omissions alleged in therein.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

15.     Nortech alleges that Plaintiff's remaining cause of action is barred by the statute of frauds.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

16.     Nortech alleges that Plaintiff's remaining cause of action is barred to the extent it arises from conduct that occurred beyond the applicable statutes of limitations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

17.     Nortech alleges that Plaintiff is barred in whole or in part from prosecuting its remaining cause of action by the doctrine of laches.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

18.     Nortech alleges that Plaintiff's remaining cause of action is barred, in whole or in part, by the doctrine of unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

19.     Nortech alleges that Plaintiff has waived any right which it may have had to recover, and/or is estopped from recovering, any relief sought against Nortech in its remaining cause of action due, in whole or in part, to Plaintiff's own agreements, conditions, and representations, including those set forth in the Non-Disclosure and Confidentiality Agreements executed on March 27, 2020.

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Unjust Enrichment)

3    20.    Nortech alleges that Plaintiff would be unjustly enriched if it was allowed to recover

4  the damages it seeks.

5

## TWENTY-FIRST AFFIRMATIVE DEFENSE

6

### (Adequate Remedy)

7    21.    Plaintiff's claims for equitable relief are barred, in whole or in part, because Plaintiff

8  has an adequate remedy at law.

9    WHEREFORE, Nortech prays for relief as follows:

10    1.    That Plaintiff take nothing by reason of its 3AC and that judgment be entered against

11  Plaintiff and in favor of Nortech.

12    2.    That Nortech be awarded the reasonable attorneys' fees and costs it incurs in

13  defending this action;

14    3.    That Nortech be granted such other and further relief as the Court may deem just and

15  proper.

16

17  DATED: November 7, 2023                    HANSON BRIDGETT LLP

18

19
                                        By:    /s/ Lawrence M. Cirelli
20                                             LAWRENCE M. CIRELLI
                                               MATTHEW J. PECK
21                                             G. THOMAS RIVERA III
                                               Attorneys for Defendant
22                                             NORTECH WASTE LLC

23

24

25

26

27

28

DEFENDANT NORTECH WASTE LLC'S ANSWER TO PLAINTIFF ECOHUB, LLC'S THIRD
AMENDED COMPLAINT