1   ROBERT W. MAY (CA SBN 295566)
    RMay@mofo.com
2   ALEXANDRA BEAUDOIN PLUTSHACK (CA SBN 313690)
    APlutshack@mofo.com
3   ANNEL BECERRA RODRIGUEZ (CA SBN 346096)
    ABecerraRodriguez@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street,
5   San Francisco, California  94105-2482
    Telephone:    415.268.7000
6   Facsimile:    415.268.7522

7   Attorneys for Defendant
    RECOLOGY INC.
8

9                     UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13  ECOHUB, LLC,                           Case No. 3:22-cv-09181-TSH

14              Plaintiff,                  **DEFENDANT RECOLOGY INC.'S
                                            ANSWER TO PLAINTIFF'S THIRD
15        v.                                AMENDED COMPLAINT**

16  RECOLOGY INC., NORTECH WASTE LLC,       Courtroom:  G - 15th Floor
    AND DOES 1 THROUGH 10,                  Judge:  Hon. Thomas S. Hixson
17
                Defendant.                  Action Filed:  December 20, 2022
18                                          Trial Date:  May 26, 2025

19

20        Recology Inc. ("Recology") hereby submits its Answer to EcoHub, LLC's ("EcoHub's")

21  Third Amended Complaint for Breach of Fiduciary Duty, Aiding and Abetting Breach of

22  Fiduciary Duty, Intentional Interference with Prospective Economic Advantage, and Negligent

23  Interference with Prospective Economic Advantage ("Third Amended Complaint" or "TAC").

24  Except as specifically admitted below, Recology denies each and every allegation made by

25  EcoHub in its Third Amended Complaint.

26

27

28

1

**INTRODUCTION**

2       1.      Paragraph 1 consists of Plaintiff's characterizations of this action to which no

3 response is required.  To the extent the allegations in Paragraph 1 are deemed factual allegations

4 to which a response is required, Recology denies these allegations.

5       2.      Recology admits that Recology is one of three members of Nortech Waste LLC

6 ("Nortech") and is a 33% minority owner, with the right to appoint 1 out of 3 directors on

7 Nortech's board of directors.  Except as expressly admitted, Recology denies the remaining

8 allegations in Paragraph 2.

9       3.      Recology lacks knowledge as to information within the possession of EcoHub, and

10 on that basis denies these allegations.  Recology denies all other allegations in Paragraph 3.

11       4.      Recology admits that in or about May 2020, June 2020, and September 2020,

12 Recology's appointed member of the Nortech board participated in a meeting of the Nortech

13 board, during which the board approved Nortech's pursuit of a long-term extension of Nortech's

14 existing contract to manage and operate the Western Placer Waste Management Authority's

15 ("WPMA") facility in Roseville, California, in collaboration with EcoHub.  Except as expressly

16 admitted, Recology denies the allegations in Paragraph 4.

17       5.      Recology denies the allegations in Paragraph 5.

18       6.      The allegations against Recology in Paragraph 6 relate to claims no longer at issue

19 in this matter, as Plaintiff's aiding and abetting claim was narrowed by the Court in its October

20 11, 2023 order.  *See* Order re: Motions to Dismiss, at 18-22 (ECF No. 49).  To the extent a

21 response is required to Paragraph 6, Recology denies these allegations.

22       7.      Recology admits that on or about October 2020, Recology's appointed member of

23 the Nortech board participated in a meeting of the Nortech board, at which Recology's appointee

24 did not favor Nortech proceeding to submit a response to the WPWMA Request for Proposal

25 ("RFP") in collaboration with EcoHub.  Recology lacks knowledge as to information within the

26 possession of EcoHub or Nortech, and on that basis denies the remaining allegations.  Except as

27 specifically admitted, Recology denies all other allegations against it in Paragraph 7.

28       8.      Recology denies the allegations in Paragraph 8.

9.      Paragraph 9 consists of Plaintiff's characterizations of this action and legal arguments and conclusions to which no response is required.  To the extent a response is required, Recology denies the allegations in Paragraph 9.

**THE PARTIES**

10.      Recology lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 10 and on that basis denies these allegations.

11.      Recology admits the allegations in Paragraph 11.

12.      Recology admits that Nortech is a California limited liability company with three members, one of which is Defendant Recology, a California corporation.  Except as expressly admitted in response to Paragraph 12, Recology lacks sufficient knowledge or information to form a belief regarding the truth of the allegations and on that basis denies such allegations.

13.      Paragraph 13 consists of legal arguments and conclusions to which no response is required. To the extent a response is required, Recology denies the allegations in Paragraph13.

**JURISDICTION AND VENUE**

14.      Paragraph 14 consists of legal arguments and conclusions to which no response is required.

15.      Paragraph 15 consists of legal arguments and conclusions to which no response is required.

16.      Paragraph 16 consists of legal arguments and conclusions to which no response is required.

**FIRST CAUSE OF ACTION: BREACH OF FIDUCIARY DUTIES**
**(AGAINST NORTECH)**

17.      In response to Paragraph 17, Recology incorporates its answers to Paragraphs 1 through 16.

18.      As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Recology admits that in or about May 2020, June 2020, and September 2020, Recology's representative to the Nortech board of directors participated in a meeting of the Nortech board,

1   during which the board approved of Nortech pursuing an extension of Nortech's existing contract

2   with WPWMA in collaboration with EcoHub.  Recology further admits that on or about October

3   2020, Recology's appointed member of the Nortech board participated in a meeting of the

4   Nortech board, at which Recology's appointee did not favor Nortech proceeding to submit a

5   response to the WPWMA RFP in collaboration with EcoHub.  Recology lacks sufficient

6   knowledge or information to form a belief regarding the truth of the remaining allegations in

7   Paragraph 18, including sub-paragraphs 18(a)–18(i), of the Complaint and on that basis denies

8   such allegations.

9          19.     As EcoHub's first cause of action for breach of fiduciary duties is brought solely

10   against Nortech, no response is required from Recology.  To the extent a response is required,

11   Recology lacks sufficient knowledge or information to form a belief regarding the truth of the

12   allegations in Paragraph 19 of the Complaint and on that basis denies such allegations.

13          20.     As EcoHub's first cause of action for breach of fiduciary duties is brought solely

14   against Nortech, no response is required from Recology.  To the extent a response is required,

15   Recology lacks sufficient knowledge or information to form a belief regarding the truth of the

16   allegations in Paragraph 20, including sub-paragraphs 20(a)–20(d), of the Complaint and on that

17   basis denies such allegations.

18          21.     As EcoHub's first cause of action for breach of fiduciary duties is brought solely

19   against Nortech, no response is required from Recology.  To the extent a response is required,

20   Recology lacks sufficient knowledge or information to form a belief regarding the truth of the

21   allegations in Paragraph 21 of the Complaint and on that basis denies such allegations.

22          22.     As EcoHub's first cause of action for breach of fiduciary duties is brought solely

23   against Nortech, no response is required from Recology.  To the extent a response is required,

24   Recology lacks sufficient knowledge or information to form a belief regarding the truth of the

25   allegations in Paragraph 22 of the Complaint and on that basis denies such allegations.

26          23.     As EcoHub's first cause of action for breach of fiduciary duties is brought solely

27   against Nortech, no response is required from Recology.  To the extent a response is required,

28

Recology lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 23 of the Complaint and on that basis denies such allegations.

24.    As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Recology lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 24 of the Complaint and on that basis denies such allegations.

25.    As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Recology states that Paragraph 25 consists of Plaintiff's characterization of this action to which no response is required.  To the extent a response is required, Recology denies the allegations in Paragraph 25.

26.    As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Recology denies the allegations against Recology in sub-Paragraphs 26(c), (d), (e), (f), (g), (h), (j), (k), and (l).  Recology lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 26, including sub-Paragraphs 26(a)–(l), of the Complaint and on that basis denies such allegations.

27.    As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Recology denies the allegations in Paragraph 27.

28.    As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Recology admits that on or about October 2020, Recology's appointed member of the Nortech board participated in a meeting of the Nortech board, at which Recology's appointee did not favor Nortech proceeding to submit a response to the WPWMA RFP in collaboration with EcoHub. Recology denies the remainder of the allegations contained in Paragraph 28.

29.    As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required,

Recology lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 29 and on that basis denies them.

30.    As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Recology states that Paragraph 30 purports to describe the contents of a document.  Recology respectfully refers to that document for its complete and accurate contents and denies any characterizations inconsistent with the document's complete and accurate contents.  Recology lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 30, and on that basis denies them.

31.    As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Recology states that Paragraph 31 purports to describe the contents of a document.  Recology respectfully refers to that document for its complete and accurate contents and denies any characterizations inconsistent with the document's complete and accurate contents.  Recology lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 31, and on that basis denies them.

32.    As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Paragraph 32 consists of Plaintiff's characterizations of this action and legal arguments and conclusions to which no response is required.  To the extent the allegations in Paragraph 32 are deemed factual allegations to which a further response is required, Recology lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 32, and on that basis denies them.

33.    As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Paragraph 33 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in Paragraph 33 are deemed factual allegations to which a further response is required, Recology denies the allegations in Paragraph 33.

34.     As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Paragraph 34 consists of legal conclusions to which no response is required.  To the extent the allegations in Paragraph 34 are deemed factual allegations to which a response is required, Recology denies the allegations in Paragraph 34.

35.     As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, allegations in Paragraph 35 regarding causation are legal conclusions to which no response is required.  Recology lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 35, and on that basis denies them.

36.     As EcoHub's first cause of action for breach of fiduciary duties is brought solely against Nortech, no response is required from Recology.  To the extent a response is required, Paragraph 36 consists of Plaintiff's characterizations of this action and legal arguments and conclusions to which no response is required.  To the extent the allegations in Paragraph 36 are deemed factual allegations to which a further response is required, Recology denies the allegations in Paragraph 36.

**SECOND CAUSE OF ACTION: AIDING AND ABETTING A BREACH OF FIDUCIARY DUTIES**

**(AGAINST RECOLOGY AND THE DOE DEFENDANTS)**

37.     In response to Paragraph 37, Recology incorporates its responses to Paragraphs 1 through 36.

38.     Paragraph 38 consists of legal arguments and conclusions to which no response is required.  To the extent a response is required, Recology denies that Recology is liable to EcoHub for aiding and abetting any alleged breach of fiduciary duty by Nortech.

39.     Paragraph 39 consists of legal arguments and conclusions to which no response is required. To the extent a response is required, Recology lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39, and on that basis denies them.

40.     Recology admits that Recology's appointed member of the Nortech board was present at and participated in the Nortech board of directors meetings on or about May 5, June 5, September 1, October 8, October 13, and October 20, 2020.  Recology admits that on or about October 20, 2020, Recology's appointed member of the Nortech board participated in a meeting of the Nortech board, at which Recology's appointee did not favor Nortech proceeding to submit a response to the WPWMA RFP in collaboration with EcoHub.  Recology further states that the allegations in the first sentence of Paragraph 40 consists of legal conclusions to which no response is required.  To the extent a response is required, Recology denies the allegations in the first sentence of Paragraph 40.  Except as expressly admitted, Recology denies the allegation in Paragraph 40.

41.     The allegations in sub-Paragraphs 41(a), 41(b), 41(c), 41(d), 41(e), 41(g), 41(h), 41(i), 41(j), 41(k), and 41(1) relate to claims no longer at issue in this matter, as Plaintiff's aiding and abetting claim was narrowed by the Court in its October 11, 2023 order.  *See* Order re: Motions to Dismiss, at 18–22 (ECF No. 49). To the extent the allegations in sub-Paragraph 41(a)-41(e) and 41(g)-41(l) are deemed to have not been excluded from Plaintiff's claim, Recology denies these allegations. Recology denies the allegations in sub-Paragraphs 41(f), 41(q), and 41(r).  As to the allegations in sub-Paragraph 41(m), Recology admits that on or about October 20, 2020, Recology's appointed member of the Nortech board participated in a meeting of the Nortech board, at which Recology's appointee did not favor Nortech proceeding to submit a response to the WPWMA RFP in collaboration with EcoHub.  Recology denies the remaining allegations in sub-Paragraph 41(m).  As to sub-Paragraph 41(o), Recology denies all allegations that reference Recology.  As to the remaining allegations in Paragraph 41(o), Recology lacks sufficient knowledge or information to form a belief regarding the truth of the allegations and on that basis denies such allegations.  As to sub-Paragraphs 41(n) and 41(p), Recology states that sub-Paragraphs 41(n) and 41(p), purport to describe the contents of documents.  Recology respectfully refers to those documents for their complete and accurate contents and denies and characterizations inconsistent with the documents' complete and accurate contents.  Recology denies the remaining allegations in sub-Paragraphs 41(n) and 41(p).

42.     Recology lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in the first two sentences of Paragraph 42 and on that basis denies these allegations.  The remaining allegations in Paragraph 42 consists of Plaintiff's characterizations of this action to which no response is required.  To the extent the allegations in Paragraph 42 are deemed factual allegations to which a response is required, Recology denies these allegations.

43.     Paragraph 43 consists of Plaintiff's legal arguments and conclusions to which no response is required.  To the extent a response is required, Recology denies the allegations in Paragraph 43.

44.     Paragraph 44 consists of Plaintiff's characterizations of this action and legal arguments and conclusions to which no response is required.  To the extent a response is required, Recology denies the allegations in Paragraph 44.

**THIRD CAUSE OF ACTION: INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**(AGAINST RECOLOGY, NORTECH, AND THE DOE DEFENDANTS)**

45.     In response to Paragraph 45, Recology incorporates its responses to Paragraphs 1 through 44.

46.     Paragraph 46 consists of Plaintiff's legal arguments and conclusions to which no response is required.  To the extent the allegations in Paragraph 46 are deemed factual allegations to which a response is required, Recology denies these allegations.

47.     Recology admits that Recology is one of three members of Nortech and is a 33% minority owner, with the right to appoint 1 out of 3 directors on Nortech's board of directors. Recology denies the remaining allegations in Paragraph 47.

48.     In response to Paragraph 48, Recology incorporates its response to sub-Paragraphs 41(a)–(r).  Recology otherwise denies the allegations in Paragraph 48.

49.     Paragraph 49 consists of legal arguments and conclusions to which no response is required.  To the extent a response is required, Recology denies the allegations in Paragraph 49.

1    50.    In response to Paragraph 50, Recology incorporates its response to sub-Paragraphs

2  41(a)–(r), Paragraph 42, and Paragraph 43.  Recology otherwise denies the allegations in

3  Paragraph 50.

4    51.    The allegations in Paragraph 51 regarding causation and damages are legal

5  arguments and conclusions to which no response is required.  To the extent a response is required,

6  Recology denies these allegations.  With regard to allegations that relate solely to Nortech,

7  Recology lacks sufficient knowledge or information to form a belief regarding the truth of the

8  allegations and on that basis denies these allegations.  Recology denies the remaining allegations

9  in Paragraph 51.

10    52.    Paragraph 52 consists of Plaintiff's characterizations of this action and legal

11  arguments and conclusions to which no response is required.  To the extent a response is required,

12  Recology denies the allegations in Paragraph 52.

13    53.    Paragraph 53 consists of Plaintiff's legal arguments and conclusions to which no

14  response is required.  To the extent the allegations in Paragraph 53 are deemed factual allegations

15  to which a response is required, Recology denies these allegations.

16    54.    Recology admits that Recology is one of three members of Nortech and is a 33%

17  minority owner, with the right to appoint 1 out of 3 directors on Nortech's board of directors.

18  Recology denies the remaining allegations in Paragraph 54.

19    55.    In response to Paragraph 55, Recology incorporates its response to Paragraphs 28–

20  33, and sub-Paragraphs 41(m)–(r).  Recology denies the remaining allegations in Paragraph 55.

21    56.    Paragraph 56 consists of legal arguments and conclusions to which no response is

22  required.  To the extent a response is required, Recology denies the allegations in Paragraph 56.

23    57.    In response to Paragraph 57, Recology incorporates its response to Paragraphs 28–

24  35, sub-Paragraphs 41(m)–(r), Paragraph 42, and Paragraph 43.  Recology denies the remaining

25  allegations in Paragraph 57.

26    58.    Allegations in Paragraph 58 regarding causation and damages are legal arguments

27  and conclusions to which no response is required.  To the extent a response is required, Recology

28  denies these allegations.  With regard to allegations that relate solely to Nortech, Recology lacks

1    sufficient knowledge or information to form a belief regarding the truth of the allegations and on

2    that basis denies these allegations.  Recology denies the remaining allegations in Paragraph 58.

3         59.     Paragraph 59 consists of Plaintiff's characterizations of this action and legal

4    arguments and conclusions to which no response is required.  To the extent a response is required,

5    Recology denies the allegations in Paragraph 59.

6

7    **FOURTH CAUSE OF ACTION: NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

8    **(AGAINST RECOLOGY, NORTECH, AND THE DOE DEFENDANTS)**

9         60.     In response to Paragraph 60, Recology incorporates its responses to Paragraphs 1

10   through 59.

11        61.     Paragraph 61 consists of Plaintiff's legal arguments and conclusions to which no

12   response is required.  To the extent a response is required, Recology denies the allegations in

13   Paragraph 61.

14        62.     Recology admits that Recology is one of three members of Nortech and is a 33%

15   minority owner, with the right to appoint 1 out of 3 directors on Nortech's board of directors.

16   Recology denies the remaining allegations in Paragraph 62.

17        63.     Paragraph 63 consists of legal arguments and conclusions to which no response is

18   required.  To the extent a response is required, Recology denies the allegations in Paragraph 63.

19        64.     Paragraph 64 consists of legal arguments and conclusions to which no response is

20   required.  To the extent a response is required, Recology denies the allegations in Paragraph 64.

21        65.     In response to Paragraph 65, Recology incorporates its response to sub-Paragraphs

22   41(a)–(r).  Recology denies the remaining allegations in Paragraph 65.

23        66.     In response to Paragraph 66, Recology incorporates its responses to sub-

24   Paragraphs 41(a)–(r), Paragraphs 42, and 43.  Allegations in Paragraph 66 regarding causation

25   and damages are legal arguments and conclusions to which no response is required.  To the extent

26   a response is required, Recology denies these allegations.  With regard to allegations that relate

27   solely to Nortech, Recology lacks sufficient knowledge or information to form a belief regarding

28

the truth of the allegations and on that basis denies these allegations.  Recology denies the remaining allegations in Paragraph 66.

67.     Paragraph 67 consists of Plaintiff's characterizations of this action and legal arguments and conclusions to which no response is required.  To the extent a response is required, Recology denies the allegations in Paragraph 67.

68.     Paragraph 68 consists of Plaintiff's legal arguments and conclusions to which no response is required.  To the extent the allegations in Paragraph 68 are deemed factual allegations to which a response is required, Recology denies the allegations in Paragraph 68.

69.     Recology admits that Recology is one of three members of Nortech and is a 33% minority owner, with the right to appoint 1 out of 3 directors on Nortech's board of directors. Recology denies the remaining allegations in Paragraph 69.

70.     Paragraph 70 consists of Plaintiff's legal arguments and conclusions to which no response is required.  To the extent a response is required, Recology denies the allegations in Paragraph 70.

71.     Paragraph 71 consists of Plaintiff's legal arguments and conclusions to which no response is required.  To the extent a response is required, Recology denies the allegations in Paragraph 71.

72.     In response to Paragraph 72, Recology incorporates its responses to Paragraphs 28–33 and sub-Paragraphs 41(m)–(r).  Paragraph 72 consists of Plaintiff's legal arguments and conclusions to which no response is required.  To the extent a response is requires, Recology denies all allegations in Paragraph 72.

73.     In response to Paragraph 73, Recology incorporates its responses to Paragraphs 28–35, sub-Paragraphs 41(m)–(r), Paragraph 42, and Paragraph 43.  Allegations in Paragraph 73 regarding causation and damages are legal arguments and conclusions to which no response is required.  To the extent a response is required, Recology denies these allegations.  With regard to allegations that relate solely to Nortech, Recology lacks sufficient knowledge or information to form a belief regarding the truth of the allegations and on that basis denies these allegations. Recology denies the remaining allegations in Paragraph 73.

74. Paragraph 74 consists of Plaintiff's legal arguments and conclusions to which no response is required. To the extent a response is required, Recology denies the allegations in Paragraph 74.

## PRAYER FOR RELIEF

Recology responds that the Prayer for Relief contains conclusions of law to which no response is required. To the extent a response is required, Recology denies that EcoHub is entitled to any relief.

## DEMAND FOR JURY TRIAL

Answering the Demand for Jury Trial, Recology denies that Plaintiff is entitled to the requested relief, or any relief, against Recology.

## AFFIRMATIVE DEFENSES

By asserting the affirmative defenses below, Recology does not admit or allege that it bears the burden of proof on any matter related to any of the affirmative defenses. Recology reserves the right to assert any and all other defenses pending the outcome of further investigation and discovery in this action.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations / Statute of Repose)

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or statute of repose.

### THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff EcoHub's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

1   **FOURTH AFFIRMATIVE DEFENSE**

2   **(Waiver, Laches, Acquiescence, and Estoppel)**

3        Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches,

4   acquiescence, and estoppel.

5   **FIFTH AFFIRMATIVE DEFENSE**

6   **(Intervening or Superseding Acts of Third Parties)**

7        Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom

8   Recology had no control.  The acts of such third parties constitute intervening or superseding

9   causes of the harm, if any, suffered by Plaintiff.

10   **SIXTH AFFIRMATIVE DEFENSE**

11   **(No Breach of Duty)**

12        Recology breached no duty owed to Plaintiff.

13   **SEVENTH AFFIRMATIVE DEFENSE**

14   **(Good Faith/Bona Fide Error)**

15        The claims against Recology are barred, in whole or in part, because Recology acted with

16   due care, and behaved reasonably and in good faith at all times relevant to the Third Amended

17   Complaint. The claims are further barred because, although Recology denies each and every

18   claim and denies that it engaged in wrongdoing of any kind, any alleged error on Recology's part

19   was a bona fide error notwithstanding Recology's use of reasonable procedures to avoid any such

20   error.

21   **EIGHTH AFFIRMATIVE DEFENSE**

22   **(No Entitlement to Damages)**

23        Plaintiff's claims are barred from any recovery because Plaintiff cannot show it is entitled

24   to damages as a result of any acts or omissions by Recology.

25   **NINTH AFFIRMATIVE DEFENSE**

26   **(Failure to Mitigate Damages)**

27        Plaintiff's claims for damages should be denied or reduced due to Plaintiff's failure to

28   mitigate its alleged damages, in whole or in part.

1

## TENTH AFFIRMATIVE DEFENSE

2

## (Adequate Remedy)

3      Plaintiff's claims for equitable relief are barred, in whole or in part, because Plaintiff has

4   an adequate remedy at law.

5

## ELEVENTH AFFIRMATIVE DEFENSE

6

## (Unjust Enrichment/Offset)

7      Plaintiff is barred from recovery to the extent it would be unjustly enriched by any

8   recovery. As such, any claims for damages or other monetary relief must be offset and reduced by

9   the value received.

10

## TWELFTH AFFIRMATIVE DEFENSE

11

## (Duplicative Claims)

12      Remedies are limited to the extent Plaintiff seeks overlapping or duplicative recovery

13   pursuant to various claims based on the same alleged wrongdoing.

14

## DEFENDANT'S PRAYER FOR RELIEF

15      WHEREFORE, Defendant Recology prays for judgment as follows:

16      1.      That Plaintiff take nothing by its Third Amended Complaint;

17      2.      That judgment be rendered in favor of Recology;

18      3.      That the Court award Recology its reasonable costs, expenses, and attorneys' fees

19   incurred in defense of this action; and

20      4.      For such other and further relief as the Court deems just and proper.

21

22   Dated: November 7, 2023                         MORRISON & FOERSTER LLP

23

24                                              By:  /s/ Robert W. May
                                                    Robert W. May

25                                                  *Attorneys for Defendant*
                                                    RECOLOGY INC.
26

27

28