**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**San Francisco Division**

EcoHub, LLC,

        Plaintiff,

v.

Recology Inc., Nortech Waste LLC, and
Does 1 through 10,

        Defendants.

**Case No. 3:22-cv-09181-TSH**

**JOINT DISCOVERY LETTER REGARDING
DISPUTE OVER PLAINTIFF'S FIRST SET
OF DOCUMENT REQUESTS**

      Pursuant to the Court's instruction (conveyed by Courtroom Deputy Rose Maher on

December 22, 2023) and the Court's Discovery Standing Order, the parties submit the following joint

statement regarding their disputes concerning Plaintiff's first set of document requests.  The parties

attest that their lead counsel have met and conferred regarding these disputes in good faith.

Date:  January 11, 2024

      Respectfully submitted,

      By:  */s/ Jeff Eichmann*
          John Jeffrey Eichmann (CA 227472)
          **EICHMANN, a professional corporation**
          Attorneys for Plaintiff EcoHub, LLC

      By:  */s/ Robert May*
          ROBERT W. MAY (CA SBN 295566)
          **MORRISON & FOERSTER LLP**
          Attorneys for Defendant
          RECOLOGY INC.

      By:  */s/ Lawrence Cirelli*
          **HANSON BRIDGETT LLP**
          LAWRENCE M. CIRELLI, SBN 114710
          Attorneys for Defendant
          NORTECH WASTE LLC

## I.      Plaintiff's Position.

Disputes remain concerning EcoHub's RFPs 1-3 (served October 23, 2023).  No production has been made to date by Recology.  Nortech recently made a partial production, which came exclusively from the paper files of its counsel, who happened to already have some of the requested materials.[1]  EcoHub's requests are directed to core issues and are proportionate to the needs of a factually dense case with a high monetary value.[2]  Defendants' objections should be overruled.  And their ongoing efforts to delay production and stall the submission of this dispute to the Court with false complaints about a meet and confer process that has spanned numerous weeks, calls, and emails should be rejected.

**The RFPs in dispute:**  RFP 1 seeks meeting agendas, notes, minutes, resolutions, or consents of the management or Board of Recology and/or Nortech that relate to California Senate Bill 1383.  Ex. A at 1, Ex. B at 1.  These materials are relevant to show Defendants' assessment of SB 1383 and their plans for complying with its new regulations at the WPWMA's Roseville facility—plans that relied upon and required Nortech's partnering with EcoHub.  RFP 2 seeks meeting agendas, notes, minutes, resolutions, or consents of the management or Board of Recology and/or Nortech that relate to EcoHub or its founder and CEO George Gitschel.  Ex. A at 1, Ex. B at 1.  These materials are relevant to show Defendants' assessment of EcoHub and Gitschel, their technology, the ability of that technology to enable compliance with SB 1383, the existence of a partnership between EcoHub and Nortech, and the breaches of fiduciary duty and wrongful efforts (aided and abetted by Recology) to terminate the partnership by Nortech.  RFP 3 seeks meeting agendas, notes, minutes, resolutions, or consents of the management or Board of Recology and/or Nortech that relate to Nortech's plans to amend and extend its contract with the WPWMA or win the WPWMA's RFP process, in the period of 2018 or later.  *Id.*  These materials are relevant to show Defendants' assessment of what would be needed to obtain an amended contract for the Roseville facility or to win the RFP, and their plans to do so with or without Nortech's partner, EcoHub.

**Defendants' objections:**  Recology asserts a series of "general objections" (Ex. C at 1-3) that are boilerplate and improper.  *Ioannis Kanellakopoulos v. Unimerica Life Ins. Co.*, No. 5:15-cv-04674-BLF (HRL), 2017 U.S. Dist. LEXIS 121772, at *2-3 (N.D. Cal. Aug. 2, 2017) ("Insofar as Unimerica simply incorporated by reference its list of General Objections, wholesale, into its response to each request, those objections are waived.").  Recology also objects to each request as "irrelevant to any claim or defense in this matter and not proportionate to the needs of this case."  Ex. A at 1-5.  These conclusory objections are without merit.

Defendants' objections also state that the requests do not specify a time period.  Ex. A at 1-5, Ex. B at 1-4.  Defendants proposed a time period of January 1, 2018 to December 30, 2022 (*id.*), which they contend is generous since it is broader than the alleged duration of the EcoHub-Nortech partnership.  *Id.*; (meet and confer discussions).  A document covering the specified subject matter is relevant to the case, regardless of whether it was created prior to or after the

---

[1] In contrast, in seeking dismissal Nortech repeatedly attempted to introduce emails and other electronic documents that it searched for and obtained from Nortech custodians.

[2] The value of the contract opportunity the EcoHub-Nortech partnership lost was substantial. *See* FCC Environmental awarded California mixed waste contract worth up to $1.5B | Waste Dive.

date of the partnership. *Ho v. Pinsukanjana*, No. 17-cv-06520-PJH (TSH), 2019 U.S. Dist. LEXIS 27114, at *4 (N.D. Cal. Feb. 20, 2019) (ordering Defendant "to produce responsive documents from 2006 to the present" despite the pleadings showing that "the claims and counterclaims relate to conduct from 2012 to the present.").[3]  In our draft of this letter brief, we demonstrated that RFPs 1 and 3 do have time limits.  RFP 1 relates to SB1383 (passed in September 2016) and therefore inherently includes a time frame, whereas RFP 3 expressly states that it is seeking materials in the year 2018 or after.  Defendants have claimed to be surprised by this position.  Rather than simply acknowledge their objections are untenable, Defendants seek to litigate a meta dispute about the meet and confer process.  In addition, although Defendants now accept the begin date for RFPs 1 and 3, the dispute is not resolved.  Defendants continue to seek an arbitrary end date of December 30, 2022.  Neither RFP should be limited as proposed.  Any responsive non-privileged documents Defendants continue to generate on the subjects of RFPs 1 and 3 after December 30, 2022 are no less relevant than those generated before that date.[4]

         As for RFP 2, relevant materials relating to EcoHub and George Gitschel will exist in earlier years, given Recology's long prior knowledge of EcoHub and Gitschel, and Nortech's work with Gitschel going back to 2005.  ECF No. 41 (TAC) ¶ 10.  There is no basis to exclude those materials, which will establish EcoHub's credibility, the value of its technology, and the subsequent existence of the EcoHub-Nortech partnership.  Moreover, Defendants cannot support their assertions of undue burden searching for and producing materials that pre- or post-date their proposed time period.[5]  In response, Defendants claim that we "speculate[]" about the existence of documents in this earlier time period, and they observe that EcoHub was not legally formed until 2015.  We are not speculating.  We know Nortech and Recology knew of EcoHub and Gitschel long before the present dispute, and Defendants do not (and cannot) actually deny this.  That EcoHub, LLC was not formed until 2015 is of no help to Defendants.  They seek to limit the RFP to a start date in 2018, not 2015.  Moreover, RFP 2 expressly refers to Gitschel himself, who has been in the industry since 1982 and performed important work at the Roseville facility (with Nortech) starting in 1995.  TAC ¶ 10.

         Recology objects to "drafts or versions thereof" and "meeting notes" as "vague and ambiguous" and unduly burdensome (ex. A at 3-5), seeks to produce only "portions of any non-privileged final minutes and materials" (*id.* at 4), and refuses to search for responsive electronic or handwritten notes for any time period (meet and confer discussions).  Nortech attempts to limit "meeting notes" to "notes taken contemporaneously during a meeting of Nortech's Board of Directors."  Ex. B at 2-3.  EcoHub's requests use clear, basic English.  Moreover, the requests are not limited to materials concerning official Board meetings, or notes taken in real time, nor should they be.  Notes and other documents (electronic or handwritten) concerning relevant

---

[3] The complaint pleads conduct that goes back prior to the EcoHub-Nortech partnership.  This includes Recology's development of the three-bin system and industry dominance (TAC ¶ 2), Nortech's longstanding relationship with George Gitschel, including Gitschel's many visits to the Roseville facility (*id.* ¶ 10), as well as the repeated references in the complaint to SB 1383.

[4] Issues concerning privilege logs are distinct from those concerning relevance and the burden of locating and producing relevant evidence.

[5] *Oliva v. Cox Communs. Las Vegas, Inc.*, No. 2:18-cv-01718-RFB-NJK, 2018 U.S. Dist. LEXIS 199461, at *6 (D. Nev. Nov. 26, 2018) ("Defendant has not provided any declaration or other evidence as to the burden it would sustain in providing the requested documents. Defendant's conclusory assertion of undue burden is insufficient." (internal citations omitted)).

meetings should not be excluded simply because they were created before or after the meeting.[6, 7] Nor are Defendants entitled, as they suggest, to wait until they have *all* of EcoHub's document requests for the entire case before they collect and search their electronic evidence. Their discovery obligations began months ago and are ongoing. There is no logic or caselaw, and certainly no supported assertion of burden, that justifies stonewalling EcoHub's on its narrow set of initial document requests on the theory that additional, follow up requests will later be coming. This is a serious case and Defendants need to take it seriously. That means complying with their discovery obligations at the beginning of the case and throughout its duration.

### B.    Relief requested and final proposed compromise.

<u>Relief requested</u>:  That Defendants' non-privilege objections be overruled and that Defendants produce all non-privileged responsive documents and a privilege log within 20 days.[8]

<u>Final proposed compromise</u>:  For RFP 1, Plaintiff could accept a time period of January 1, 2016 to the present.  For RFPs 2 and 3, their current scope should not be further limited.

## II.    Defendants' position.

***The 3AC.***  EcoHub's lawsuit, filed December 30, 2022, alleges that from April 2019 to January 2021, its relationship with Nortech constituted a partnership, which gave rise to fiduciary duties. (¶¶ 18, 23.) Nortech allegedly breached those duties between May 2020 and January 2021 by failing to lobby WPWMA, failing to disclose information, terminating joint efforts to contract with the WPWMA, submitting a separate RFP bid, and making "disparaging" statements about EcoHub. (¶¶ 26(a)-(l), 30-34, 41.) The earliest supporting fact EcoHub alleges concerns a February 2020 phone call. (¶¶ 18, 23.) EcoHub alleges that Recology (one of Nortech's three members) aided and abetted these breaches and intentionally and negligently interfered with the EcoHub/Nortech relationship during the same time period. (¶¶ 37-74.)

***The Temporal Objection as to RFP 2 Should Be Sustained.***  Because RFPs 1-3 fail to provide any clear limitation as to the relevant time period, Defendants offered to produce documents covering a five-year period, from January 1, 2018 to December 30, 2022. (Ex. C, 3-5; Ex. D, 2-4.) Defendants' suggested parameters would mean EcoHub will receive documents: (a) predating the earliest fact pled as evidence of the alleged fiduciary relationship ***by over two years***; and (b) postdating the last alleged breach ***by almost two years*** and stopping at the date the lawsuit was filed. This represents "a reasonable period of time connected to the wrongdoing alleged in the operative complaint." *Loop AI Labs Inc. v. Gatti*, 2016 WL 9132846, *3 (N.D. Cal. May 6, 2016). Defendants repeatedly stated, at the outset of the meet-and-confer process in December, they were

---

[6] Drafts and informal notes may be particularly important when it comes to Board meetings, since such documents will often contain more detail and candor than the final, official version.  Defendants now contend that RFPs 2 and 3 do not cover "draft" notes or minutes; if that is the case, why do Recology's objections state that it will at most produce "final" versions of these materials?

[7] Finally, Recology's intent to redact non-privileged information is not proper, particularly given the existence of a protective order.  *Magana-Munoz v. W. Coast Berry Farms, LLC*, No. 5:20-cv-02087-EJD, 2022 U.S. Dist. LEXIS 177988, at *5 (N.D. Cal. Sep. 29, 2022).

[8] To the extent that the Court overrules fewer than all non-privileged objections, we request that Defendants amend their written responses to identify whether they are withholding documents based on any such objections.  Fed R. Civ. P. 34(b)(2)(C)).

willing to consider a broader period if EcoHub articulated a reasonable basis for it. (Ex. E, 10.) Until it shared its portion of its joint statement ("JS") on January 3, EcoHub never even communicated its apparent belief that RFPs 1 and 3 were, in fact, time-limited and, as explained below, EcoHub has repeatedly declined Defendants' invitations to propose and articulate a basis for a compromise time period. (Ex. E, 3.)

The parties have since resolved half of the time period dispute for **RFP 1** and **RFP 3** with Defendants agreeing to collect and review documents back to January 1, 2016 and January 1, 2018, respectively. Regarding the end date, Plaintiff has provided no reason why documents created after EcoHub filed its complaint of December 30, 2022, are relevant to its claims.[9]

With respect to **RFP 2** (meeting minutes, agendas, notes, resolutions, or consents that mention, relate or concern EcoHub or "any of its officers, directors, employees, representatives or consultants, including CEO George Gitschel"), however, EcoHub's response remained *that any temporal limitation is improper* because "if a document speaks to a relevant issue … it is relevant [even if it] predated the formation of the partnership." (Ex. E, 8-9.) EcoHub speculates responsive pre-2018 documents must exist and asserts that they are relevant, "given Recology's long prior knowledge of EcoHub and Gitschel, and Nortech's work with Gitschel going back to 2005." (JS 1-2.) But EcoHub cannot demonstrate why such information is relevant to any claim or defense. This case is about whether a fiduciary relationship existed and was breached (or interfered with) between May 2020 and January 2021—not what work a *non-party* (George Gitschel) allegedly performed in a different capacity, for a different employer, and more than a decade earlier.[10]

The earliest fact EcoHub alleges in support of this alleged partnership is a February 2020 phone call. (¶¶ 18, 23.) Searching for and producing documents that pre-date EcoHub's allegations by more than two years is not proportionate to the needs to this case. *See U.S. ex rel. Jacobs v. CDS, P.A.*, 2016 WL 4146077, at *2 (D. Idaho Aug. 3, 2016) ("The allegations of the complaint logically shape the scope of discovery."); *see, e.g., Tumbling v. Merced Irr. Dist.*, 262 F.R.D. 509, 515 (E.D. Cal. 2009) ("Plaintiff's request for discovery dating back to 1995 is overbroad. His complaint does not contain any allegations identifying specific actions that occurred prior to 2004. Accordingly, the Court limits Plaintiff's discovery requests to on or after January 1, 2002.").

**The "Meeting Notes" Objection Should Be Sustained.** RFPs 1-3 seek any "document that constitutes … meeting notes …" relating to specified topics. (Ex. C, 3-5; Ex. D, 2-4.) Defendants objected to "meeting notes" as "vague and ambiguous." Nortech stated it would construe "meeting notes" to mean "notes taken contemporaneously during a Nortech Board meeting." (*Ibid.*)[11] This response made clear exactly what it was searching for and would produce (and, necessarily, what it wasn't searching for and wouldn't produce) as required by Rule 34. *See Loop AI,* 2016 WL

---

[9] EcoHub alleges no post-January 2021 facts nor does it explain how post-lawsuit documents are relevant to its claims. Additionally, Nortech's WPMA contract expired in mid-2022 and, other than winding-up its affairs, Nortech has no active operations. Overruling this cutoff would force Defendants to incur the substantial cost and burden—which far outweighs EcoHub's speculative and unexplained claim of relevancy—of reviewing (and logging) documents that are highly likely to be privileged, including those that will continue to be generated in the future.

[10] EcoHub did not even exist until late-2015. (*See* Ex. F, which is self-authenticating, FRE 901(1)(A), and subject to judicial notice, *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006).) Documents predating EcoHub's existence are not relevant to Defendants' "assessment of EcoHub, [its] technology, the existence of a partnership…, and the breaches of fiduciary duty and wrongful efforts." (JS, 1.)

[11] Nortech has produced handwritten notes taken by its Board Secretary at 2018-2022 Nortech Board meetings. Nortech has also confirmed that none of its other members maintained similar notes.

9132846, at *2. Moreover, in contrast to the other requested documents, "meeting notes" are not a generally understood corporate document type. *See Am. Muni. Power, Inc. v. Voith Hydro, Inc*., 2021 WL 4891307, at *10 (S.D. Ohio Oct. 20, 2021) (describing document as "meeting notes" is a "vague description" that is insufficient for privilege log purposes). EcoHub's claim the term is "basic English that refers to notes about a meeting" regardless of whether they are "official board minutes" or "were not written during the time the meeting was occurring" and encompasses "communications" is wrong. (JS, 3 and fn. 5; see, e.g., Ex. E, 5-10.)[12] These RFPs do not request "communications" and Defendants do not believe "meeting notes" is reasonably interpreted to include non-contemporaneous communications about a topic discussed at a meeting.[13]

During a meet-and-confer, Recology explained that it understood this RFP to require Recology "to collect handwritten or electronic notes taken by individual directors" to every board meeting over an unlimited period of time, which imposed a burden far outweighing any potential benefit and not proportionate to the needs of the case. (Ex. E, 6-7.) To reduce this burden, Recology instead offered the following: (1) to the extent this RFP 2 seeks emails (which it does not), Recology is not refusing to search for such documents, but for efficiency the collection parameter and search terms should be negotiated ***once*** at the same time as other, future RFPs that seek emails; and (2) upon EcoHub's request, after reviewing responsive minutes, Recology will consider searching for and collecting additional informal documents for a given meeting. (Ex. E, 6-7.) This is a reasonable compromise to address EcoHub's preferred broad definition of "meeting notes."[14]

***Nortech's Relief Requested***: Nortech requests that its objections be sustained.

***Nortech's Proposed Final Compromise***: Regarding RFP 1, Nortech will agree to review and produce responsive, non-privileged documents, if any, going back to January 1, 2016 (Nortech has already done so going back to January 1, 2018). Nortech will also provide a privilege log by January 31, 2023 for its first document production. (EcoHub's demand that Nortech provide a privilege log implies Nortech refused to do so. Nortech stated it would provide one on a timeline agreed to by the parties. (Ex. D, 2:17-18.) EcoHub has not previously raised this issue. (Ex. E).)

***Recology's Relief Requested***: Recology requests that its objections be sustained.

***Recology's Proposed Final Compromise***: Recology is willing to compromise on the same terms as Nortech and agrees to provide a privilege log within 20 days of its first document production.

***Defendants Request a Hearing.*** Defendants believe a hearing on these issues is necessary and that the Court and the parties would benefit from it.

---

[12] EcoHub's claim that RFPs 1-3 sought "drafts" of the requested documents is disingenuous. (JS, 3, fn. 5.) RFP 1 is the only RFP that refers to "drafts or versions thereof" and it does so in reference to SB 1383—not the documents it sought (e.g., meeting minutes). (Compare *Ibid.* and Ex. D, 2-5.)

[13] Were that correct, it would mean RFPs 1-3 would cover any communications related to one of the topics if it was discussed at a meeting. This would require Defendants to review all of their emails to determine whether any refer to one of those topics and was discussed at a meeting. This is unreasonable and illogical. Discovery into ESI, including email communications, should be done pursuant to a process using agreed-upon custodians and search terms as discussed herein. (Ex. E, 5-7.)

[14] EcoHub's objection to Recology's agreement to produce "portions of" minutes is premature. As explained during the parties' meet-and-confer (Ex. E, 6-7), given that the production could contain entirely non-responsive personal identifying information or highly competitively sensitive information, out of an abundance of caution, Recology must reserve the right to make limited redactions. If it is required to do so, such redactions will be clearly labeled and EcoHub is free to challenge them. In short, this issue is not ripe for resolution and Recology has no requested relief regarding it.

Date:  January 11, 2024

Respectfully submitted,

By:  */s/ Jeff Eichmann*
    John Jeffrey Eichmann (CA 227472)
    (admitted in N.D. Cal.)
    **EICHMANN, a professional**
    **corporation**
    662 N. Sepulveda Blvd., Suite 300
    Los Angeles, California 90049
    310-237-9190 (tel.)
    jeichmann@eichmann.com

    Kevin C. Mayer (Bar No. 118177)
    William A. Logan (Bar No. 115042)
    **LOGAN MAYER LLP**
    100 Pine St., Suite 1250
    San Francisco, CA 94111
    415-738-0764 (tel.)
    kmayer@loganmayerllp.com
    wlogan@loganmayerllp.com

    ***Attorneys for Plaintiff EcoHub, LLC***

By:  */s/ Robert May*
    ROBERT W. MAY (CA SBN 295566)
    RMay@mofo.com
    ALEXANDRA BEAUDOIN
    PLUTSHACK
    (CA SBN 313690)
    APlutshack@mofo.com
    ANNEL BECERRA RODRIGUEZ
    (CA SBN 346096)
    ABecerraRodriguez@mofo.com
    **MORRISON & FOERSTER LLP**
    425 Market Street
    San Francisco, California 94105-2482
    Telephone: 415.268.7000
    Facsimile: 415.268.7522
    Attorneys for Defendant
    RECOLOGY INC.

By:  */s/ Lawrence Cirelli*
    **HANSON BRIDGETT LLP**
    LAWRENCE M. CIRELLI, SBN
    114710

lcirelli@hansonbridgett.com
MATTHEW J. PECK, SBN 287934
mpeck@hansonbridgett.com
G. THOMAS RIVERA III, SBN
333556
trivera@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
Attorneys for Defendant
NORTECH WASTE LLC

## SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Date:  January 11, 2024                    Respectfully submitted,

By: */s/ Jeff Eichmann*
John Jeffrey Eichmann (CA 227472)
(admitted in N.D. Cal.)
**EICHMANN, a professional corporation**
662 N. Sepulveda Blvd., Suite 300
Los Angeles, California 90049
310-237-9190 (tel.)
jeichmann@eichmann.com

*Attorneys for Plaintiff EcoHub, LLC*

**Exhibit A**

John Jeffrey Eichmann (Bar No. 227472)
**EICHMANN, a professional corporation**
662 N. Sepulveda Blvd., Suite 300
Los Angeles, CA 90049
310-237-9190 (tel.)
310-237-9199 (fax)
jeichmann@eichmann.com

Kevin C. Mayer (Bar No. 118177)
William A. Logan (Bar No. 115042)
**LOGAN MAYER LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
415-738-0764 (tel.)
415-376-0956 (fax)
kmayer@loganmayerllp.com
wlogan@loganmayerllp.com

*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Division

| | |
|---|---|
| EcoHub, LLC, | **Case No. 3:22-cv-09181-TSH** |
| Plaintiff, | |
| v. | |
| Recology Inc., Nortech Waste LLC, and Does 1 through 10, | |
| Defendants. | |

**Plaintiff EcoHub's Requests for Production Nos. 1-4 to Defendant Recology**

1     To all parties and their counsel of record:

2     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff EcoHub, LLC

3 ("Plaintiff" or "EcoHub") requests that Defendant Recology Inc. ("Recology") serve a written

4 response to the following Requests for Production of Documents and produce the requested

5 documents at the offices of counsel for EcoHub located at 100 Pine Street, Suite 1250, San Francisco,

6 CA 94111 (or by electronic production) within thirty (30) days of being served with these requests.

7

8                   **Documents to be Produced**

9     1.    Each document that constitutes a meeting agenda or notice, meeting minutes or

10 meeting notes, or Board resolutions or written consents of the management or Board of Directors of

11 Recology or Nortech Waste LLC that mentions, relates to, or concerns California Senate Bill 1383

12 (including any drafts or versions thereof).

13     2.    Each document that constitutes a meeting agenda or notice, meeting minutes or

14 meeting notes, or Board resolutions or written consents of the management or Board of Directors of

15 Recology or Nortech Waste LLC that mentions, relates to, or concerns EcoHub (or any of its officers,

16 directors, employees, representatives, or consultants, including CEO George Gitschel).

17     3.    Each document that constitutes a meeting agenda or notice, meeting minutes or

18 meeting notes, or Board resolutions or written consents of the management or Board of Directors of

19 Recology or Nortech Waste LLC that mentions, relates to, or concerns Nortech's plans or efforts to

20 obtain an amended and extended contract, or a new contract in response to the request for proposal

21 process, with the Western Placer Waste Management Authority in the year 2018 or after.

22     4.    Each document that constitutes a contract or agreement between Recology (or any of its

23 affiliates) and Nortech Waste LLC.

24

25 Date:  October 23, 2023          Respectfully submitted,

26                   By: */s/ Jeff Eichmann*

27                     John Jeffrey Eichmann (CA 227472)
                     (admitted in N.D. Cal.)

28                     **EICHMANN, a professional corporation**
                     662 N. Sepulveda Blvd., Suite 300

Los Angeles, California 90049
310-237-9190 (tel.)
jeichmann@eichmann.com

Kevin C. Mayer (Bar No. 118177)
William A. Logan (Bar No. 115042)
**LOGAN MAYER LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
415-738-0764 (tel.)
kmayer@loganmayerllp.com
wlogan@loganmayerllp.com

***Attorneys for Plaintiff EcoHub, LLC***

### Certificate of Service

I certify that counsel of record for all parties are being served on the above date with this document via e-mail.

*/s/ Jeff Eichmann*

**Exhibit B**

John Jeffrey Eichmann (Bar No. 227472)
**EICHMANN, a professional corporation**
662 N. Sepulveda Blvd., Suite 300
Los Angeles, CA 90049
310-237-9190 (tel.)
310-237-9199 (fax)
jeichmann@eichmann.com

Kevin C. Mayer (Bar No. 118177)
William A. Logan (Bar No. 115042)
**LOGAN MAYER LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
415-738-0764 (tel.)
415-376-0956 (fax)
kmayer@loganmayerllp.com
wlogan@loganmayerllp.com

*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Division

| | |
|---|---|
| EcoHub, LLC, | **Case No. 3:22-cv-09181-TSH** |
| Plaintiff, | |
| v. | |
| Recology Inc., Nortech Waste LLC, and Does 1 through 10, | |
| Defendants. | |

**Plaintiff EcoHub's Requests for Production Nos. 1-5 to Defendant Nortech**

To all parties and their counsel of record:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff EcoHub, LLC ("Plaintiff" or "EcoHub") requests that Defendant Nortech Waste LLC ("Nortech") serve a written response to the following Requests for Production of Documents and produce the requested documents at the offices of counsel for EcoHub located at 100 Pine Street, Suite 1250, San Francisco, CA 94111 (or by electronic production) within thirty (30) days of being served with these requests.

**<u>Documents to be Produced</u>**

1.      Each document that constitutes a meeting agenda or notice, meeting minutes or meeting notes, or Board resolutions or written consents of Nortech's management or Nortech's Board of Directors that mentions, relates to, or concerns California Senate Bill 1383 (including any drafts or versions thereof).

2.      Each document that constitutes a meeting agenda or notice, meeting minutes or meeting notes, or Board resolutions or written consents of Nortech's management or Nortech's Board of Directors that mentions, relates to, or concerns EcoHub (or any of its officers, directors, employees, representatives, or consultants, including CEO George Gitschel).

3.      Each document that constitutes a meeting agenda or notice, meeting minutes or meeting notes, or Board resolutions or written consents of Nortech's management or Nortech's Board of Directors that mentions, relates to, or concerns Nortech's plans or efforts to obtain an amended and extended contract, or a new contract in response to the request for proposal process, with the Western Placer Waste Management Authority in the year 2018 or after.

4.      The operating agreement and bylaws of Nortech, including any amendments thereto.

5.      Each document that constitutes a contract or agreement between Nortech and Recology Inc. (or any of its affiliates).

Date:  October 23, 2023                    Respectfully submitted,

By:  _/s/ Jeff Eichmann_____
John Jeffrey Eichmann (CA 227472)
(admitted in N.D. Cal.)
**EICHMANN, a professional corporation**

---

662 N. Sepulveda Blvd., Suite 300
Los Angeles, California 90049
310-237-9190 (tel.)
jeichmann@eichmann.com

Kevin C. Mayer (Bar No. 118177)
William A. Logan (Bar No. 115042)
**LOGAN MAYER LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
415-738-0764 (tel.)
kmayer@loganmayerllp.com
wlogan@loganmayerllp.com

*Attorneys for Plaintiff EcoHub, LLC*

## Certificate of Service

I certify that counsel of record for all parties are being served on the above date with this document via e-mail.

*/s/ Jeff Eichmann*

**Exhibit C**

1  ROBERT W. MAY (CA SBN 295566)
   RMay@mofo.com
2  ALEXANDRA BEAUDOIN PLUTSHACK
   (CA SBN 313690)
3  APlutshack@mofo.com
   ANNEL BECERRA RODRIGUEZ (CA SBN 346096)
4  ABecerraRodriguez@mofo.com
   MORRISON & FOERSTER LLP
5  425 Market Street,
   San Francisco, California 94105-2482
6  Telephone:    (415) 268-7000
   Facsimile:    (415) 268-7522
7
   Attorneys for Defendant
8  RECOLOGY INC.

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

13  ECOHUB, LLC,                          Case No. 3:22-cv-9181-TSH

14            Plaintiff,                   **DEFENDANT RECOLOGY INC.'S
                                           RESPONSES AND OBJECTIONS TO
15       v.                                PLAINTIFF ECOHUB, LLC'S
                                           REQUESTS FOR PRODUCTION
16  RECOLOGY INC., NORTECH WASTE LLC,      NOS. 1–4**
    AND DOES 1 THROUGH 10,
17                                         Action Filed:  December 30, 2022
            Defendants.                    Trial Date:  May 26, 2025
18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil

2    Rules, Defendant Recology Inc. ("Recology") hereby objects and responds to Plaintiff EcoHub,

3    LLC's ("EcoHub") Requests for Production of Documents Nos. 1–4 ("Requests") as follows:

4                                **PRELIMINARY STATEMENT**

5          The following objections and responses are based upon the facts, documents, and

6    information presently known and available to Recology.  Discovery, investigation, research, and

7    analysis are ongoing.  These processes may disclose the existence of additional facts, documents,

8    or information, add meaning to known facts, documents, or information, or lead to additions,

9    variations, or changes to these objections and responses.  Thus, these responses shall not be

10   deemed to be an admission or representation that additional acts, documents, and information

11   responsive to the Requests do not exist.  Recology is in the process of conducting discovery and,

12   as such, the information contained herein remains preliminary.

13         Without obligating itself to do so, Recology reserves the right to supplement, amend, or

14   otherwise modify these objections and responses as additional facts, documents, or information is

15   discovered, revealed, recalled, or otherwise ascertained, and as further investigation, research,

16   analysis, and discovery disclose additional facts, documents, contentions, or legal theories that

17   may apply.  Recology specifically reserves the right to utilize subsequently discovered facts,

18   documents, or other evidence at trial.

19                                 **GENERAL OBJECTIONS**

20         The following General Objections apply to each of the Requests.  The assertion of the

21   same, similar, or additional objections in response to a specific Request does not waive any of

22   these General Objections.  From time to time, and for purposes of emphasis, Recology may

23   restate one or more of the General Objections as Specific Objections to individual Requests.  The

24   failure to include any General Objection in any Specific Objection is not to be interpreted as a

25   waiver of any General Objection.  Any Specific Objection made by Recology in no respect limits

26   or modifies the General Objections stated herein.  Recology reserves the right to supplement,

27   amend, or otherwise modify these objections as may be appropriate.  Furthermore, these

28   responses do not in any way waive any objections by Recology, in this or in any subsequent

proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege, or admissibility of the responses, or the subject matter thereof.

1.      Recology objects to each of the Requests to the extent they seek the disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection.  Recology does not intend to produce such privileged or protected documents and information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege or protection.  Recology reserves the right to object to the introduction at trial or any other use of such documents or information that may be inadvertently disclosed.

2.      Recology objects to each of the Requests to the extent they seek documents and information that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of admissible evidence.

3.      Recology objects to each of the Requests to the extent they call for documents and information for an unreasonable or unlimited period of time or seek documents and information from time periods not relevant to this action.  Without further limitation as to time, such Requests are overbroad, unduly burdensome, not proportional to the needs of this case, seek irrelevant information, and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Recology objects to EcoHub's Requests to the extent they seek private, proprietary, and confidential information and/or trade secrets that is disproportionate to the needs of the case, irrelevant, and/or disclosure of which would be unduly burdensome and/or would cause Recology competitive harm.  Recology objects to producing any documents or information in this matter prior to the entry of a protective order adequate to protect Recology's proprietary and confidential information.

5.      Recology objects to EcoHub's Requests to the extent they seek documents and information that are not within Recology's possession, custody, or control and/or not obtainable by means of a reasonably diligent search.

6.      Recology's agreement to furnish information in response to EcoHub's Requests shall not be deemed an admission regarding the relevance of the requested documents and information, nor is it intended to waive any objections regarding the admissibility thereof.

7.      Recology objects that the date noticed for production is unduly burdensome and not proportional to the needs of the case.  Recology agrees to produce certain responsive, non-privileged documents, as described below, at a mutually agreed upon and convenient time and on a rolling basis following the service of these Objections and Responses.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

Each document that constitutes a meeting agenda or notice, meeting minutes or meeting notes, or Board resolutions or written consents of the management or Board of Directors of Recology or Nortech Waste LLC that mentions, relates to, or concerns California Senate Bill 1383 (including any drafts or versions thereof).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Recology refers to and incorporates by reference the Preliminary Statement and General Objections as if fully set forth herein.  Recology objects to this Request as irrelevant to any claim or defense in this matter and not proportionate to the needs of this case.  Recology further objects to this Request as overly broad and unduly burdensome to the extent it seeks "each" document relating to the subject matter of this Request with no limitation as to time period.  Recology further objects to this Request as vague and ambiguous to the extent it seeks documents related to "drafts or versions thereof."  Recology further objects to this Request as vague, ambiguous, and unduly burdensome to the extent it seeks "meeting notes."  Recology further objects to this request as unduly burdensome, cumulative, and duplicative to the extent it seeks material in the control or possession of Nortech Waste LLC ("Nortech"), a co-defendant in this matter upon whom EcoHub served a nearly identical request (*see* EcoHub's First Set of Requests to Nortech Waste LLC).  Recology further objects to the production of these documents prior to the entry of a protective order adequately protecting Recology's proprietary and confidential information.  Recology further objects to the Request to the extent that it seeks materials that are protected from disclosure by the attorney-client privilege, the attorney work-product protection doctrine, or any other statutory or constitutional privileges or protections.

1    Subject to and without waiving the foregoing, Recology agrees to meet and confer

2    regarding an appropriate scope for collection and review of documents calculated to lead to the

3    discovery of relevant evidence and proportional to the needs of the case.

4    **REQUEST FOR PRODUCTION NO. 2**

5    Each document that constitutes a meeting agenda or notice, meeting minutes or meeting

6    notes, or Board resolutions or written consents of the management or Board of Directors of

7    Recology or Nortech Waste LLC that mentions, relates to, or concerns EcoHub (or any of its

8    officers, directors, employees, representatives, or consultants, including CEO George Gitschel).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

10    Recology refers to and incorporates by reference the Preliminary Statement and General

11    Objections as if fully set forth herein.  Recology objects to this Request as irrelevant to any claim

12    or defense in this matter and not proportionate to the needs of this case.  Recology further objects

13    to this Request as overly broad and unduly burdensome to the extent it seeks "each" document

14    relating to the subject matter of this Request with no limitation as to time period.  Recology

15    further objects to this Request as vague, ambiguous, and unduly burdensome to the extent it seeks

16    "meeting notes."  Recology further objects to this request as unduly burdensome, cumulative, and

17    duplicative to the extent it seeks material in the control or possession of Nortech, a co-defendant

18    in this matter upon whom EcoHub served a nearly identical request (*see* EcoHub's First Set of

19    Requests to Nortech Waste LLC).  Recology further objects to the production of these documents

20    prior to the entry of a protective order adequately protecting Recology's proprietary and

21    confidential information.  Recology further objects to the Request to the extent that it seeks

22    materials that are protected from disclosure by the attorney-client privilege, the attorney work-

23    product protection doctrine, or any other statutory or constitutional privileges or protections.

24    Subject to and without waiving the foregoing, Recology agrees to conduct a reasonable

25    and proportionate search for the portions of any non-privileged final minutes and materials from

26    meetings of the Recology Board of Directors that mention, relate to, or concern EcoHub, created

27    between January 1, 2018, and December 30, 2022.

28

1    **REQUEST FOR PRODUCTION NO. 3**

2         Each document that constitutes a meeting agenda or notice, meeting minutes or meeting

3    notes, or Board resolutions or written consents of the management or Board of Directors of

4    Recology or Nortech Waste LLC that mentions, relates to, or concerns Nortech's plans or efforts

5    to obtain an amended and extended contract, or a new contract in response to the request for

6    proposal process, with the Western Placer Waste Management Authority in the year 2018 or after.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

8         Recology refers to and incorporates by reference the Preliminary Statement and General

9    Objections as if fully set forth herein.  Recology further objects that the Request is unduly

10   burdensome on the grounds that it seeks information that is irrelevant and disproportionate to the

11   needs of the case.  Recology further objects to the Request as unduly burdensome and not

12   proportionate to the needs of this case to the extent it seeks "each" document over a more than

13   five-year time period.  Recology further objects to this Request as vague, ambiguous, and unduly

14   burdensome to the extent it seeks "meeting notes."  Recology further objects to this request as

15   unduly burdensome, cumulative, and duplicative to the extent it seeks material in the control or

16   possession of Nortech, a co-defendant in this matter upon whom EcoHub served a nearly identical

17   request (*see* EcoHub's First Set of Requests to Nortech Waste LLC).  Recology further objects to

18   the production of these documents prior to the entry of a protective order adequately protecting

19   Recology's proprietary and confidential information.  Recology further objects to the Request to

20   the extent that it seeks materials that are protected from disclosure by the attorney-client

21   privilege, the attorney work-product protection doctrine, or any other statutory or constitutional

22   privileges or protections.

23        Subject to and without waiving the foregoing, Recology agrees to conduct a reasonable

24   and proportionate search for the potions of any non-privileged final minutes and materials from

25   meetings of the Recology Board of Directors that mention, relate to, or concern Nortech's plans

26   or efforts to obtain an amended and extended contract, or a new contract in response to the

27   request for proposal process, with the Western Placer Waste Management Authority, created

28   between January 1, 2018, and December 30, 2022.

1    **REQUEST FOR PRODUCTION NO. 4**

2         Each document that constitutes a contract or agreement between Recology (or any of its

3    affiliates) and Nortech Waste LLC.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

5         Recology refers to and incorporates by reference the Preliminary Statement and General

6    Objections as set forth in full herein.  Recology objects that the Request is overbroad on the

7    grounds that it seeks information that is irrelevant and not proportionate to the needs of the case.

8    Recology further objects to the Request as unduly burdensome and not proportionate to the needs

9    of this case to the extent it seeks "each" document with no limitation as to time period.  Recology

10   further objects to the Request as vague and ambiguous to the extent it calls for each "contract or

11   agreement."  In its response, Recology interprets this Request as seeking signed, written

12   contracts.  Recology further objects to this request as unduly burdensome, cumulative, and

13   duplicative to the extent it seeks material in the control or possession of Nortech, a co-defendant

14   in this matter upon whom EcoHub served a nearly identical request (*see* EcoHub's First Set of

15   Requests to Nortech Waste LLC).

16        Subject to and without waiving the foregoing, Recology agrees to produce the Second

17   Amended and Restated Operating Agreement of Nortech Waste LLC, effective from January 26,

18   2017.

19

20

21   Dated: November 22, 2023                          MORRISON & FOERSTER LLP

22

23                                                     By:  /s/ Robert W. May

24                                                          Robert W. May

25                                                     *Attorney for Defendant*
                                                       RECOLOGY INC.

26

27

28

# PROOF OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California  94105-2482.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on November 22, 2023, I served a copy of:

**DEFENDANT RECOLOGY INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF ECOHUB, LLC'S REQUESTS FOR PRODUCTION NOS. 1–4**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

John Jeffrey Eichmann
**EICHMANN, a professional corporation**
662 N. Sepulveda Blvd., Suite 300
Los Angeles, CA 90049
jeichmann@eichmann.com

Kevin C. Mayer
William A. Logan
**LOGAN MAYER LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
kmayer@loganmayerllp.com
wlogan@loganmayerllp.com

*Attorneys for the Plaintiff*

**HANSON BRIDGETT LLP**
LAWRENCE M. CIRELLI
lcirelli@hansonbridgett.com
MATTHEW J. PECK
mpeck@hansonbridgett.com
G. THOMAS RIVERA III
trivera@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105

*Attorneys for Defendant*
*Nortech Waste LLC*

I declare under penalty of perjury that the foregoing is true and correct.  Executed at San Francisco, California, on November 22, 2023.

| Christina Ortega | /s/ Christina Ortega |
|---|---|
| (typed) | (signature) |

**Exhibit D**

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
lcirelli@hansonbridgett.com
MATTHEW J. PECK, SBN 287934
mpeck@hansonbridgett.com
G. THOMAS RIVERA III, SBN 333556
trivera@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for Defendant
NORTECH WASTE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ECOHUB, LLC, | Case No. 3:22-cv-9181-TSH |
| Plaintiff, | **DEFENDANT NORTECH WASTE LLC'S RESPONSES TO PLAINTIFF ECOHUB, LLC'S REQUESTS FOR PRODUCTION, SET ONE** |
| v. | |
| RECOLOGY INC., NORTECH WASTE LLC, and DOES 1 through 10, | Complaint Filed: December 30, 2022 |
| Defendants. | |

PROPOUNDING PARTY:   Plaintiff EcoHub, LLC

RESPONDING PARTY:   Defendant Nortech Waste LLC

SET NO.:   One

Pursuant to Federal Rule of Civil Procedure 34, defendant Nortech Waste LLC ("Nortech") submits these responses and objections to the First Set of Requests for Production (each, "a Request" and, collectively, "the Requests") propounded by plaintiff EcoHub, LLC ("EcoHub").

### PRELIMINARY STATEMENT AND RESPONSE

Nothing in this response should be construed as an admission by Nortech with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in EcoHub's Requests. Nortech has not completed its investigation of the facts relating to this case, its discovery or its preparation for trial. All responses

and objections contained herein are based only upon such information and such documents that are presently available to and specifically known by Nortech. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein. The following objections and responses are made without prejudice to Nortech's right to produce at trial, or otherwise, evidence regarding any subsequently discovered documents. Nortech accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

Subject to its below objections, Nortech will produce any non-privileged, responsive records in response to these Requests that are within its possession, custody, or control in the form or forms in which the information is ordinarily maintained or in a form that is reasonably usable, such as in a portable document format (PDF) on a rolling basis once an appropriate protective order is in-place. Nortech will meet-and-confer with EcoHub regarding said protective order and its anticipated production timeline and an appropriate place for, or manner of, production. Moreover, because Nortech is aware that at least several documents responsive to the Requests are protected, at least in part, from disclosure by an applicable privilege, Nortech will also meet and confer with counsel for EcoHub regarding the appropriate timing for production of a privilege log.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Each document that constitutes a meeting agenda or notice, meeting minutes or meeting notes, or Board resolutions or written consents of Nortech's management or Nortech's Board of Directors that mentions, relates to, or concerns California Senate Bill 1383 (including any drafts or versions thereof).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Nortech objects that the phrase "meeting notes" is vague and ambiguous, and fails to describe the documents with reasonable particularity in violation of Federal Rule of Civil Procedure 34(b). For purposes of responding to these Requests, Nortech has construed that phrase to mean notes taken

contemporaneously during a meeting of Nortech's Board of Directors. Nortech further objects that the Request is not limited as to time and therefore seeks documents that are not relevant to any party's claims or defenses or otherwise within the permitted scope of discovery under Federal Rule of Civil Procedure 26(b). Nortech specifically objects to producing documents that are not within the January 1, 2018 through December 30, 2022 time period. Nortech also objects to the Request to the extent it seeks confidential, proprietary, or trade secret documents or information. Last, Nortech objects to the production of documents (or information contained in documents) that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, Nortech responds as follows: based on a diligent search and a reasonable inquiry, Nortech has identified no documents responsive to this Request for the time period of January 1, 2018 to December 31, 2022. Discovery is ongoing and Nortech reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 2:**

Each document that constitutes a meeting agenda or notice, meeting minutes or meeting notes, or Board resolutions or written consents of Nortech's management or Nortech's Board of Directors that mentions, relates to, or concerns EcoHub (or any of its officers, directors, employees, representatives, or consultants, including CEO George Gitschel).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Nortech objects that the phrase "meeting notes" is vague and ambiguous, and fails to describe the documents with reasonable particularity in violation of Federal Rule of Civil Procedure 34(b). For purposes of responding to these Requests, Nortech has construed that phrase to mean notes taken contemporaneously during a meeting of Nortech's Board of Directors. Nortech further objects that the Request is not limited as to time and therefore seeks documents that are not relevant to any party's claims or defenses or otherwise within the permitted scope of discovery under Federal Rule of Civil Procedure 26(b). Nortech specifically objects to producing documents that are not within the January 1, 2018 through December 30, 2022 time period. Nortech also objects to the Request to the extent it seeks confidential, proprietary, or trade secret documents or information. Last, Nortech

1  objects to the production of documents (or information contained in documents) that are protected

2  from disclosure by the attorney-client privilege, attorney work product doctrine, or both.

3      Subject to and without waiving the foregoing objections, Nortech responds as follows: upon

4  entry of an appropriate protective order, Nortech will produce any responsive, non-privileged

5  documents located after a diligent search and reasonable inquiry for the time period of January 1,

6  2018 to December 31, 2022. Nortech will not produce any documents (or information contained in

7  documents) that fall within an applicable privilege, including the attorney-client privilege and the

8  attorney work-product doctrine. Discovery is ongoing and Nortech reserves the right to supplement

9  this response.

10 **REQUEST FOR PRODUCTION NO. 3:**

11     Each document that constitutes a meeting agenda or notice, meeting minutes or meeting

12 notes, or Board resolutions or written consents of Nortech's management or Nortech's Board of

13 Directors that mentions, relates to, or concerns Nortech's plans or efforts to obtain an amended and

14 extended contract, or a new contract in response to the request for proposal process, with the Western

15 Placer Waste Management Authority in the year 2018 or after.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

17     Nortech objects that the phrase "meeting notes" is vague and ambiguous, and fails to describe

18 the documents with reasonable particularity in violation of Federal Rule of Civil Procedure 34(b).

19 For purposes of responding to these Requests, Nortech has construed that phrase to mean notes taken

20 contemporaneously during a meeting of Nortech's Board of Directors. Nortech further objects that

21 the Request seeks documents that are not relevant to any party's claims or defenses or otherwise

22 within the permitted scope of discovery under Federal Rule of Civil Procedure 26(b). Nortech

23 specifically objects to producing documents that are not within the January 1, 2018 through

24 December 30, 2022 time period. Nortech also objects to the Request to the extent it seeks

25 confidential, proprietary, or trade secret documents or information. Last, Nortech objects to the

26 production of documents (or information contained in documents) that are protected from disclosure

27 by the attorney-client privilege, attorney work product doctrine, or both.

28     Subject to and without waiving the foregoing objections, Nortech responds as follows: upon

entry of an appropriate protective order, Nortech will produce any responsive, non-privileged documents located after a diligent search and reasonable inquiry for the time period of January 1, 2018 to December 31, 2022. Nortech will not produce any documents (or information contained in documents) that fall within an applicable privilege, including the attorney-client privilege and the attorney work-product doctrine. Discovery is ongoing and Nortech reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 4:**

The operating agreement and bylaws of Nortech, including any amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Nortech objects that the Request seeks documents that are not relevant to any party's claims or defenses or otherwise exceeds the permitted scope of discovery under Federal Rule of Civil Procedure 26(b). Nortech specifically objects to producing documents that are not within or were not in-effect during the January 1, 2018 through December 30, 2022 time period. Nortech also objects to the Request to the extent it seeks confidential, proprietary, or trade secret documents or information.

Subject to and without waiving the foregoing objections, Nortech responds as follows: upon entry of an appropriate protective order, Nortech will produce its Second Amended and Restated Operating Agreement that has been in-effect since January 16, 2017. Nortech further responds that, based on a diligent search and a reasonable inquiry, that no "bylaws" were in-effect during the relevant time period. Discovery is ongoing and Nortech reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 5:**

Each document that constitutes a contract or agreement between Nortech and Recology Inc. (or any of its affiliates).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Nortech objects that the phrase "contract or agreement" is overbroad, vague, and ambiguous, and fails to describe the documents with reasonable particularity in violation of Federal Rule of Civil Procedure 34(b). For purposes of responding to these Requests, Nortech has construed that

phrase to mean signed written contracts between Nortech and Recology Inc. Nortech further objects that the Request is not limited as to time or subject matter, and therefore seeks documents that are not relevant to any party's claims or defenses or otherwise exceeds the permitted scope of discovery under Federal Rule of Civil Procedure 26(b). Nortech specifically objects to producing "contracts" or "agreements" that were not entered into during the January 1, 2018 through December 30, 2022 time period.

Subject to and without waiving the foregoing objections, Nortech responds as follows: upon entry of an appropriate protective order, Nortech will produce its Second Amended and Restated Operating Agreement that has been in-effect since January 16, 2017. Based on a diligent search and reasonable inquiry, Nortech further responds that no other "contract or agreement" between Nortech and Defendant Recology, Inc. was entered into by the parties in the January 1, 2018 through December 30, 2022 time period. Discovery is ongoing and Nortech reserves the right to supplement this response.

DATED: November 22, 2023                    HANSON BRIDGETT LLP


By:  _____/s/ Lawrence M. Cirelli_____
     MATTHEW J. PECK
     LAWRENCE M. CIRELLI
     G. THOMAS RIVERA III
     Attorneys for Defendant
     NORTECH WASTE LLC

**PROOF OF SERVICE**

*EcoHub, LLC v. Recology Inc., et al.*
USDC, Northern Dist. Case No. 3:22-cv-9181

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of . My business address is 425 Market Street, 26th Floor, San Francisco, CA 94105.

On November 22, 2023, I served true copies of the following document(s) described as:

**DEFENDANT NORTECH WASTE LLC'S RESPONSES TO PLAINTIFF ECOHUB, LLC'S REQUESTS FOR PRODUCTION, SET ONE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address gmohr@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 22, 2023.

_____
Grace M. Mohr

Case No. 3:22-cv-9181-TSH

DEFENDANT NORTECH WASTE LLC'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY PLAINTIFF ECOHUB, LLC

1

## SERVICE LIST

2

*EcoHub, LLC v. Recology Inc., et al.*
USDC, Northern Dist. Case No. 3:22-cv-9181

3

John Jeffrey Eichmann                          *Attorneys for Plaintiff EcoHub, LLC*

4   Cristina Campos
EICHMANN, a professional corporation

5   662 N. Sepulveda Blvd., Suite 300
Los Angeles, CA 90049

6   Email: jeichmann@eichmann.com
ccampos@eichmann.com

7

Kevin C. Mayer                                 *Attorneys for Plaintiff EcoHub, LLC*

8   William A. Logan
Holly Petrucelli

9   LOGAN MAYER LLP
100 Pine Street, Suite 1250

10  San Francisco, CA 94111
Email: kmayer@loganmayerllp.com

11          wlogan@loganmayerllp.com
hpetrucelli@loganmayerllp.com

12

Robert W. May                                  *Attorneys for Defendant Recology Inc.*

13  Alexandra Beaudoin Plutshack
Annel Becerra Rodriguez

14  MORRISON & FOERSTER LLP
425 Market Street

15  San Francisco, CA 94105-2482
Email: RMay@mofo.com

16          APlutshack@mofo.com
ABecerraRodriguez@mofo.com

17

18

19

20

21

22

23

24

25

26

27

28

20064458.5                                     Case No. 3:22-cv-9181-TSH

**Exhibit E**

## Matthew J. Peck

**From:** Jeff Eichmann <jeichmann@eichmann.com>
**Sent:** Friday, January 5, 2024 3:05 PM
**To:** Matthew J. Peck; May, Robert W.; Lawrence M. Cirelli; Thomas Rivera; Grace M. Mohr; Plutshack, Alexandra B.; Becerra Rodriguez, Annel
**Cc:** Holly D. Petrucelli; Kevin C. Mayer; Willam Logan; Cristina Campos
**Subject:** [EXTERNAL] RE: Defendants' document objections / productions

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Matt,

As I said this morning, feel free to ask the court about the page limit and spacing.

We are available to talk on Monday at 2pm or 4pm PT.

Respectfully, Defendants' barometer for what is reasonable or what constitutes good faith needs recalibration. This is going to be a long and tedious case (with unnecessary added expense) if this is how Defendants intend to over-litigate every micro-issue.

Jeff

**From:** Matthew J. Peck <mpeck@hansonbridgett.com>
**Sent:** Friday, January 5, 2024 2:54 PM
**To:** Jeff Eichmann <jeichmann@eichmann.com>; May, Robert W. <RMay@mofo.com>; Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Cristina Campos <ccampos@eichmann.com>
**Subject:** RE: Defendants' document objections / productions

Jeff,

Nortech and Recology will provide a single-spaced position statement of as close to 2.5 pages as possible—while reserving their rights to exceed that for all the reasons outlined now and previously—by COB next Tuesday, January 9.

I attach a number of recent letter briefs filed with Judge Hixson that confirm our position on this issue and note that the brief you sent is for Judge Orrick. My hope is that providing multiple exemplars of joint letter briefs from matters now pending before Judge Hixson will cause you to reconsider what we view to be an unreasonable and, frankly, unfair position. I trust you know that your proposal means each defendant would only have 1.25 double-spaced pages to state their respective positions. I am frankly surprised that you can't appreciate why defendants would feel that is unfair. I also don't think your view of what you believe is a sufficient word count for defendants to state their respective positions is at all relevant to the issue.

That being said, I am not trying to start a "meta dispute" or "prolong the meet-and-confer process." I am trying to see if there is any room or ability to resolve, or at least narrow, some of these issues before involving the Court. Again, I think your failure to reveal your true positions at the outset of the meet-and-confer process prior to seeking Court intervention

1

is not in the spirit of a good faith meet-and-confer. That said, we are willing to keep trying on the meet-and-confer front as we believe we are required to do. We are available for a phone call Monday afternoon. Please let us know your availability.

Thanks.

Matt

---

**From:** Jeff Eichmann <jeichmann@eichmann.com>
**Sent:** Friday, January 5, 2024 9:25 AM
**To:** Matthew J. Peck <mpeck@hansonbridgett.com>; May, Robert W. <RMay@mofo.com>; Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Cristina Campos <ccampos@eichmann.com>
**Subject:** [EXTERNAL] RE: Defendants' document objections / productions

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Matt,

If you'd like to contact the court to ask about the page limit or spacing, then please proceed.  We think that 2.5 pages double spaced to address three RFPS and a small number of objections is more than sufficient and that 10 pages of single spaced briefing from defendants collectively is not warranted.  (For reference note the attached sample from another case, in which the Defendants provided a joint position in 2.5 pleaded pages).

If you'd like to complain in the briefing about the meet and confer process, rather than focusing on the actual issues in dispute, that is your prerogative.  We reject the apparent attempt to further prolong the meet and confer process on a very discrete and simple set of issues.  We are available to discuss once again by phone this afternoon or on Monday; but again, if Defendants are unwilling to provide the relief we request, I don't see what that accomplishes, other than further delay.

Regarding RFP 1, we noted the inherent time period and then provided a "final compromise" with an express time period, as the court's standing order requires.  Regarding RFP 3 we pointed out that this request already has a time period on its face.  Regarding RFPs 4 and 5, we removed these from the dispute because Nortech produced the operating agreements called for by RFP 5 and because we wanted to reduce the number of disputes presented to the court.

We provided our portion of the letter on January 3 because we did not think it was courteous to do so during the Christmas and New Year holidays.  I would suggest you reevaluate your notion of what constitutes good faith meeting and conferring, but again, if you want to create a meta-dispute rather than addressing the actual disputes, that is up to you.

Please feel free to email the court regarding your opposed request for 10 pages of single spaced briefing, and let us know if Defendants desire a further call.

Regards,
Jeff

**From:** Matthew J. Peck <mpeck@hansonbridgett.com>
**Sent:** Friday, January 5, 2024 8:12 AM
**To:** Jeff Eichmann <jeichmann@eichmann.com>; May, Robert W. <RMay@mofo.com>; Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Cristina Campos <ccampos@eichmann.com>
**Subject:** RE: Defendants' document objections / productions

Jeff,

Thanks for your email on the joint letter brief. I am responding to this email string as it contains the meet-and-confer record that we intend to submit to the Court in connection with the parties' joint letter briefing.

I have spoken with Recology and we will provide our respective single-spaced position statements not to exceed 2.5 pages each by COB next Tuesday, January 9. We believe this conforms to Judge Hixson's Discovery Standing Order as discussed below and further believe that the additional day to prepare our statements is reasonable given you were advised that joint letter briefs would need to be filed on December 22 and did not provide EcoHub's position statement until January 3.

With respect to the format of the joint letter brief, our experience is that they are single-spaced letters (i.e., not on pleading paper) and we would request that format be followed here. We further believe EcoHub's joint letter brief is really two separate letter briefs because it challenges two separate defendants' discovery responses and neither the RFPs nor the responses are the same (although there is overlap on several of the issues in-dispute). This is why we believe Recology and Nortech are each entitled to 2.5 pages each to state their respective positions (and EcoHub gets 2.5 pages to respond to each if it so desires). If you all disagree, we would propose that the parties contact the Court for guidance to get clarity so we can settle the issue.

We have also briefly reviewed your joint letter brief and note that you now, for the first time, have agreed to temporal limits with respect to RFP 1 and RFP 3, have provided additional information on the relevant time period with respect to RFP 2, and have dropped your prior demands with respect to RFPs 4 and 5 (even though both of those RFPs also implicate the same temporal limitation objection). Candidly, it would have been helpful if you had proposed these apparent compromises (which you never presented and frankly are inconsistent with the positions you carved-out during the meet-and-confer process) before seeking Court intervention. Given this change of position, we reiterate our prior offer to meet and confer further regarding the temporal limits.  Let us know if you have any interest in doing so.

If you disagree or want to discuss any of the above-issues, we are available to do so today or Monday. So, please let us know if/when you are available and we can get something on calendar.

Matt

---

**From:** Matthew J. Peck
**Sent:** Friday, December 22, 2023 10:58 AM
**To:** Jeff Eichmann <jeichmann@eichmann.com>; May, Robert W. <RMay@mofo.com>; Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan

<wlogan@loganmayerllp.com>; Cristina Campos <ccampos@eichmann.com>
**Subject:** RE: Defendants' document objections / productions

Jeff,

Yes—the matter has now been submitted to the Court for resolution. I believe that was premature and unnecessary for all the reasons outlined previously. I also believe it could have been avoided had you approached the meet-and-confer process in good faith, which I do not believe you did.

I stand by my prior email, including the statement that allegedly "troubled you" and that you believe is "utterly false". It is not. I do not appreciate the name calling or the lecture. I will extend you the courtesy of not responding in kind.

Happy holidays.

Matt

---

**From:** Jeff Eichmann <jeichmann@eichmann.com>
**Sent:** Friday, December 22, 2023 9:28 AM
**To:** Matthew J. Peck <mpeck@hansonbridgett.com>; May, Robert W. <RMay@mofo.com>; Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Cristina Campos <ccampos@eichmann.com>
**Subject:** [EXTERNAL] RE: Defendants' document objections / productions

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Matt,

As you can see from my prior response, and email to the courtroom deputy, we disagree with the below points and do not think a further meet and confer is required or would be productive.

I write this email in response to your statement that:

We further observe that the assertion in your January 19 email that "Defendants did not ask for any further discussion about why EcoHub believes their objections lack merit" is false. We did so—specifically and repeatedly.

This statement has troubled me since I saw it about 24 hours ago, because it is utterly false and I firmly believe you know the statement to be false.

I do not know you personally or professionally (other than our limited interactions in this case).  But I can tell you something about me:  this sort of thing does not slip through the cracks over here or go unremembered.  Among other things, this will continue to color our view of all positions and representations of defendants.

Additionally, if you are going to invoke the holiday season, I would suggest not sending an 800+ word same-day email response.

Jeff

**From:** Matthew J. Peck <mpeck@hansonbridgett.com>
**Sent:** Thursday, December 21, 2023 10:50 AM
**To:** May, Robert W. <RMay@mofo.com>; Jeff Eichmann <jeichmann@eichmann.com>; Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Cristina Campos <ccampos@eichmann.com>
**Subject:** RE: Defendants' document objections / productions

Hi Jeff,

This responds to your email today and your prior January 19 email.

With respect to your email today, we believe it is premature to seek Court intervention on this. We have had one phone call at which you conveyed your positions. We responded in a detailed email the following day setting forth our positions and indicating our willingness to further meet-and-confer and to seek compromise on these issues. You did not respond to that email for 17 days and, when you finally did, you demanded that we respond immediately and agree to a telephonic conference with the Court in the middle of the week prior to the Christmas holiday. That does not have the indicia of a good faith meet-and-confer effort, particularly where your January 19 response restates the points you made on the call and does not address most of the points we made in our email.

We further observe that the assertion in your January 19 email that "Defendants did not ask for any further discussion about why EcoHub believes their objections lack merit" is false. We did so—specifically and repeatedly. We also sent an email the day following the call that set forth our positions and the basis for them and invited you to respond.

With respect to the substance of your January 19 email, we concur with each of Rob's points as they apply to Nortech. We write separately to address your remaining points that are specific to Nortech.  We would, again, reiterate that we remain willing to meet-and-confer in good faith on these issues and believe it is incumbent on the parties to do so. If you believe, notwithstanding the below, that issues remain which require Court intervention, we should discuss those issues again.

***With respect to the document production***, we informed you on the call that Nortech was working to produce all documents responsive to EcoHub's first set of document requests (subject to its objections/responses) and hoped to do so before the New Year. Nortech expects to meet that commitment. And, I would emphasize that this effort occurred over the holidays and in the midst of negotiating a protective order entered less than two weeks ago that impacts the manner of the production.

***With respect to the temporal scope,*** we continue to believe the January 1, 2018 through December 30, 2022 limitation on discovery is reasonable. We also continue to be amenable to considering a different time period if you can provide a reasonable basis for it. Your email does not propose an alternative time period nor does it meaningfully address our points as to why the temporal period we proposed is reasonable. Your assertion that documents about stated topics (like SB 1383, the Roseville facility contract, EcoHub's technology, etc.) are "relevant notwithstanding that it predated the formation of the partnership between EcoHub and Nortech" is the exact same thing you said on our call and that we specifically rebutted in our email. In addition to the points set forth in our email, I would also observe that Nortech's sole waste management contract was with/for the WPWMA Roseville facility so that particular subject matter, by necessary implication, covers Nortech's entire corporate existence which stretches back three plus decades. I trust we can at least agree that Nortech documents from the mid-1990s or mid-2000s about the WPWMA Roseville facility are not even remotely relevant to any of the issues in this case.

***With respect to "meeting notes" and "contracts and agreements",*** we do not agree nor do we believe you can reasonably assert that EcoHub's requests require Nortech to collect, review, and search its emails—for an unlimited time period—to

identify "agreements or contracts" or any reference to discussions about Nortech Board meetings or the WPWMA Roseville facility. We fully-agree with the other points laid out in Rob's email on this issue.

**With respect to the operating agreement,** you have still never articulated why it is relevant. It is also not readily apparent why it would be. Nevertheless, we agreed to produce it and we agreed to produce the one in-effect since 2016. Your claim that "[e]fforts to avoid producing those based on the alleged time period of the partnership fail for the reasons explained above" again fails to address our point as to relevance. Relatedly, your claim that "understanding" the current operating agreement requires you to have access to "the original and first amended operating agreement" seems particularly attenuated. Notwithstanding, we have conferred with our client and will agree to produce earlier versions of the operating agreement in the interest of compromise.

I would again reiterate the position stated in our prior email and on our call: we remain open to a reasonable compromise on this and other issues related to the objections. To that end, we believe it would be helpful if you could identify a reasonable alternative temporal window and explain the rationale for it.

Matt

**Matthew J. Peck** 
**Partner**
mpeck@hansonbridgett.com
Direct: (415) 995-5080

**Hanson Bridgett LLP**
1676 N. California Blvd., Suite 620
Walnut Creek, CA, 94596
Website | LinkedIn

Costa Mesa • Los Angeles • Sacramento • San Francisco • San Rafael • Walnut Creek

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have. The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

---

**From:** May, Robert W. <RMay@mofo.com>
**Sent:** Thursday, December 21, 2023 9:13 AM
**To:** Jeff Eichmann <jeichmann@eichmann.com>; Matthew J. Peck <mpeck@hansonbridgett.com>; Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Cristina Campos <ccampos@eichmann.com>
**Subject:** [EXTERNAL] RE: Defendants' document objections / productions

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Jeff:

I write to address a few of the items raised in your email below from Tuesday. What follows is Recology's position. I'll let counsel for Nortech chime in separately as needed. First, we respectfully disagree with the comment that Defendants did not ask for any further discussion about why EcoHub believes the objections lack merit. That was the entire point of the meet and confer call from our perspective. And I appreciate your putting some of your positions in writing in Tuesday's email.

1. Regarding the **time period**.  Recology is willing to go back to Jan. 1, 2018, for purposes of Plaintiff's first set of document requests.  That is more than two years before the first allegation in plaintiff's operative complaint.  That is our basis for the objection to plaintiff's preferred unlimited time period.  With all due respect to your position that it is the "objecting party that has the burden," it is overwhelmingly common practice to place reasonable date restrictions on RFPs in any litigation.  Our proposal is reasonable.  Plaintiff needs to provide some concrete, case-specific justification for extending the period earlier besides the plain assertion that "a document that speaks to a relevant issue in the case . . . is relevant notwithstanding that it predated the formation" of the alleged partnership.

2. Regarding the "**meeting notes**" issue.  From Recology's perspective, we are willing to include in our response to this RFP:  agendas, attachments to minutes (such as UWCs, resolutions) or written scripts or talking points used in connection with the meeting, to the extent such documents exist.  We are not willing to attempt to collect handwritten or electronic notes taken by individual directors (to the extent any such documents exist).  The burden of searching for such documents over a five-year period (Recology's proposed timeframe), let alone an unlimited time period (plaintiff's proposal) far outweighs any potential benefit or proportionality to this case.  That said, after plaintiff reviews responsive minutes, we will consider, on a case-by-case basis whether it would be appropriate to search for and collect additional informal documents for a given meeting.

3. Regarding Recology's statement in its objections that it would produce **portions of final minutes**, Given EcoHub's view that it is a putative direct competitor of Recology, we have to reserve the right to redact particular categories of information that are entirely irrelevant to all issues in this case and also constitute:  (i) personal identifying information of individuals; or (ii) highly competitively sensitive or market sensitive information.  We do not anticipate actually doing so, and we hope and expect the ability to use the "highly confidential – attorneys' eyes only" designation will fully address any of Recology's concerns on this issue.  But until we have the full set of documents slated for production, we will not know for sure and need to reserve this right.  Plaintiff of course always has the option of challenging any such redaction.

4. Regarding the request in your email to **interpret "contract or agreements" to include emails**, in order to conduct a reasonable and efficient process, Recology does not intend to collect or review emails in response to this RFP.  To the extent you are looking for emails allegedly constituting "agreements," let's please address that along with any other requests for emails that plaintiff may serve in future RFPs so the collection and search parameters for emails can be negotiated and agreed upon once.

5. Regarding your comment about the **Second Amended Operating Agreement**.  From Recology's perspective, we do not object to production of earlier versions of the Nortech Operating Agreement.

6. Regarding the **"vague and ambiguous" and burden objections**, the burden objections are articulated in more detail earlier in this email and relate primarily to the date range.  And other than as specified above, Recology is not standing on any "vague and ambiguous" objection.

We hope this addresses and resolves many of your open points of disagreement about Plaintiff's first set of document requests and Recology's responses and objections thereto.  If you believe there remain issues that will require court intervention, we are happy to discuss again.

Rob

**ROBERT MAY**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-6322
mofo.com | LinkedIn | Twitter

**From:** Jeff Eichmann <jeichmann@eichmann.com>
**Sent:** Thursday, December 21, 2023 8:21 AM
**To:** Matthew J. Peck <mpeck@hansonbridgett.com>; May, Robert W. <RMay@mofo.com>; Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Cristina Campos <ccampos@eichmann.com>
**Subject:** RE: Defendants' document objections / productions

<mark>External Email</mark>

---

Matt, Rob:

We plan to send the following email, copying all counsel, to the Courtroom deputy by noon today:

Ms. Maher:

The parties in EcoHub v. Recology et al., Case No. 3:22-cv-9181-TSH, have a dispute concerning Defendants' objections and responses to EcoHub's first set of requests for production of documents (Nos. 1-5).  Plaintiff seeks a telephonic conference with the Court to address the dispute.  Please let us know the Court's availability to address this issue with the parties.  Thank you.

Best regards,
Jeff Eichmann
Counsel for Plaintiff EcoHub

---

**From:** Jeff Eichmann
**Sent:** Tuesday, December 19, 2023 1:53 PM
**To:** 'Matthew J. Peck' <mpeck@hansonbridgett.com>; May, Robert W. <RMay@mofo.com>; Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Cristina Campos <ccampos@eichmann.com>
**Subject:** Defendants' document objections / productions

Matt, Rob:

The stipulated protective order has now been signed by the Court and on file/in effect since December 8, yet we still have no production from either defendant of any documents requested by our RFPs served on October 23, nearly two months ago.

Regarding your further comments below, during our call Defendants did not ask for any further discussion about why EcoHub believes their objections lack merit.  The after the fact request appears to lack authenticity and to seek further

delay.  Moreover, it is the objecting party that has the burden to support and defend its objections; so you have the parties' respective obligations backwards.

Regarding the time period objection, we continue to have a dispute.  A document that speaks to a relevant issue in the case (like the requirements of SB 1383, the performance and value of the EcoHub technology, the Roseville facility contract, etc.) is relevant notwithstanding that it predated the formation of the partnership between EcoHub and Nortech.  Defendants' position to the contrary follows no logic.

Regarding "meeting notes", as we explained, this is basic English that refers to notes about a meeting.  We reject Defendants' attempt to limit this term to "contemporaneously taken" minutes.  There is no basis for excluding notes about a relevant meeting simply because they are not the official board minutes or were not written during the time the meeting was occurring.

Regarding the attempt to produce only "portions" of "final minutes and materials," there is no basis for excluding draft materials that contain relevant information.  Nor is there any basis for making redactions other than based on a valid privilege.

Regarding attempts to limit contracts or agreements to "written signed contracts," this too is improper.  Agreements and contracts between Nortech and Recology are relevant to numerous issues in the case, including proving our allegations of aiding and abetting.  If such agreements exist in the form of emails or other documents that are not "written signed contracts" (e.g., emails) they are relevant and should be produced.

Regarding Defendants' attempts to provide only the Second Amended Operating Agreement, this too is improper.  To properly understand that version of the agreement, we will need the original and first amended operating agreement.  Efforts to avoid producing those based on the alleged time period of the partnership fail for the reasons explained above.

As to the balance of Defendants "vague and ambiguous" objections and claims of burden, these are unsupported boilerplate objections that Defendants will not be able to defend.

EcoHub's document requests are targeted to the core issues of the case and clear on their face.  We think Defendants' objections are wholly without merit.

We reiterate our request that the parties address this dispute with the Court telephonically.  Pursuant to the Court's Discovery Standing Order, we ask that the parties contact the courtroom deputy at this time to request a telephone conference.  Please confirm that Defendants will not be refusing this request and we can circulate a draft email to Ms. Maher (the courtroom deputy) later today or tomorrow morning.

Thank you
Jeff

---

**From:** Matthew J. Peck <mpeck@hansonbridgett.com>
**Sent:** Friday, December 1, 2023 7:00 PM
**To:** Jeff Eichmann <jeichmann@eichmann.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Cristina Campos <ccampos@eichmann.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; May, Robert W. <RMay@mofo.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>
**Subject:** RE: EcoHub draft protective order

9

Jeff and Team,

Please find attached Nortech and Recology's proposed revisions to the protective order. We accepted EcoHub's proposed revisions and have redlined against those. If our revisions are acceptable from EcoHub's perspective, please prepare a clean document and circulate that so that we can perform a final review and obtain the appropriate sign-offs from our respective clients prior to filing.

We also wanted to meet-and-confer on several issues raised on our call on Wednesday as discussed. For starters, I think it is fair to say that both Defendants disagree with your position that every single objection interposed to EcoHub's document requests is improper. Other than the objection on the temporal limitation, which we discussed specifically (and which we address further below), I don't believe that you actually articulated your positions or cited any authority.

As one example, you took issue with Nortech objecting that the phrase "meeting notes" is ambiguous and then stating that, for purposes of responding to requests using that term, Nortech would construe it to mean "notes taken contemporaneously during a meeting of the Nortech Board". While you claim "contemporaneous" was not used in the requests, that fails to appreciate that Nortech used that term to make clear the scope of documents it believed were requested and that it would search for and produce. This approach ensures that the responses make clear the scope of documents within (and, by necessary implication, outside) the scope of the requests. You also seemed to suggest that "meeting notes" encompassed any document, including email communications, that discussed anything that happened in a Nortech meeting. We don't think most would reasonably interpret "meeting notes" so broadly—especially given EcoHub's requests do not seek "communications." Moreover, as we pointed out, "meeting minutes" (which Nortech has agreed to produce) are a commonly understood type of corporate document. We don't think the same is true of "meeting notes." And, in any event, as both you and we observed, EcoHub could always just specifically request communications about a given meeting or topic and that would then obviate the issue. But, perhaps we misunderstood your points.  In all events, we believe that getting your position—in writing—on discrete issues like this would help clarify them for the parties and ultimately, if necessary, the Court.

On the date limitation, we are in the process of conferring with our client. As stated on our call, we believe the January 1, 2018 through December 30, 2022 (the date the lawsuit was filed) limitation on discovery is reasonable. The operative complaint alleges a joint venture or partnership relationship existed between Nortech and EcoHub from April 2019 through January 2021 (even though the first alleged fact that suggests any such relationship is an alleged February 7, 2020 telephone call). *See* 3AC, ¶ 18. The threshold limitation on discovery is relevance to a claim or defense and "relevance" means "closely connected". *See* FRCP 26(b)(1). In our view, it is not at all apparent how, for example, Nortech meeting minutes or agendas from 1995 or 2000 or 2005 or 2010 or 2015 that reference SB 1383 (or its predecessor statutes) or George Gitschel or Nortech's contract with the WPWMA are relevant or closely connected to EcoHub's lone breach of fiduciary duty claim against Nortech which is, again, based on alleged acts/omissions that occurred starting in April 2020 and thereafter. We understood your position to be that because the "general subject matter" of the requests (e.g., EcoHub, the WPWMA) is relevant that makes any temporal limitation improper. We don't think that is legally correct because, even assuming something is relevant, whether it is discoverable depends on a balancing of the six other factors identified in FRCP 26(b)(1). In any event, as we stated on the call, temporal limitations on discovery are commonplace and, in our experience, far more often than not agreed to by the parties—we believe the parties have an obligation to make a good faith effort to at least attempt to do so here.

The point being this: we remain open to a reasonable compromise on this and other issues related to the objections. To that end, we believe it would be helpful if you could identify a reasonable alternative temporal window and explain the rationale for it (in addition to your position on the other objections you claim must be withdrawn) and then we can confer with our respective clients and try to reach agreement from there.

Last, to be clear, once the protective order is in place, Defendants will begin producing responsive documents on a rolling basis from the temporal period set forth in its responses. We do not plan to hold back on the production of documents pending an agreement on the temporal limitations or any other issue related to the objections.

All that said, I hope you have a nice weekend, and we look forward to your response.

Sincerely,

Matt

---

**From:** Matthew J. Peck
**Sent:** Tuesday, November 28, 2023 6:14 PM
**To:** Jeff Eichmann <jeichmann@eichmann.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Cristina Campos <ccampos@eichmann.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; May, Robert W. <RMay@mofo.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>
**Subject:** RE: EcoHub draft protective order

Sounds good. I'll circulate an invite momentarily.

Matt

---

**From:** Jeff Eichmann <jeichmann@eichmann.com>
**Sent:** Tuesday, November 28, 2023 6:10 PM
**To:** Matthew J. Peck <mpeck@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Cristina Campos <ccampos@eichmann.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; May, Robert W. <RMay@mofo.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>
**Subject:** [EXTERNAL] RE: EcoHub draft protective order

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Hi Matt,

Let's go with 4pm PST tomorrow (Wed) then.

Thanks,
Jeff

---

**From:** Matthew J. Peck <mpeck@hansonbridgett.com>
**Sent:** Tuesday, November 28, 2023 6:00 PM
**To:** Jeff Eichmann <jeichmann@eichmann.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Cristina Campos <ccampos@eichmann.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; May, Robert W. <RMay@mofo.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>
**Subject:** RE: EcoHub draft protective order

Hi Jeff,

We will review your proposed protective order and will be prepared to discuss on our conference. As far as the conference goes, I spoke with Recology and Thursday is difficult for both of us. We are, however, both available tomorrow after 2:30 pm PST and all day Friday (except from 9:00-10:00 am and 12:00-1:30 pm PST).

If any of those dates/times work on your end, just let me know and I can circulate a calendar invite. Thanks and have a nice evening,

Matt

---

**From:** Jeff Eichmann <jeichmann@eichmann.com>
**Sent:** Tuesday, November 28, 2023 8:41 AM
**To:** Matthew J. Peck <mpeck@hansonbridgett.com>; Grace M. Mohr <GMohr@hansonbridgett.com>; Cristina Campos <ccampos@eichmann.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; May, Robert W. <RMay@mofo.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>
**Subject:** [EXTERNAL] EcoHub draft protective order

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

All:

Attached is a draft protective order, along with a redline over the court's model PO.

We would also like to meet and confer with Defendants regarding their written objections and responses to our document requests.  Please let us know your availability on Wed and Thurs of this week to discuss.

Thanks
Jeff

---

**From:** Matthew J. Peck <mpeck@hansonbridgett.com>
**Sent:** Wednesday, November 22, 2023 6:29 PM
**To:** Grace M. Mohr <GMohr@hansonbridgett.com>; Jeff Eichmann <jeichmann@eichmann.com>; Cristina Campos <ccampos@eichmann.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; May, Robert W. <RMay@mofo.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>
**Subject:** RE: EcoHub, LLC v. Recology Inc. et al; USDC ND 3:22-cv-09181-TSH -- Nortech Response to RFPD

Jeff and Team:

Please propose a couple of dates/times for a call next week so that the parties can meet and confer over an appropriate protective order.

I hope you and yours have a nice Thanksgiving holiday.

Matt

**Matthew J. Peck** 
**Partner**
mpeck@hansonbridgett.com
Direct: (415) 995-5080

**Hanson Bridgett LLP**
1676 N. California Blvd., Suite 620
Walnut Creek, CA, 94596
Website | LinkedIn

Costa Mesa • Los Angeles • Sacramento • San Francisco • San Rafael • Walnut Creek

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have. The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

**From:** Grace M. Mohr <GMohr@hansonbridgett.com>
**Sent:** Wednesday, November 22, 2023 1:57 PM
**To:** jeichmann@eichmann.com; Cristina Campos <ccampos@eichmann.com>; Kevin C. Mayer <kmayer@loganmayerllp.com>; Willam Logan <wlogan@loganmayerllp.com>; Holly D. Petrucelli <hpetrucelli@loganmayerllp.com>; May, Robert W. <RMay@mofo.com>; Plutshack, Alexandra B. <APlutshack@mofo.com>; Becerra Rodriguez, Annel <ABecerraRodriguez@mofo.com>
**Cc:** Lawrence M. Cirelli <lcirelli@hansonbridgett.com>; Matthew J. Peck <mpeck@hansonbridgett.com>; Thomas Rivera <TRivera@hansonbridgett.com>
**Subject:** EcoHub, LLC v. Recology Inc. et al; USDC ND 3:22-cv-09181-TSH -- Nortech Response to RFPD

Good afternoon,

Please find attached the following document in the above-referenced action:

1. **DEFENDANT NORTECH WASTE LLC'S RESPONSES TO PLAINTIFF ECOHUB, LLC'S REQUESTS FOR PRODUCTION, SET ONE**

A hard copy of the attached will not follow.  Thank you.

**Grace M. Mohr** 
**Legal Secretary to Lawrence M. Cirelli**
GMohr@hansonbridgett.com
Direct: (415) 995-5820

**Hanson Bridgett LLP**
425 Market Street, 26th Floor
San Francisco, CA, 94105
Website | LinkedIn

Costa Mesa • Los Angeles • Sacramento • San Francisco • San Rafael • Walnut Creek

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have. The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

**Exhibit F**

F I L E D
In the Office of the
Secretary of State of Texas

SEP 25 2015

Corporations Section

# CERTIFICATE OF CONVERSION
## OF
### ECOHUB, INC.

Pursuant to the provisions of Sections 10.154 and 10.155 of the Texas Business Organizations Code, EcoHub, Inc., a Texas corporation (the "Converting Entity"), does hereby adopt the following Certificate of Conversion for the purpose of converting the Converting Entity into EcoHub, LLC, a Texas limited liability company (the "Converted Entity").

1.     The name, address, form of organization and date of incorporation of the Converting Entity and the state under the laws of which it is organized are:

| Name of Entity and Address | Form of Organization | State | File Number | Date of Incorporation |
|---|---|---|---|---|
| EcoHub, Inc.<br>4615 Southwest Freeway, Ste. 600<br>Houston, TX 77027 | Corporation | Texas | 802181974 | 03/25/2015 |

2.     The name, address, type of entity of the Converted Entity and the state under the laws of which it is organized are:

| Name of Entity and Address | Form of Organization | State |
|---|---|---|
| EcoHub LLC<br>2800 Post Oak Blvd, Ste. 5858<br>Houston, TX 77056 | Limited Liability Company | Texas |

3.     The Converted Entity is being created pursuant to the Plan of Conversion of the Converting Entity, a copy of which is attached as Exhibit "A" hereto (the "Plan"). The Plan was approved, adopted, and executed by the Converting Entity in the manner prescribed by the Texas Business Organizations Code.

4.     The executed Plan is on file at the principal place of business of the Converting Entity, located at 4615 Southwest Freeway, Ste. 600, Houston, TX 77027. In addition, the executed Plan will be on file, from and after the date of conversion, at the principal place of business of the Converted Entity, located at 2800 Post Oak Blvd, Ste. 5858, Houston, TX 77056.

5.     A copy of the Plan will be furnished by the Converting Entity (prior to conversion) or the Converted Entity (after the conversion), upon written request and without cost, to any shareholder of the Converting Entity or any member of the Converted Entity.

6.     The Converted Entity is a Texas limited liability company. The Certificate of Formation of the Texas limited liability company is attached to this Certificate of Conversion as Annex A to the Plan.

# RECEIVED

SEP 2 5 2015

Secretary of State

7.     The Plan has been approved and adopted as required by the laws of the jurisdiction of formation and the governing documents of the Converting Entity.

8.     In lieu of the Comptroller's certificate, the Converted Entity will be responsible for the payment of all fees and franchise taxes.

9.     This document becomes effective when the document is accepted and filed by the Secretary of State.

*[Signature Page Follows]*

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument.

Dated: September 18, 2015.

ECOHUB, INC.

By: _George K. Gitschel_

Name:    George K. Gitschel
Title:    Chief Executive Officer

*Certificate of Conversion*

**EXHIBIT "A"**

**PLAN OF CONVERSION**
**OF**
**ECOHUB, INC.**

1.      The following are the converting and converted entities that are a party to the conversion:

    A.      EcoHub, Inc., a Texas corporation (the "Converting Entity"); and

    B.      EcoHub LLC, a Texas limited liability company (the "Converted Entity").

2.      The Converting Entity shall continue in its existence in the organizational form of the Converted Entity, which shall be a Texas limited liability company organized under the Texas Business Organizations Code.

3.      Each share of stock of the Converting Entity shall be canceled and extinguished and shall be convertible into and become a right to receive from the Converted Entity membership interests in the Converted Entity as reflected in the Limited Liability Company Agreement of the Converted Entity.  Each such membership interest shall have the value attributable to such interest in the Limited Liability Company Agreement of the Converted Entity.

4.      Attached hereto as Annex "A" is the Certificate of Formation of the Converted Entity.

Dated: August 18, 2015.

ECOHUB, INC.

By: _George Gitschel_

Name: _GEORGE GITSCHEL_

Title: _CEO_

HOU:3581436.1

**ANNEX A**

HOU:3581436.1

F I L E D
In the Office of the
Secretary of State of Texas

SEP 2 5 2015

Corporations Section

## CERTIFICATE OF FORMATION

### OF

### ECOHUB LLC

The undersigned, acting as organizer of a limited liability company under the Texas Business Organizations Code, does hereby adopt the following Certificate of Formation for such limited liability company:

### ARTICLE ONE

The filing entity being formed is a limited liability company. The name of the entity is EcoHub LLC (the "Company").

### ARTICLE TWO

The initial registered agent is Corporation Service Company. The business address of the registered agent and the registered office address is 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### ARTICLE THREE

The Company will be managed by managers. The name and address of the initial manager is set forth below.

| Name | Address |
|---|---|
| George K. Gitschel | 2800 Post Oak Blvd, Ste. 5858 Houston, TX 77056 |

### ARTICLE FOUR

The purpose for which the Company is formed is for the transaction of any and all lawful purposes for which a limited liability company may be organized under the Texas Business Organizations Code.

### ARTICLE FIVE

No Manager of the Company shall be personally liable to the Company or any of its members for monetary damages for any act or omission in the Manager's capacity as a Manager except that this Article Five does not eliminate or limit the liability of a Manager for: (1) a breach of a Manager's duty of loyalty to the Company or its members; (2) an act or omission not in good faith or that involves intentional misconduct or a knowing violation of the law; (3) a transaction from which a Manager received an improper benefit, whether or not the benefit resulted from an action taken within the scope of the Manager's office; or (4) an act or omission for which the liability of a Manager is expressly provided for by statute. If the Texas Business Organizations Code hereafter is amended to authorize the further elimination or limitation of the

HOU:3581436.1

liability of Managers, then the liability of a Manager of the Company, in addition to the limitation on personal liability provided herein, shall be limited to the fullest extent permitted by the amended Code. No amendment to or repeal of this Article Five shall apply to or have any effect on the liability or alleged liability of any Manager of the Company for or with respect to any acts or omissions of such Manager occurring prior to such amendment or repeal.

## ARTICLE SIX

This document becomes effective when the document is filed by the Secretary of State.

## ARTICLE SEVEN

This limited liability company is being formed pursuant to a plan of conversion. The name, address, date of formation, prior form of organization and jurisdiction of formation of the converting entity are as follows:

| Name and Address | Date of Formation | Prior Form of Organization | Jurisdiction of Organization |
|---|---|---|---|
| EcoHub, Inc.<br>4615 Southwest Freeway, Ste. 600<br>Houston, TX 77056 | 03/25/2015 | Corporation | Texas |

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized to execute the filing instrument.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned organizer has hereunto set his hand effective as of the 18th day of September, 2015.

George K. Gitschel, Organizer

*Certificate of Formation*