UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOHUB, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>RECOLOGY INC., et al.,<br><br>        Defendants. | Case No. 22-cv-09181-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 63 |

EcoHub moves to compel the production of documents responsive to its requests ("RFPs") 1, 2 and 3. The Court held a hearing on January 24, 2024 and now issues this order.

For RFP 1, the parties have agreed on a start date of January 1, 2016 and January 1, 2018, respectively. For RFP 2, EcoHub argues there should be no temporal limitation, or failing that, it should go back to 1995 when its founder and CEO, George Gitschel, began his business relationship with Nortech. Third Amended Complaint ("TAC") ¶ 10. Failing that, EcoHub argues it should at least include 2005-07, when Gitschel's work contributed to Nortech's successful bid for the contract at the Western Placer Waste Management Authority's ("WPWMA's") Roseville facility. *See id*. Defendants argue for a start date of January 1, 2018 for RFP 2.

The Court believes that RFPs 1 and 2 should have the same start date. RFP 1 uses Senate Bill 1383 as a proxy for EcoHub, on the theory that partnering with EcoHub was how Nortech planned to comply with that law. Since RFP 2 asks for documents that mention, relate to, or concern EcoHub (or its personnel), it should cover the same time period because that's really what RFP 1 is also asking about. Accordingly, the Court sets a start date for RFP 2 of January 1, 2016.

The TAC is about an alleged partnership between EcoHub and Nortech "that existed at least during the period beginning in April 2019 and continuing through January 2021," TAC ¶ 18.

A start date of January 2016 is already pretty generous for RFP 2. A start date earlier than 2016 is not relevant and proportional to the needs of the case because documents from before 2016 are very unlikely to show whether EcoHub and Nortech entered into a partnership beginning in April 2019. To determine whether two parties entered into a partnership in 2019, you don't look at their conduct over the 24 years that preceded that time. Defendants have also submitted evidence that EcoHub did not exist before 2015. Even though the individual who would later found EcoHub may have had dealings with Nortech for 20 years before EcoHub was formed, the alleged partnership was with it, not him. Accordingly, EcoHub's various proposals for the start date for RFP 2 are not relevant and proportional to the needs of the case.

As for the end date for all three RFPs, the parties provided useful information at the hearing. They explained that the WPWMA awarded the contract to FCC in mid-2021 and that Nortech's contract ended in mid-2022, after which FCC took over operations. It seems to the Court that once FCC took over, all relevant conduct had ceased, and whatever damages EcoHub suffered had been suffered. To be sure, there could still be communications and discussions that refer back to the relevant events, but how that plays out is likely different for each Defendant. Defendants point out that this lawsuit was filed on December 30, 2022. They proposed that date as the end date for these RFPs, on the theory that it's after the events in question, and documents from after that date are likely privileged references to the lawsuit itself. The Court rejects that argument for Nortech. At the hearing the parties explained that Nortech was a joint venture that was formed to perform the contract with the WPWMA, and that after its work with the WPWMA ended, the company was being wound down. Because Nortech's existence as an ongoing company came to an end as a result of the events alleged in this case, the Court declines to put an end date on these RFPs for Nortech. There is a much greater likelihood of there being relevant, non-privileged communications from after December 30, 2022 that refer back to the relevant events because of the importance of the events in this case to the company as a whole.

But Recology is a different matter. It's a large company, and no one contends that the events in this case had a material impact on its business operations. Six months after Nortech's work with the WPWMA ended there is not likely to be a lot of relevant, non-privileged discussion

within Recology about the events at issue in this case. Rather, documents dated after December 30, 2022 that are responsive to RFPs 2 and 3 are so likely to be privileged references to the lawsuit itself that they are not worth collecting. For RFP 1, the Court understands how Senate Bill 1383 functions as a proxy for EcoHub when it comes to Nortech's documents, but for Recology's documents after December 30, 2022, the Court does not see how references to S.B. 1383 would serve as any sort of proxy for EcoHub or anything relevant to this case. Accordingly, for all three RFPs, Recology's documents after December 30, 2022 are not proportional to the needs of the case.

Finally, there is a dispute about what the term "meeting notes" means in these RFPs. EcoHub did not define the term, so the Court will give it its usual meeting. The Court thinks "meeting notes" mean notes taken by a participant or observer during a meeting that are about the meeting. Further, as the Court explained at the hearing, absent some other definition, the term "meeting minutes" means the final version of the minutes of a meeting.

Accordingly, the Court **GRANTS** EcoHub's motion to compel **IN PART** and **ORDERS** Defendants to produce documents responsive to RFPs 1, 2 and 3, subject to the limitations and explanations provided in this order.

**IT IS SO ORDERED.**

Dated: January 24, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge

3