John Jeffrey Eichmann (Bar No. 227472)
**EICHMANN, a professional corporation**
225 Arizona Avenue Suite 300
Santa Monica, CA 90401
310-237-9190 (tel.)
310-237-9199 (fax)
jeichmann@eichmann.com

Kevin C. Mayer (Bar No. 118177)
William A. Logan (Bar No. 115042)
**LOGAN MAYER LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
415-738-0764 (tel.)
415-376-0956 (fax)
kmayer@loganmayerllp.com
wlogan@loganmayerllp.com

*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Division

| | |
|---|---|
| EcoHub, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>Recology Inc., Nortech Waste LLC, and Does 1 through 10,<br><br>   Defendants. | **Case No. 3:22-cv-09181-TSH** |

### Plaintiff EcoHub's Responsive Discovery Letter

  Pursuant to the Court's Order entered during the telephonic hearing on October 29, 2024, Plaintiff EcoHub provides the below letter in response to Defendants' discovery letter (dkt. 77).

Date:  November 5, 2024        Respectfully submitted,

                   By:  */s/ Jeff Eichmann*
                      John Jeffrey Eichmann (CA 227472)
                      (admitted in N.D. Cal.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                          **EICHMANN, a professional corporation**
                          225 Arizona Avenue, Suite 300
                          Santa Monica, California 90
                          310-237-9190 (tel.)
                          jeichmann@eichmann.com

                          Kevin C. Mayer (Bar No. 118177)
                          William A. Logan (Bar No. 115042)
                          **LOGAN MAYER LLP**
                          100 Pine St., Suite 1250
                          San Francisco, CA 94111
                          415-738-0764 (tel.)
                          kmayer@loganmayerllp.com
                          wlogan@loganmayerllp.com

                          *Attorneys for Plaintiff EcoHub, LLC*

### Certificate of Service

    I certify that counsel of record for all parties are being served on the above date with this document via e-mail.

                */s/ Jeff Eichmann*

**I.      Rumann emails.**

There is no basis for Defendants' allegation of intentional spoliation. Indeed, there is no basis to conclude any relevant evidence was even lost, much less improperly destroyed.

Defendants' allegation concerns one email account (of many) of Argie Rumann. In 2020, Mr. Rumann assisted EcoHub CEO George Gitschel in his interactions with Nortech. He was given the title of "Chief Engineer" and was provided an "@ecohub.net" email account. Mr. Rumann primarily used that account to send or receive emails to or from Nortech. He was either copied by Mr. Gitschel on the emails that Mr. Gitschel sent to Nortech, or he was copied by Nortech on the emails they sent to Mr. Gitschel. And, in many circumstances, he was not involved at all in the parties' discussions or email exchanges. Every email that Mr. Gitschel sent that included Mr. Rumann as a recipient, and every email that Mr. Rumann sent that included Mr. Gitschel as a recipient, has been preserved by EcoHub as part of Mr. Gitschel's own account. Any email (if, in fact, there are any) that Mr. Rumann sent or received to or from Nortech or Recology that did not also include Mr. Gitschel would be located in Defendants' email accounts.

What EcoHub no longer has, as of May 2021, is its own independent copy of Mr. Rumann's @ecohub.net emails. This is because in that month EcoHub deactivated Mr. Rumann's account with the service provider. Mr. Gitschel did that because Mr. Rumann was no longer working with the company and EcoHub did not want to continue paying the annual fee to keep the email account. That annual fee, which is in the hundreds of dollars, is not insignificant to a company that doesn't have any money. And that deactivation had nothing to do with trying to delete or destroy potentially relevant evidence—particularly since Mr. Gitschel had no reason to think then, or now, that Mr. Rumann's email account would contain anything that was not also in Mr. Gitschel's own email account.

What is theoretically missing as a result of the May 2021 deactivation are emails that (1) Mr. Rumann exchanged with third parties (2) from his @ecohub.net account that (3) did not also include Mr. Gitschel or anyone from Defendants and that (4) were potentially relevant to the claims or defenses in this case. These are missing only theoretically because (a) there is no reason to think such emails existed in the first place and (b) if they did exist, there is no reason to think that Mr. Rumman does not still have these emails on his own computers or phones. We just don't know. As Defendants point out, EcoHub has lost touch with Mr. Rumann and was unable to get in touch with him earlier this year when Defendants requested to depose him. Defendants did not then take independent steps of their own to locate and subpoena Mr. Rumann. Instead, they come to the Court with unfounded allegations of spoliation.

The Court should reject Defendants' arguments and deny their request for an adverse inference instruction or any other relief.

**II.     EcoHub's production.**

Defendants assert that EcoHub has not produced that many documents from certain months. Generalized complaints of this nature—untethered to any testimony or documentary

1

evidence that would support a theory that non-privileged documents from the identified months actually exist and are being improperly withheld—should be rejected.

Defendants identify six documents that third parties Wayne Van Dyck and Morgan Stanley produced in response to subpoenas and that were not also produced by EcoHub. This does not give rise to a reasonable questioning of EcoHub's entire process of collecting and producing documents. And it certainly does not provide support for any suggestion of impropriety by EcoHub. Both Morgan Stanley and Mr. Van Dyck are third parties that are associated with EcoHub. Morgan Stanley first cleared its document production with EcoHub's counsel to ensure there was nothing they had that was part of a privileged conversation or a sensitive, confidential matter unrelated to the lawsuit. EcoHub had no problem with Morgan Stanley producing the four documents that Defendants identify as missing from EcoHub's own production. And Mr. Van Dyck's response to the subpoena was handled by counsel for EcoHub. If there was an effort by EcoHub to hide the two Van Dyck documents that Defendants identify, then it would not have had its counsel produce those documents in response to Defendants' subpoena.

Defendants also claim that they have produced emails that EcoHub should have had in its own files and produced to them. This contention started this past summer, with Defendants providing a single example: an email from a chain in November 2020 that started with a Hanson Bridgett lawyer sending EcoHub a demand that a "Financing Commitment Letter" be produced within three days. This did not trigger any concerns by EcoHub with the completeness of its document production because this same email was produced as part of other email threads and the original email is Exhibit 7 to the Third Amended Complaint.

During the parties' meet and confer on September 27, 2024, Nortech claimed for the first time that this issue concerned not just the one example they identified, but no fewer than 200 individual emails. They said they would provide this list for our review but failed to do so until October 25, the same day they unilaterally filed their portion of the Joint Discovery Letter. EcoHub's counsel is still reviewing this list with its ESI vendor. But so far we have determined that of this list (1) about half of the documents were in fact produced by EcoHub, (2) dozens more are contained within email chains that were produced by EcoHub (i.e., they simply were not produced as stand-alone emails), and (3) several of the "missing emails" are really just email notifications that Nortech received when Mr. Gitschel would share a DropBox link or file (i.e., an email generated by DropBox that does not originate in Mr. Gitschel's email account and is thus not missing at all). Of the remaining items on the list, EcoHub is producing them—and they are hardly material or non-cumulative (which is why Defendants do not address the content of any of them).[1]

Finally, Defendants assert that there are 20 GB's worth of documents that were sent to Sarah Jeon and that were not produced. As Defendants know, most of those documents related to Mr. Gitschel's discussion of the "Big Waste" industry and Mr. Gitschel's contention that the industry

---

[1] Notably, EcoHub has produced emails with Defendants that Defendants have not produced to EcoHub, and Nortech has produced emails that Recology is included on but has not produced. But we did not make a federal case about it because document productions are not typically perfect and we discerned no nefarious pattern to Defendants' deficiencies in this regard.

is anticompetitive and violates antitrust laws. Only a portion of the documents sent to Ms. Jeon have any relation to Defendants or this case, and most of those were already part of EcoHub's production to Defendants—they just weren't flagged with a label saying "also sent to Sarah Jeon." As for any remaining documents of relevance that may not have already been produced, EcoHub is producing them or adding them to its privilege log (as there was a period of time when Ms. Jeon was being onboarded as a key consultant of EcoHub and part of privileged discussions).

**III.     EcoHub's privilege log**

The reason so many of the descriptions on EcoHub's privilege log are the same is because they involved the same people and the same privileged discussions—e.g., the 50+ drafts of the parties' prospective Waste Supply and Service Agreement.

With the exception of the nine entries Defendants specifically single out based on the names of the participants, the other entries Defendants complain about *en masse* contain sufficient information about the participants, timing, and nature of the communications for Defendants to know they have no reasonable basis to challenge the privilege assertion. Nonetheless, EcoHub will supplement each of these entries to resolve this dispute.

*/s/ Jeff Eichmann*
Counsel for EcoHub LLC

3